No. 22-60024

# In the United States Court of Appeals for the Ninth Circuit

KEVIN KHWAJA AND ISHA DEEN,

*Plaintiffs and Appellants,*

v.

CHODRY DEEN, SANA DEEN, AND SIDRAH DEEN,

*Appellees and Defendants,*

On Appeal from the Bankruptcy Appellate Panel,
BAP Case No. 21-1035;
Bankruptcy Case No. 19-05815-CL13 Adversary Proceeding;
No. 19-90151-CL.

## EXCERPTS OF RECORD

David Zarmi (SBN 245636)
Zarmi Law
9194 W. Olympic Blvd., #191
Beverly Hills, CA 90212
Telephone: (310) 737-2736
Email: davidzarmi@gmail.com

*Attorney for Appellants*
ISHA DEEN, KEVIN KHWAJA

**Volume 2 (of 9)**
**Pages 273–539**

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*, *Plaintiffs*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees, Defendants*

---

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL

---

# APPELLANTS' REPLY BRIEF

---

TODD DANIEL BELD
ATTORNEY AT LAW
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
(949) 474-0994
E-MAIL toddbeld@msn.com
Attorney For Appellants

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** **3**

**INTRODUCTION** **5**

A. After Dismissal Of The Bankruptcy Case, The Trial Court No Longer Had Jurisdiction Over The Dismissed Adversary Proceeding. 6

B. Respondents Have Unclean Hands And The Entirety Of Respondents' Causes Of Action Are Infected. Relief Of Any Kind Must Be Denied. 11

C. Finality Of Dismissal Is Achieved. Respondents Agree They Did Not Seek To Continue The Adversary Proceeding After The Court Issued Notice Of Dismissal And A Deadline By Which To Request Continuation. 15

D. Respondents Are Estopped From Proceeding With Their Claims 17

E. The Remand Was Not Effectuated And The BAP Has The Power To Reverse The Order Under Appeal 18

F. Respondents Allege The Order Under Appeal Is Not Appealable When The BAP Ruled Over A Year Ago That It Is A Final, Reviewable Order. 23

G. Respondents Falsely Allege Appellants Suffer No Prejudice And That Appellants Are Not An Aggrieved Party 24

H. Respondents Make Numerous False, Disingenuous Arguments Oblivious To Plainly Stated Facts, Mislead The Court, Seek To Gain Sympathies, Cause Diversion And Judicial Waste 25

I. Respondents Lack Credibility And Lack Standing 28

**CONCLUSION** **30**

**CERTIFICATION OF INTERESTED PARTIES** **31**

**CERTIFICATION REGARDING RELATED CASES** **32**

**CERTIFICATE OF COMPLIANCE** **33**

# TABLE OF AUTHORITIES

## CASES

*Boco Enters., Inc. v. Saastopankkien Keskus-Osake- Pankki (In re Boco Enters., Inc.)* 204 B.R. 407 (Bankr. S.D.N.Y. 1997) . . . . . . . . 27

*Burton v. Sosinsky (1988)* 203 Cal.App.3d 562,574–573 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Carraher v. Morgan Elecs., Inc. (In re Carraher)* 971 F.2d 327, 328 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 27

*Chicot County Drainage Dist. v. Baxter State Bank* (1940) 308 US 371, 375. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez)* 227 B.R. 174,177 (9th Cir. BAP 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*In re Butler* 171 B.R. 321, 324 n.3 (Bankr. N.D. Ill. 1994) . . . . . . . . . . . . . . . . . . . . . . . 19

*In re Harris* Bankruptcy Adversary No. 06-90289 (S.D. Cal. Aug. 21, 2007) . . . . . . . . . 7

*In re Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries)* (9th Cir. 2006) 439 F.3d 545, 549 . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 27, 29

*Levy v. Cohen* (1977) 19 Cal.3d 165, 174. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nilson v. Nielsen (In re Cedar Funding, Inc.)* 419 B.R. 807, 820 (9th Cir. BAP 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Schulze v. Schulze,* 121 Cal.App.2d 75, 83 (Cal. Ct. App. 1953) . . . . . . . . . . . . . . . . . . . . . . . 17

*Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**STATUTES**

11 USC § 349 . . . . . . . . . . 26

28 US 1447(c). . . . . . . . . . 18

California Civil Code Section 1227 . . . . . . . . . . 12

FRBP 5010 . . . . . . . . . . 8, 14, 23

Local Rule 1001-1 . . . . . . . . . . 19

Local Rule 7041–2 . . . . . . . . . . 5, 15, 16, 18, 19, 20, 23

**INTRODUCTION**

Appellants Isha Deen and Kevin Khwaja ("Appellants"), herein reply to the Responsive Brief ("RB") submitted by Appellees' Sana Deen and Sidrah Deen ("Respondents"). Respondents filed a motion to dismiss on January 4, 2022, which was denied by the Bankruptcy Appellate Panel ("BAP") on February 28, 2022. Appellants incorporate by reference Appellants' Response To Appellees' Motion To Dismiss ("Opposition to Dismissal") filed in this appeal on February 6, 2022 as Docket #39. Appellants incorporate into Appellants' Appendix ("AA") Bankruptcy General Order No. 198 effective December 1, 2021 (AA 732-737) and a subsection of the archived and original versions of Local Bankruptcy Rules and Administrative Procedures of the US Bankruptcy Court, Southern District of California dated February 1, 2020 referencing rule 7041-2 (AA 738-741[1]).

Respondents base their argument in their RB on a theory that remand of the adversary proceeding was effectuated at dismissal of the action in April 2020. This defies logic since Respondents nevertheless felt compelled to make the motion that led to this appeal. Respondents also argue in a different part of their brief that no dismissal occurred (RB p9). In any event, it seems that Respondents essentially concede that the bankruptcy court lacked jurisdiction to re-open the adversary proceeding and remand it, but wrongfully argue that the bankruptcy court

[1] To minimize bulk, a true and correct copy of only the title page and page 44, containing the language of Rule 7041-2 is attached to the appendix.

somehow has continuing jurisdiction to determine whether the claims dismissed in the closed bankruptcy proceedings should be resurrected. However, neither Respondents (nor the trial court in this case) articulated any authority for such a proposition. This is because, as Appellants have previously argued, such a proposition is diametrically opposed to both the intent and purposes of the Bankruptcy Act and notions of justice, fair play and due process in general.

### A. <u>After Dismissal Of The Bankruptcy Case, The Trial Court No Longer Had Jurisdiction Over The Dismissed Adversary Proceeding.</u>

This is due to two things.

First, as the United States Court of Appeals for the Ninth Circuit ruled in *In re Sea Hawk Seafoods, Inc. v. Alaska*[2] (9th Cir. 2006), 439 F. 3d 545, the fact that a bankruptcy court may decide to retain jurisdiction over an adversary proceeding by appropriate action prior to dismissal or closure of the bankruptcy does not translate into an ability to reassert jurisdiction thereafter. In *Sea Hawk*, a creditor (Sea Hawk) filed an adversary proceeding against another creditor (the State of Alaska) to recover what it claimed was a fraudulent conveyance by a debtor in bankruptcy (Valdez Fisheries Development Association), but did so only after the bankruptcy case had been dismissed. In ruling to reverse the bankruptcy court's assertion of jurisdiction to entertain such an adversary proceeding, the Ninth Circuit distinguished *In re Carraher* (9th Cir. 1992), 971 F.2d 327, 328, stating as follows: "Carraher's fraud case had originally been filed in state court but was then removed

[2] Also known as *In re Valdez Fisheries*, 439 F.3d 545 (9th Cir. 2006)

to bankruptcy court as a related case because of the pendency of a bankruptcy case. When the underlying bankruptcy case was dismissed, the bankruptcy court decided to retain jurisdiction of the fraud case. This court held that "bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed." *Id*. Whether to retain jurisdiction of such cases is within the bankruptcy court's discretion, guided by considerations of economy, convenience, fairness and comity. *Id*. *Carraher* does not support the bankruptcy court's decision. It stands for the proposition that a bankruptcy court may retain jurisdiction over a related proceeding pending at the time of the dismissal of the bankruptcy case. **It does not support the assertion of bankruptcy jurisdiction over a proceeding initiated subsequent to the dismissal of the bankruptcy case**." *In re Sea Hawk Seafoods, Inc. v. Alaska* (9th Cir. 2006) 439 F.3d 545, 549 [Emphasis added][3].

It follows that the court in this case also lacked jurisdiction to even consider (let alone rule upon) Respondents' motion and that this court must reverse such assertion of continuing jurisdiction by the bankruptcy court here.

Second, California case law similarly upholds a bar on Respondents' ability to have sought the relief which resulted in the order from which this appeal was

[3] The court in a subsequent case, *In re Harris*, Bankruptcy Adversary No. 06-90289 (S.D. Cal. Aug. 21, 2007), upheld jurisdiction but distinguished *Harris* from *Sea Hawk (Valdez)* because *Harris* involved a trustee/trustee's representative being sued in state court and thus there remained a true bankruptcy issue in the *Harris* case (liability of a trustee and/or trustee's representative) whereas in this case only the finality of the dismissal is at issue.

taken. See *Levy v. Cohen* (1977) 19 Cal.3d 165, 174 [where a creditor had notice of the meeting of creditors and did not enter "his objection that the bankruptcy court lacked jurisdiction to discharge the liability," pursuant to the doctrine of res judicata the creditor's subsequent suit in a California court to collect on the discharged debt was an impermissible collateral attack on the discharge order]. Thus California courts are precluded by law from resurrecting the case that was dismissed in the bankruptcy court.

Frankly, Respondents' assertions in that regard rely upon improper assumptions and conclusions which test the reader's imagination, as they are improperly supported - if not entirely unsupported - by any evidence or persuasive and on-point legal authority. Respondents in fact fail to address the vast majority of the reasoning in Appellant's Opening Brief ("AOB"), including finality and unclean hands, and instead seek to divert attention away from the fact that Federal Rules of Bankruptcy Procedure ("FRBP") Rule 5010, the legal basis upon which Respondents filed their motion to reopen[4], and upon which the court granted its order to reopen and remand, is not a mechanism to allow any court the opportunity to re-litigate or re-examine what occurred in the bankruptcy proceedings. See *Chicot County Drainage Dist. v. Baxter State Bank* (1940) 308 US 371 wherein the Supreme Court, in holding that certain bondholders' claims were precluded, stated that: "As parties, these bondholders had full opportunity to present any objections

[4] Notably, Respondents make no reference to Rule 5010 in RB.

to the [bankruptcy] proceeding, not only as to its regularity, or the fairness of the proposed plan of readjustment, or the propriety of the terms of the decree, but also as to the validity of the statute under which the proceeding was brought and the plan put into effect. Apparently no question of validity was raised, and the cause proceeded to decree on the assumption by all parties and the court itself that the statute was valid. There was no attempt to review the decree. If the general principles governing the defense of res judicata are applicable, these bondholders, having the opportunity to raise the question of invalidity, were not the less bound by the decree because they failed to raise it." This same reasoning (that res judicata was and is a bar to any proceedings in contravention of the decree/dismissal entered by a bankruptcy court) applies to Respondents' claims in this case, and thus not only was the trial court in this matter precluded from proceeding with a purported re-opening and remand but also the state court was and is legally precluded from proceeding on any basis on the case that was removed.

Respondents cite language from *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez),* 227 B.R. 174,177 (9th Cir. BAP 1998) but in that case the order in question pertained directly to the underlying bankruptcy case, whereas an adversary proceeding is the subject of this appeal. In contrast, the order in this case had no bankruptcy purpose but rather sought to reverse the dismissal and/or otherwise resurrect a previously dismissed adversary proceeding (AOB p16-17). Furthermore, the effectuation in *Fernandez* is of an order that was made and

*already contained* the provision to be effectuated. In this case, the order of dismissal in April 2020 had no remand component and cannot have such, no matter how much Respondents wish to try and make it so (AA 302, 495).

Respondents even level blame at Appellants for the death of Mr. Chodry Deen for bringing the stress of litigation to him, when it is Respondents who sought to “reopen” litigation, at a time when he was apparently too sick to attend the hearing on February 10, 2020 (AA 680:3-8). Contrasting the positions of the parties in this proceeding is revealing: Appellants brought this appeal to end years of wasteful litigation, whereas Respondents seek to return to a court which took 27 bench trial days spanning 3 months to hear one bifurcated quiet title cause of action, which resulted in a non-final, void judgment purportedly ordering two warring parties to share a single family home under a theory of “punjabi culture” (AOB p9) that even Respondents appealed. Respondents claim 15 more causes of action remain (AA 681:8-11) and seek to get out of their prior actions in the bankruptcy by which the competing claims of Appellants and Respondents were dismissed because the fact is that Respondents really had no desire to pursue the claims in the bankruptcy court and therefore induced Appellants to close the Bankruptcy (while hiding their true intention to seek to resurrect the claims after Appellants had agreed to dismiss their own claims in that regard).

**B. <u>Respondents Have Unclean Hands And The Entirety Of Respondents' Causes Of Action Are Infected. Relief Of Any Kind Must Be Denied.</u>**

First and foremost, it is important to emphasize that Respondents' involvement in this matter originated out of the actions of now deceased party, Respondent Chodry Deen, who, aided and abetted by Respondents Sana and Sidrah Deen, caused to be recorded in the official records of San Diego County what was found by the judge in the San Diego Superior Court case to have been a false deed. This deed, which purported to grant Mr. Deen alone full title to Appellants' single family home, was not only rejected by the Court but also led to revocation by the California Secretary of State's office of the notarization (AA 519-526), and the notarial authority of the notary. Indeed, the Superior Court of California County of San Diego wrote on or around August 22, 2017 that the deed Respondents filed in court to claim Appellants' home was falsified with:

> "numerous handwritten additions by Chodry, Sana and Sidrah and that Isha never signed a deed transferring the EI Brazo house to Chodry" (Appellants' Appendix ("AA") 190:17-18)
>
> "[T]he court finds that the Grant Deeds were taken by Chodry, Sana and Sidrah and then recorded without Isha' s permission and finds that testimony by Chodry regarding receipt of the Deed on November 5, 2015 to not be credible." (AA 191:7-9)

The Court stated that the improper notarization of the false deed was obtained without the consent or signature of the property owner, Isha Deen, and voided Respondents' deed, ordering: "The May 31, 2016 Grant Deed (Document Number 2016-0263348) is null and void and is cancelled and extinguished in its entirety"

(AA 200:6-7).

As a result, the deed is clearly void as to all "prior or subsequent purchasers" or "incumbrancers" because it was "made with intent to defraud." See California Civil Code Section 1227. Nevertheless, Respondents have the temerity to again seek to uphold their purported "right" to claim an interest in the property. This court should not allow or permit such a flagrant contravention of the law to be perpetuated by Respondents, and since Respondents' misconduct in that regard relates directly to the transaction concerning which Respondents continue to seek relief (quiet title), the entirety of that cause of action before the court was infected and relief thereon of any kind must be denied. As was stated in *Burton v. Sosinsky* (1988), 203 Cal.App.3d 562,574–573:

> "The [unclean hands doctrine] is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith" and avoiding the court in question becoming an "abetter of iniquity."

Furthermore, per California law, Respondents are prevented from pursuing an equitable quiet title action against the property owner.

<u>Moreover, Respondents do not deny that their claims are based on forged documents</u>, and have not withdrawn their forged documents from any Federal or State government office, including these bankruptcy courts. Respondents did not address how they are entitled to equitable relief having unclean hands.

Respondents also do not deny that there was a settlement between the family, who were quarantined in the same home, ending litigation that led to the dismissal. At the onset of the pandemic around April, 2020, after Mr. Chodry Deen's health-related close call, debtor Isha Deen, Mr. Deen's eldest daughter, concurred with his proposal and guidance and ended litigation, with the belief and expectation that a settlement had taken hold. Taking his words to heart, in good faith, Appellant dismissed her bankruptcy case, which caused dismissal of the claims of Appellants and Respondents with respect to Appellents' home as well as a related malpractice action. Respondents themselves cite that they sought and have been willing to settle between family members (AA 612:14).

However, once Respondents convinced Appellants to allow final closure of the bankruptcy (without litigating the adversary claims) and thus avoided what Respondents' felt was a less friendly forum for the adversary claims, Respondents reneged and backtracked to continue their efforts to parlay a fraudulent act of recording a false deed into an estate or interest in Appellants' property, continuously re-litigate claims against Appellants in violation of public policies protecting the finality and integrity of court proceedings, and causing immense judicial waste in the process.

It was clear error for the state court to have found that Respondents had falsified a deed in order to cloud title to a property and then turn around and purport to grant Respondents an ownership interest in that property, and further

error of the bankruptcy court to grant equitable relief to resurrect these dismissed claims. This court should correct such errors both by reversing the purported re-opening and remand in this case and confirming that any further proceedings on the dismissed claims are subject to a defense of res judicata. (See Appellants' Opposition to Dismissal p6-10).

In this regard, Respondents falsely testified, both during oral argument in the bankruptcy court during the 5010 motion to reopen and in writing that there is a judgment "enforced for three years" as one of their main reasons they feel the case should be reopened and remanded (AA 681:12; RB p5). Respondents deliberately failed to inform the court that the judgment was long ago deemed non-final and non-appealable by the Court of Appeal (AA 202) and that it was obtained on purported theories of "punjabi culture" which are wholly inapplicable in a quiet title action. Respondents provide no evidence or proof in support of their positions.

Bearing all this in mind, it is undeniable that all of Respondents' arguments in their RB fail. Not only this, as Appellants have set forth in the AOB, the bankruptcy court acted improperly to reopen and consider Respondents' motion under Rule 5010. Further bearing in mind that it has been held that where a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings, "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d

585, 589 (9th Cir. 1983).

Thus Appellants ask this court to confirm the dismissal of the parties respective claims relative to Appellants' residence inherent in the closure of Appellants' bankruptcy.

## C. Finality Of Dismissal Is Achieved. Respondents Agree They Did Not Seek To Continue The Adversary Proceeding After The Court Issued Notice Of Dismissal And A Deadline By Which To Request Continuation.

At the top of page 12 of RB, Respondents state: “No party sought continuation of the adversary proceeding in the Bankruptcy Court.” There is no dispute on this and both parties agree the deadline set by the Court lapsed. The Court then followed through as specified in the notice and carried out a dismissal without prejudice pursuant to rule 7041-2(a) (AOB p14-18).

Respondents failed to address the dismissals and did not seek to continue Adversary Proceeding 19-90151 (nor for that matter 20-90007) before 7 days elapsed. As discussed in AOB, a 7041 dismissal without prejudice is a final order. Time for appeal passed and between that time and when the bankruptcy case was closed Respondents gave no indication that Respondents would be seeking to resurrect their claims in the state court from which they had been removed. Therefore the Appellants relied on that in allowing the closure of the bankruptcy to proceed. A final entry of termination was made in the dockets by the bankruptcy court clerk on May 18, 2020. **No further order is required from the court. The notice of the court effected the dismissal**. Respondents voluntarily allowed the

entire proceeding to be dismissed without prejudice and did not appeal. Dismissal under 7041 is a final order and legitimate adjudication in law, binding on the parties. Respondents cite no authority to support their claim that remand was somehow magically automatic upon dismissal.

Meanwhile, Respondents had asked not to continue any more litigation between family, given Mr. Chodry Deen's health and Appellants agreed. Accordingly, all three associated adversary proceedings, including Respondents' adversary proceeding and all causes of action, were dismissed without prejudice, along with the underlying bankruptcy case.

Respondents have shifted positions multiple times in reference to the clerk's notice. At first Respondents claimed they did not "receive" the notice (AA 248:16) but offered no evidence in support. They changed their tune after Appellants provided evidence that they were served on the notice (AA 501-506, 211-212). During the hearing Respondents pleaded with the judge, claiming they did not "see" the notice of dismissal until "later" (AA 682:6-7).

Respondents now revise their story in RB asserting no action or objection to the notice was necessary: "Adversary had only been Closed, not dismissed, so there was no need to object to the dismissal" (RB p16). As previously stated, at the time in question here, Respondents were required to object to the dismissal if they wished to resume with it in any fashion. At the time of the dismissal, the burden of objecting to dismissal rested squarely with Respondents in this case. Effectively,

Respondents say they had **no objections to the notice and chose not to act on it** after giving no indication to Appellants that Respondents wished to do anything other than end the litigation (which Appellants relied upon in confirming closure of the bankruptcy case). This, plus the fact that the court's notice of dismissal very clearly stated dismissal would result if no party sought continuation reveal the contradictions and failure of logic inherent in Respondents' arguments and claims in this matter.

**D. Respondents Are Estopped From Proceeding With Their Claims**

Respondents had two courses of action open in 2019 - to litigate their claims either in the state court or in the bankruptcy court. Because Respondents elected to pursue litigation in bankruptcy court, they are now precluded from pursuing the other.

> "One to whom two inconsistent courses of action are open and who elects to pursue one of them is afterward precluded from pursuing the other. [CITATIONS]." *Schulze v. Schulze*, 121 Cal.App.2d 75, 83 (Cal. Ct. App. 1953).

Respondents have undertaken no less than 9 cases from the same incident, each setting forth causes for the same set of circumstances and allegations. All of these cases have been dismissed in Appellants favor, including 5 cases dismissed with prejudice (Superior Court Cases DVN 26002, 26003, 26009, 26010, 26037) all of which asserted the same allegations ("Fraud, Elder Abuse, Personal Injuries, Conversion" [AA 250:4]). Dismissal should be reaffirmed in this case and Respondents' end run around the order of dismissal in order to prejudice

Appellants by causing them to dismiss the bankruptcy should not be allowed to stand.

In this regard, Appellants point out that in January 2020, Respondents filed their own adversary proceeding 20-90007 (AA 483-493) attaching and incorporating their entire state cross complaint, stating "[Respondent] hereby incorporate the entire State Action Cross-Complaint, and all allegations contained therein in its paragraphs 1 through 157" (AA 488:1-2). The problem is that now these are the very same claims that Respondents now seek to resurrect in state court, whereas on April 10, 2020 the court entered an identical Notice to Parties Pursuant to Local Bankruptcy Rule ("LBR") 7041-2(a) dismissing the Proceeding (AA 306). This should not be allowed to stand and Respondents should be estopped from pursuing those same claims again and again.

**E. <u>The Remand Was Not Effectuated And The BAP Has The Power To Reverse The Order Under Appeal</u>**

In a confusing array of arguments, Respondents claim that the BAP no longer has power to provide relief because, according to Respondents, remand has already been effectuated: "Appellants' appeal is constitutionally moot as no legal, practical, or effective relief can be granted by this appeal." (RB, p12-15). There is no constitutional or jurisdictional mootness. The case has not been remanded and the appeal is not moot as there is no record in the docket of the case that the case has been remanded (See 28 US 1447(c)). This argument was also asserted by Respondents in their motion to dismiss, which was denied by the BAP.

Respondents also claim the appeal is moot as there is "no controversy or case." and allege somehow an amended version of a Local Rule applies so that the remand was automatic. First of all, neither Respondents nor the trial court raised such authority or justification previously. Secondly, the rule cited by Respondents was only adopted by Bankruptcy Court pursuant to General Order No. 198, Amendment Of Local Rules Of The U. S. Bankruptcy Court, (pursuant to which an entirely new subsection as clause (b) of Rule 7041-2, with an effective date of December 1, 2021, was inserted) whereas this case was dismissed in April of 2020. *This newly enacted clause, 7041-2(b), went into effect nearly 2 years after the dismissal of the adversary proceeding in 2020* (AA 732-741) and has no application to this case.

Respondents make an assumption that a law, which became effective just a few months ago, had a retroactive effect on the proceeding which has been dismissed for more than two years now. Respondents did not inform the court that they rely on the amended version of the rule to make their argument.

Of relevance here is Local Rule 1001-1 which states: "The Local Bankruptcy Rules govern all cases and all adversary proceedings, contested matters, and other proceedings pending on or commenced after the Effective Date." and *In re Butler*, 171 B.R. 321, 324 n.3 (Bankr. N.D. Ill. 1994). This directly counters any assertion by Respondents that the rule was effective prior to December 1, 2021 and thus the new rule has no bearing on this case. (Please also

refer to Opposition to Dismissal pages 13-19).

Appellants have briefed on the *applicable* local rule, 7041-2, in Appellants' Opening Brief (p14-18). This rule, which was in effect at the time the adversary proceeding was initiated and at all times while it remained pending, states:

> (a) Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice **and without further order of the Court**, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of case dismissal. (emphasis added)

The fact is that, Respondents' motion to reopen or remand, despite Respondents' assertions to the contrary, plainly and simply had no basis in law and is nothing but an unlawful attempt to do an "end run" around what occurred in the bankruptcy court. In this regard, Appellants note that the case docket shows that the bankruptcy court issued "Notice to Filer of Errors and/or Deficiencies in Documents" in response to Respondents' request to remand, citing "Case closed." (See 19-90151 docket #19, November 17, 2020). Respondents then filed a motion to reopen.

Thus, neither the court's entertaining of a motion to reopen nor the court's entertaining of a motion to remand could be construed (at least with a straight face) as having been an "administrative" act which is permitted after the loss of jurisdiction. At that point, all administration was over and, as noted, case law of the Ninth Circuit prohibits a bankruptcy court from assuming jurisdiction for the purpose of continuing any administration (or even rendering clarification or

judgment as to claims dismissed except in very limited circumstances, none of which are applicable in this case).

Further, it should be pointed out that Respondents' request to the court for re-opening and remand simply was not seeking to interpret or effectuate any prior order but rather sought new relief, that is, continuation (as opposed to dismissal) of the action which they had sought to be determined via the adversary proceeding. Respondents cannot now, after convincing Appellants to dismiss the bankruptcy back in 2020, purport to revive the state court action. Appellants were aggrieved by the purported order to re-open and remand in that Appellants are once again being harassed by Respondents (and, bafflingly as the bankruptcy court noted, the state court from which the matter had been removed to the bankruptcy court) subsequent to the closure of the bankruptcy case, despite that Respondents and the bankruptcy court had agreed to the dismissal and closed the case, inherently ending the state court action. Under such circumstances, the doctrine of equitable estoppel serves to preclude Respondents (and correspondingly the state court) from purporting to resume with that state court action, in that Respondents: (1) concealed that Respondents wanted a remand rather than a dismissal, (2) Appellants had the right to believe that Respondents intended the dismissal of the case by the bankruptcy court, (3) Appellants were ignorant of Respondents' desire to resume the state court action, and (4) Appellants relied on Respondents' conduct to their injury (allowed the bankruptcy to be subsequently and finally closed) (see the elements to

establish equitable estoppel, as recited in *Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305).

This is why the court itself treated this as new relief as the court asked Respondents during the hearing: "Usually people don't want to end up in court again being sued. Why would you want that?" (AA 681:1). The court asked: "Why would you not just go file the case again in the state court?" (AA 690:16-17). Refiling only happens if the case was dismissed without prejudice. If there was already an order to reopen and/or remand on the docket, the court would not ask this question and would not speak on the record that the process in bankruptcy court is that, when the bankruptcy is dismissed, the adversary is dismissed too (AA 687), Indeed, the court stated instead that: "it's just not the way it happens automatically under our local rules." (AA 687:1-4, 698:1). Remand on dismissal was not the operation of the law.

**F. Administrative Closure Cannot Be Confused With Statutory Closure.**

Without any offer of proof, Respondents allege in RB:

> The subject Adversary had only been "Closed", never "Dismissed". No adjudication or final orders of any matters had occurred in the Bankruptcy court

Appellants address this argument in Opposition to Motion (See p8-14[5] of motion Docket 39 of this Appeal). The AOB discusses the impropriety of

[5] For consistency, page references to the Opposition to Dismissal cite the page number appearing in the docketing stamp of the BAP, which appears in blue text in the header of each page.

reopening an adversary proceeding under FRBP 5010 (AOB p22-24), that the court itself cited its own lack of jurisdiction (AOB p14-18) and the difference between a closed action and dismissed action (AOB p19-21). An administrative closure cannot be confused with statutory closure (AOB p20).

Respondents also express a measure of consternation with the words "may be" in 7041-2(a) (RB p10) when the meaning of the words are quite plain, in that, should a party motion the court to continue an adversary proceeding within 7 days of the notice of dismissal, it will not be dismissed. Respondents elected not to seek a continuance and the proceeding was dismissed, per the notice, without any further order of the court.

### G. Respondents Allege The Order Under Appeal Is Not Appealable When The BAP Ruled Over A Year Ago That It Is A Final, Reviewable Order.

Respondents claim in section IV on page 20 of their RB that "The subject order is not appealable." This matter has already been determined by the ruling of the BAP in its Order filed March 17, 2021 which held as follows: "The order on appeal is a final, reviewable order. *Nilson v. Nielsen (In re Cedar Funding, Inc.)* 419 B.R. 807, 820 (9th Cir. BAP 2009)." Respondent is aware of this ruling but continue to obdurately and wastefully argue otherwise [See Order of the BAP at docket #10. See Section A p11-12 in Appellants' Opposition to Dismissal].

## H. Respondents Falsely Allege Appellants Suffer No Prejudice And That Appellants Are Not An Aggrieved Party

Appellants had previously addressed the prejudice caused by the untimely motions to reopen and remand the case in the AOB (see AOB p24-37). Respondents imply that Appellants are seeking gain from the dismissal but this is not true. The court also concurrently dismissed Appellants' related and removed malpractice action against their former attorneys (ap19-90150) who bear responsibility for the disastrous mismanagement of the forged deed/quiet title case, and in which there were no counter-claims against Appellants but the court did not concurrently reopen and remand this intertwined related action.

Appellants sold their property at loss during the pandemic relying on bankruptcy court dismissal orders and divested other assets. The buyers, insurers, localities, counties, escrow companies and lenders are in reliance of the finality of the dismissal of the proceeding.

Appellants have also lost the ability to conduct discovery against lead litigant the late Mr. Deen, who claimed punitive damages, as he has passed away. There have been deaths of other key witnesses. Respondents mis-state that the bankruptcy court "restored" all parties to their original state. No court can accomplish that without addressing the prejudice and harm to Appellants that will continue should Respondents' actions be "blessed" by the continuation of the order to re-open and remand in question here.

Respondents allege Appellants lack standing under the "person aggrieved"

standard. There is absolutely no doubt Appellants are persons aggrieved and have standing. The finality of the litigation that ended in the bankruptcy courts has been attacked and is being ignored by Respondents and the state court in this case, and that should be ended once and for all. Respondents' erroneous assertion regarding standing was further addressed in Opposition to Dismissal (p19-23, AOB p28-30).

Respondents falsely claim that they are prejudiced (RB p14). Respondents are misguided as, by definition, the dismissal of the proceeding was a dismissal *without prejudice*. Respondents can refile their claim. Appellants address this on pages 19-22 of Appellants' Opposition to Dismissal.

What Respondents have not admitted is that they do not wish to file their precluded claims in any other court as the forgeries are unlikely to be overlooked as they have been in the court to which they so desperately desire to return. Again, allowing Respondents to do so in this case would work a huge injustice and allow Respondents to continue their pattern of refiling case after case to harass and oppress Appellants.

## I. Respondents Make Numerous False, Disingenuous Arguments Oblivious To Plainly Stated Facts, Mislead The Court, Seek To Gain Sympathies, Cause Diversion And Judicial Waste

Respondents Falsely Claim Appellants Did Not Argue Against Remand

Appellants address the impropriety of the order to remand in Section C of AOB Argument starting on page 24, on pages 11-18, 23-24, 29-37 and did not waive any arguments.

Respondents Misinterpret 11 USC § 349 by making inaccurate assumptions

Respondents assert that "Once Bankruptcy was voluntarily dismissed its legal effect is that the bankruptcy is deemed undone, and actions related to the bankruptcy are undone. 11 USC § 349." (RB p11) and assert that removal is also reversed. This is an incorrect reading of the statute and there is no such provision elsewhere in the code. Respondents further write the "effects of the Adversary were hence void and undone." Respondents provide no evidence in support and cite no case law for this statement. 11 USC § 349 restores property and assets in the core bankruptcy proceeding but does not restore claims or causes of action nor call for or support any remand of the same. Neither the bankruptcy dismissal order nor 11 USC § 349 provide any authority of a court, once dismissal has occurred, to remand a case that was dismissed or otherwise allow for continuing jurisdiction over the proceeding (AA 495).

Respondents' False Arguments

It is undisputed that when all adversary proceedings (19-90151, 20-90007, 19-90150) associated with the underlying bankruptcy case (19-05815) were dismissed by the Bankruptcy Court in April 2020, Respondents elected to do nothing. Respondents ignored the operative law when the court's notice of dismissal (AA 302) clearly called for an affirmative action and set a specific time limit, and was communicated to all parties. It was only after Appellants allowed the closure of the bankruptcy to go forward that Respondents changed their tune,

so to speak. Confusingly and inexplicably Respondents nevertheless continue to insist that the cases were 'automatically remanded' when this was not the law. Respondents' inaccurate argument has only served to confirm that the operative and applicable law at the time of the dismissal was effective and executed by the Court. (See AOB, p33).

The cases cited by Respondents at the end of the brief, *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992) and *Boco Enters., Inc. v. Saastopankkien Keskus-Osake- Pankki (In re Boco Enters., Inc.)*, 204 B.R. 407 (Bankr. S.D.N.Y. 1997) allude to retention of jurisdiction. There is no analogous issue in this case and as noted above this case is controlled by the rulings of the *Sea Hawk* case, which overruled a bankruptcy court's assertion of post-dismissal jurisdiction. In this situation, when the underlying bankruptcy was dismissed, the nexus between it and the related adversary proceedings was broken (AOB p15-17). There was no agreement or intent on the part of any party to have the court retain jurisdiction as - indeed - the adversary proceedings themselves were dismissed and there was no further activity on the actions.

<u>Respondents violate law and jurisprudence while claiming to be victims</u>

Respondents allege in their brief that Appellants 'stole' their house (RB p5) without providing any specifics. If such an event is perpetrated on a party, the logical and well-established course of action is to seek protection within the law. Respondents, in contrast, elected to do as follows:

- ☐ Respondents first forged a property deed (AA 190-b:16-25).
- ☐ Respondents then contacted the Sheriff and Joint Terrorism Task Force to falsely report Appellants as terrorists, resulting in an overwhleming reaction from law enforcement including choppers and snipers. (AA 531-544).
- ☐ Respondent Sana Deen then appeared before a Chase Bank notary, impersonated Isha Deen to obtain notarization on the false deed which ultimately resulted in fines and revocation of her notarial privileges by the State of California (AA 519-526).
- ☐ Respondents filed the false deed in the county of San Diego to claim the entire title of Appellants' home (AA 191, AA 519-526)
- ☐ Respondents forcibly locked out Appellants and their minor child from their home without their belongings (a significant portion of which they shipped to a storage location where valuables were lost and damaged) (AA 533:12).
- ☐ Once the title was transferred to their name by the county, Respondents recanted their allegations (AA 528-529) saying they reacted to Isha Deen's transfer of her home into her trust (AA 531-544).
- ☐ Respondents filed false TRO's which they used to keep Appellants away from their home for 2 years but which they later dismissed with prejudice (AA 533:16).
- ☐ Respondents filed forged documents in County, State, Federal, government offices (AA 546-582).
- ☐ Respondents' filed adversary proceeding 20-90007 which shows a demand for $7,000,000,000 from Appellants (AA 723). Respondents filed proof of claim for $21 million in total ($7 million each) (AA 473-481).
- ☐ Respondents induced a settlement from Appellants but reneged after they were sued for legal fees (Superior Court Case #37-2019-00049639).

Respondents resort to any dubious means to keep litigating, even after the passing of Mr. Deen.

**J. <u>Respondents Lack Credibility And Lack Standing</u>**

Respondents heavily count on the Court simply taking their word for their assertions, without any offer of evidence or citations. No declarations have been

offered in any pleading and Respondents resort instead to unsupported allegations about the bankruptcy proceeding being a "sham", "fraud" and Appellants allegedly resorting to "magic" and 'tricks' (RB p5, 6, 7, 8, 9, 17, 19). To the contrary, on May 7, 2020 the bankruptcy trustee settled Appellants' account following dismissal, refunding in full $2,500 to Debtor in good standing (AA 708 docket entry #66). Respondents tellingly raise all their concerns only after the bankruptcy was dismissed. Appellants had relied upon the end of the litigation between the family in allowing the closure of the bankruptcy.

Finally, as previously stated, even though the court lacked jurisdiction and could not assume jurisdiction in this case, the bankruptcy court nevertheless sought to apply the rules regarding reopening and remand even though the time for any possible action in that regard had long since passed and the bankruptcy proceedings had been fully and finally dismissed. In thus applying the wrong rules to the request made by Respondents, an abuse of process occurred which must be corrected by ordering the bankruptcy court to vacate its purported order to reopen and remand.

If Respondents' tortuous arguments were to prevail, every bankruptcy court could be forced to entertain endless motions for rulings on creditors and debtors post-dismissal rights and remedies. Respondents were able to induce the order to reopen and remand from the court by flat out misleading the judge that there had been a final quiet title judgment when the court of appeal has clearly ruled

otherwise. They are now attempting to do the same with the BAP by using slander and deceptive arguments. This litigation has gone on for 7 years and all started with a fraudulent deed filed in the county of San Diego. It has been so long that the lead defendant/respondent has passed away but the remaining respondents did not consider this a point to stop their fraudulent behavior. It would be a great injustice to allow Respondents to continue their vexatious litigation based on fraudulent claims. A litigation based on fabrication will never end.

## CONCLUSION

Appellants request the honorable court reverse the bankruptcy court and direct the trial court to vacate the order entered on February 12, 2021. Appellants further request that this honorable court rule that any and all further proceedings on the dismissed claims are subject to a defense of res judicata.

Respectfully Submitted,
Dated this 24th day of April, 2022

/s/ Todd Beld .
Attorney for Appellants
California SBN 123005

## CERTIFICATION OF INTERESTED PARTIES

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

1. Chodry Deen
2. Sana Deen
3. Sidrah Deen
4. Isha Deen
5. Kevin Khwaja

## CERTIFICATION REGARDING RELATED CASES

BAP DOCKET NUMBER SC-21-1035
Bankruptcy Case No. 19-05815-CL13
[CHAPTER 13]
In re ISHA DEEN

The undersigned certifies that the following are known related cases and appeals:

19-90150-CL
20-90007-CL
BAP Docket Number SC-21-1035
Bankruptcy Case No. 19-05815-CL13

Dated: April 24, 2022

By: /s/ Todd Beld .
Attorney for Appellants
California SBN 123005

## CERTIFICATE OF COMPLIANCE

Federal Rule of Bankruptcy Procedure 8015(a)(7)

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7), the undersigned certifies that the Appellants' Reply Brief complies with the type-volume limitation and that the Appellants' Reply Brief contains 6482 words (excluding the cover page, tables, signature blocks and required certificates) as counted by the computer program used to prepare the Appellants Reply Brief.

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Certificate of Service for Electronic Filing**

**9th Cir. Case Number(s)** Bankruptcy Case No. 19-05815-CL13, Adversary Proceeding. No. 19-90151-CL, Appeal No. SC-21-1035

I hereby certify that I caused the document indicated below to be electronically filed on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ X ] I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants (*list each name and mailing/email address*):

Sana Deen Sidrah Deen
P.O. Box 437 Rancho Santa Fe, CA 92067

Description of Document(s) (required for all documents):

**APPELLANTS' REPLY BRIEF**

By: /s/ Todd Beld Date: April 24, 2022
Todd Daniel Beld

CSD3053
03/15

United States Bankruptcy Court
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101–6991

Telephone: 619–557–5620
Website: www.casb.uscourts.gov
Hours: 9:00am–4:00pm Monday–Friday

| | |
|---|---|
| Isha Deen<br>Debtor(s) | BANKRUPTCY NO. 19–05815–CL13 |
| Isha Deen<br>Plaintiff(s) | ADVERSARY NO. 19–90151–CL |
| v.<br>Chodry Deen<br>Defendant(s) | |

**NOTICE TO PARTIES PURSUANT TO LOCAL BANKRUPTCY RULE 7041–2**

TO:

Chodry Deen PO Box 437 Rancho Santa Fe CA 92067
Isha Deen PO Box 2707 Rancho Santa Fe CA 92067
Kashif Khwaja PO Box 2707 Rancho Santa Fe CA 92067
Sana Deen PO Box 437 Rancho Santa Fe CA 92067
Sidrah Deen PO Box 437 Rancho Santa Fe CA 92067

NOTICE IS HEREBY GIVEN that the Bankruptcy Case No. **19–05815–CL13** has been dismissed and no further proceedings are to be taken in connection therewith. Pursuant to Local Bankruptcy Rule 7041–2(a), this adversary proceeding will likewise be closed unless a party files a motion seeking continuation of the adversary proceedings within seven (7) days of the entry of this notice.

Dated: 4/10/20

Barry K. Lander
Clerk of the Bankruptcy Court

United States Bankruptcy Court
Southern District of California

Deen,
Plaintiff

Adv. Proc. No. 19-90151-CL

Deen,
Defendant

## CERTIFICATE OF NOTICE

District/off: 0974-3 User: Admin. Page 1 of 1 Date Rcvd: Apr 10, 2020
Form ID: 3053 Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 12, 2020.

dft +Chodry Deen, PO Box 437, Rancho Santa Fe, CA 92067-0437
pla +Isha Deen, PO Box 2707, Rancho Santa Fe, CA 92067-2707
pla +Kashif Khwaja, PO Box 2707, Rancho Santa Fe, CA 92067-2707
dft +Sana Deen, PO Box 437, Rancho Santa Fe, CA 92067-0437
dft +Sidrah Deen, PO Box 437, Rancho Santa Fe, CA 92067-0437

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 12, 2020 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 10, 2020 at the address(es) listed below:
NONE. TOTAL: 0

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Certificate of Service for Electronic Filing**

**9th Cir. Case Number(s)** Bankruptcy Case No. 19-05815-CL13, Adversary Proceeding. No. 19-90151-CL, Appeal No. SC-21-1035

I hereby certify that I caused the document indicated below to be electronically filed on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ X ] I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants (*list each name and mailing/email address*):

Sana Deen Sidrah Deen
P.O. Box 437 Rancho Santa Fe, CA 92067

Description of Document(s) (required for all documents):

**APPELLANTS' REPLY BRIEF**

By: /s/ Todd Beld
Todd Daniel Beld

Date: April 24, 2022

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

---

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

# APPELLEES' RESPONSIVE BRIEF

---

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** 3

**I. STATEMENT OF THE CASE** **5**

**II. SUMMARY OF ARGUMENT** **8**

**III. ARGUMENT** **9**

**I. Court had Jurisdiction to clarify and effectuate its own Orders. Adversary had only been Closed, not Dismissed. Reopen was an administrative/procedural remedy only to clarify the Court's Bankruptcy Dismissal order effectuating Remand under Bankruptcy Dismissal Statutes U.S.C 349, and 7041. No new relief was granted by the court; Appeal is moot and should be denied** 9

**a. There is no controversy or case, No Effective Relief can be granted. Appeal is moot and should be denied** 12

**II. Appellees had a right to be heard by the Bankruptcy Court and seek equitable relief after Appellants' violations and refusal to follow their own Voluntary Bankruptcy Dismissal (effectuating Remand) 6 months later** 16

**III. There is no violation of or impact to Appellants' due process rights. Bankruptcy court applied proper procedure when granting motion to reopen and remand order. Appeal should be denied for Appellants' Lack of Standing** 17

**IV. The subject Order is not appealable, Appeal should be denied. An order based on any equitable ground remanding claims or causes of action is not reviewable by appeal. 28 U.S.C. § 1452 (b). An order remanding a case to the State court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447 (d), 28 U.S.C. § 1447(c).** 20

**IV. CONCLUSION** **22**

**CERTIFICATION OF INTERESTED PARTIES** **23**

**CERTIFICATION REGARDING RELATED CASES** **24**

**CERTIFICATE OF COMPLIANCE** **25**

**TABLE OF AUTHORITIES**

**CASES**

Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1009 & n.7, 1010 (9th Cir. 1997)

Carraher v. Morgan Elecs., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992)

Boco Enters., Inc. v. Saastopankkien Keskus-Osake- Pankki , 204 B.R. 407 (Bankr. S.D.N.Y. 1997)

Doddy v. Oxy USA, Inc., 101 F.3d 448 (5th Cir. 1996)

Chapman v. Currie Motors, Inc., 65 F.3d 78 (7th Cir. 1995

H.R.Rep. No. 95-595, p. 51 (1977)

U.S.Code Cong. & Admin. News 1978, pp. 5787, 6013

United States v. Rice, 327 U.S. 742, 752, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946)

Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)

Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1214 (9th Cir. 2014)

Collect Access LLC v. Hernandez 483 B.R. 713, 719 (9th Cir. BAP 2012)

U.S. Const. art. III, § 2, cl. 1

Yellow Cab Coop. Ass'n v. Metro Taxi, Inc., 132 F.3d 591, 594 (10th Cir. 1997)

L.F. Jennings Oil Co., 4 F.3d 887, 889 (10th Cir. 1993)

Arizonans for Official English v. Ariz., 520 U.S. 43, 73 (1997)

County of L.A. v. Davis, 440 U.S. 625, 631 (1979)

Powell v. McCormack, 395 U.S. 486, 496 (1969)

Mills v. Green, 159 U.S. 651, 653 (1895)

Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)

In re Osborn, 24 F.3d 1199, 1203 (10th Cir. 1994)

In re King Res. Co., 651 F.2d 1326, 1331-32 (10th Cir. 1980)

Menk v. LaPaglia (In re Menk), 241 B.R. 896, 917 (9th Cir. BAP 1999)

Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)

Already, LLC v. Nike, Inc.,133 S. Ct. 721, 726 (2013)

Nat'l Org. For Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994).

Motor Veh. Cas. Co. v. Thorpe Insulation Co. 677 F.3d 869, 879 (9th Cir. 2012)

Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983)

Darby v. Zimmerman (In re Popp), 323 B.R. 260, 265 (9th Cir. BAP 2005)

Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999)

Stanley v. Crossland, Chambers, MacArthur & Lastreto 81 F.3d 103, 105 (9th Cir. 1996);

Kontrick v. Ryan, 540 U.S. 443, 455 (2004)

Fernandez v. GE Capital Mortgage Servs., Inc., 227 B.R. 174, 177 (9th Cir. BAP 1998)

**CODE**

28 U.S.C. § 1452 (b)

28 U.S.C. § 1447 (d)

11 U.S.C 349

Rule 7041

Southern District of California Local Rule 7041

Civil Rule 41(a)(2)

The Appellees Sana Deen and Sidrah Deen ("Appellees") submit this Responsive Brief to the Appellants Isha Deen Khwaja and Kashif Khwaja's ("Appellants") Opening Brief to the Bankruptcy Appellate Panel, BAP.

## I. STATEMENT OF THE CASE

There has been ongoing civil litigation between the Appellants and Appellees in the San Diego Superior Court for almost six years since mid-2016, where Appellants had sued the elderly father and two younger sisters to steal and usurp the Deen family home all for themselves - the Khwajas. The State Court has already made numerous orders, decisions, completed two trials, executed two Judgments (after over 21 days of Trial), including a Judgment Determining Title to Real Property in 2017, showing Appellees' title ownership proven on funding since the time of purchase. Appellees have 14 additional causes of action in their Cross-Complaint still pending in the State Court, where the State Court has already made numerous determinations involving the remainder of case/these causes of action, including findings of fraud against the Appellants.

Between 2018 to late 2019, Appellants were dissatisfied with the decisions and determinations of the State Court in two Civil trials and Judgments issued after expending precious judicial/court resources, overwhelming stress and financial losses to Creditors/Appellees, and failing to fully convince the State Court of any more misrepresentations, the Appellants sought to delay proceedings, and filed motions and appeals **to vacate the two valid Judgments**, even made numerous attempts to change the Judge and the court venue, including several Writs and appeals to the State Appellate court – **All of which were unsuccessful and Denied by the State Courts (Civil and Appellate).** A summary of

these proceedings is listed in Creditors/Appellees' Reply joining the Trustee's Objection and Motion for Dismissal. (See Bankruptcy No. 19-05825-CL13, Dkt #33)

In September 2019, the Appellants first filed a sham bankruptcy on the eve of Civil Trial, Staying the Civil/State case and halting the means for Appellees to pursue State claims and seek justice in the State Court. Then Appellant sought to Remove the State Case and achieve their wish to change the Judge and the Court (continuing their efforts to "Court-shop" and "Judge-shop") to re-litigate and legally harass their weakened family members/Appellees by misusing the Federal Bankruptcy system into un-doing/vacating the valid Judgments issued by the State Court and extinguish/remove the Creditors/Appellees' real claims (including Real Properties, Fraud, Defamation, Personal Injury) and further drain and usurp properties from their elderly father and hardworking younger sisters (Appellees).

Then around March 2020, when the Chapter 13 Trustee sought to validate the bankruptcy filings and information provided by the Appellants (containing several misrepresentations and concealing correct value of assets) with site visits and evaluation of two properties (immediately followed by their counsel filing an emergency motion to be relieved as counsel), and the Appellants realized they couldn't pull a fast one in the Bankruptcy Court any longer, then the Appellants filed a voluntary Request for Dismissal of Chapter 13 Bankruptcy Case in April 2020 to leave the Bankruptcy court as well. And they did so before the scheduled Motion to Remand could ever be heard – in fact before any motions or progress could be made on the Appellees' claims even in the Bankruptcy Court. The legal effect of Appellants' early Bankruptcy Dismissal was a reversal of the removal of the State action claims, remanding the State action claims back to the State Court. Yet, the Appellants claim that their voluntary dismissal of their Bankruptcy case somehow magically made the entire State action cross-complaint by Appellees

(with 15 causes of action) disappear forever, without adjudication or any judicial action. With such absurd claims, the Appellants are making a mockery of the Bankruptcy court system that is meant to be utilized by people who are in real financial crisis, not for sue-friendly civil litigants pretending to be bankrupt, misusing it as a means to gain unfair benefits in civil litigation.

On February 10, 2021, after having carefully reviewed the facts and arguments from both sides about request for remand, the bankruptcy court had reopened and remanded the Appellees' claims/case on equitable grounds, for the case to be decided on Merit, and issued the February 12, 2021 Order, the Subject Order of the appeal.

Appellants' Appeal mischaracterizes the dispute and facts. Appellants seem upset that they failed in their trick to dismiss Appellees' valid claims and the real property Judgment issued by the San Diego Superior Court and are simply resorting to making false accusations even in the bankruptcy court now, similar to the other forums and judges they were unable to deceive previously, after failing at numerous attempts of Writs and Appeals in the State court.

The Bankruptcy court had the discretion to reopen the adversary for good cause, and strong reasons and grounds existed here to provide equitable relief. The Bankruptcy court had issued the Order to reopen and remand based on findings of fact and conclusions of law, as the hearing transcript clearly supports. Yet Appellants ask the appellate court to grant an appeal against the Law. The subject Order of the appeal is barred and immune from appeal, the appeal is moot, and Appellants lack standing; the Appeal should be denied.

Appellants have successfully wasted almost two and a half years playing these games in the Bankruptcy court and causing tremendous stress and burden on the Appellees. Appellees' father, Mr. Chodry Deen became critically ill during all this and his health worsened by

Appellants shameless aggressive tactics and absurd false accusatory, defamatory filings through their sham Bankruptcy. Appellees Sana and Sidrah, were occupied taking care of their father 24x7 for several months and were not been able to retain counsel to help with this complex Appeal. Despite all efforts, unfortunately, Appellees' father, Mr. Deen, passed away a few months ago. Overwhelmed with the grief, Appellees had not been able to work on the responsive brief or retain counsel. Having faith in the fairness of the judicial system, Appellees are submitting this Responsive Brief pro se, and request the honorable court that if something is not plead properly, to please find it excusable and provide necessary relief as it deems fit and deny the appeal.

## II. SUMMARY OF ARGUMENT

The Bankruptcy Court had jurisdiction to grant relief. The Bankruptcy Court did not grant any new relief, it simply interpreted and effectuated the legal Remand that was the effect of Appellants' own voluntary dismissal of their Bankruptcy petition per Bankruptcy Statutes. The Court had Jurisdiction to interpret and effectuate its own orders and provide administrative/procedural remedies as a result of Appellants' non-compliance and violation of Bankruptcy Dismissal Orders 6 months later to the State court. Appellants are not an aggrieved party - the Remand was a legal effect of their own voluntary Dismissal of a sham Bankruptcy. All matters had not been disposed of. There has been no Trial on Appellees' remaining 14 causes of action yet. The subject Adversary had only been "Closed" (and Remanded back to the State court as a direct result of Appellants' un-doing/dismissal of the Bankruptcy) never "Dismissed", therefore there is no nullifying of any dismissals. Bankruptcy was voluntarily dismissed by Appellants and remains Dismissed. But that is not the case with the Appellants' Adversary. Appellants simply cannot be allowed to unilaterally dismiss all of Appellees' claims,

violating Appellees right to jury trial and property rights, just by jumping venues back and forth, similar to their previous attempts at Court-shopping/Judge shopping, just because they did not like the outcome/Judgments of their own State court litigation. Appellants are asking the appellate court to grant an appeal against the Law. There is no effective relief that can be granted making this appeal unlawful, moot and it should be denied. (A) Appeal is Moot (B) Appellants Lack Standing (C) Subject Order is not Appealable. 28 U.S.C. § 1452 (b); 28 U.S.C. § 1447 (d), (c). Appeal should be denied.

## III. ARGUMENT

### I. Court had Jurisdiction to clarify and effectuate its own Orders. Adversary had only been Closed, not Dismissed. Reopen was an administrative/procedural remedy only to clarify the Court's Bankruptcy Dismissal order effectuating Remand under Bankruptcy Dismissal Statutes U.S.C 349, and 7041. No new relief was granted by the court; Appeal is moot and should be denied

The court had Jurisdiction to reopen and remand, to clarify and effectuate its own bankruptcy Orders. The subject Adversary had only been "Closed", never "Dismissed". No adjudication or final orders of any matters had occurred in the Bankruptcy court yet when Appellants requested voluntary dismissal of their sham bankruptcy. The legal effect of such early dismissal was the remand/return of the State Court matter back to the San Diego Superior Court. Remand was already effectuated by Appellants' own voluntary dismissal of Bankruptcy in May 2020 as per the Bankruptcy dismissal statutes. The bankruptcy court was acting to "interpret" and "effectuate" its Dismissal Order, there was no new relief granted by the court, independent of the dismissal order. The legal effect of Appellants voluntary Dismissal Order was to undo the bankruptcy case, as far as practicable, and to restore all rights to the position in which they were found at the commencement of the case. The Bankruptcy Court's order effectuated the

Dismissal Order consistent with its true legal purpose and intent of restoring Appellees' rights/claims remanded back to the Superior Court for adjudication/trial to commence forth.

> Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez), 227 B.R. 174, 177 (9th Cir. BAP 1998), aff'd 208 F.3d 220 (9th Cir. 2000) (table). Therefore, as an alternative basis for holding that the bankruptcy court had ancillary jurisdiction we hold that by granting Mellon's Motion to Annul the Stay the bankruptcy court was acting to "interpret" and "effectuate" its Dismissal Order, and was not granting new relief "independent" of that order. The "basic purpose" of the Dismissal Order was "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R. Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 48-49 (1978). Since the bankruptcy court could not have known of Mellon's (apparently inadvertent) violation of the automatic stay, its Dismissal Order did not "undo" that violation. Annulling the automatic stay cured this problem and **"effectuated" or "interpreted" the Dismissal Order consistent with the court's true intent** .[emphasis added]

There was no abuse of discretion by the Bankruptcy Court, in fact the Court protected legal rights of both sides, and followed the bankruptcy statutes.

**The subject Adversary had only been Closed, never Dismissed.** Appellants rely on a self-serving misinterpretation of the Local Bankruptcy Rule 7041-2 and misquotes the court clerk's Notice to Parties, which was Not a court Order. The rule states:

> "7041-2. Dismissal of Related Title 11 Case. (a) Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered **may be** dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of case dismissal." [Emphasis added]

Here the Notice issued on April 10, 2020 by the clerk stated the "adversary proceeding will likewise be **closed**", it did not say that the adversary will be dismissed, or dismissed without prejudice. The notice stated:

> "….Pursuant to Local Bankruptcy Rule 7041−2(a), this adversary proceeding **will likewise be closed** unless a party files a motion seeking continuation of the adversary proceedings within seven (7) days of the entry of this notice.

Dated: 4/10/20 Barry K. Lander Clerk of the Bankruptcy Court"

[Emphasis added] (Adversary 19-90151-CL, Dkt #15)

The adversary docket, only shows a docket entry #15 for this Notice to Parties and its Certificate of Service, docket #16, on 04/10/2020. **No court order dismissing the adversary or any causes of action was issued by the court**, as falsely claimed by Appellants. The next entry on the court's docket for this adversary is docket #17:

"05/18/2020 17 Adversary Proceeding **Closed** (Duran, K.) (Entered: 05/18/2020)"

[Emphasis added]

Contrary to Appellants' position, the Notice to Parties above (docket #15, 16) was Not a court Order. And it definitely did not state that the adversary or any of Defendants' causes of action in the Bankruptcy or State court were being dismissed. Since then, the adversary docket on its face also read, "**Closed**" (not dismissed).

The Appellants' objective from this appeal is to reverse the remand Order, however the fact is that the remand was effectuated by Appellants' own voluntary dismissal of their Chapter 13 bankruptcy in April 2020. Once Bankruptcy was voluntarily dismissed its legal effect is that the bankruptcy is deemed undone, and actions related to the bankruptcy are undone. USC 349. Hence upon the Bankruptcy dismissal, per dismissal statutes, the legal effect of the Bankruptcy's Dismissal closed and shut-down the Adversary since Adversary was not ruled upon, there was no adjudication (FedBk R 7041, Local Rule 7041). The effects of the Adversary were hence void and undone, which meant the removal of the state case to the Bankruptcy Court was undone and the case was returned back (remanded) to the State Court, and automatic stay was undone. USC 349 and FedBk R 7041. Court Local Rules confirm the same Dismissal Effect on Adversary hearings and Remand as well.

No party sought continuation of the adversary proceeding in the Bankruptcy Court; adversary remand was effective upon bankruptcy dismissal as per the bankruptcy laws. There is no effective relief that BAP can grant to Appellants on merits. Hence, Appellants' Appeal should be denied.

**a. <u>There is no controversy or case, No Effective Relief can be granted. Appeal is moot and should be denied</u>**

Appellants' appeal is constitutionally moot as no legal, practical, or effective relief can be granted by this appeal. Constitutional mootness refers to the U.S. Constitution's Article III "case" or "controversy" requirement. Without a "case" or "controversy," the BAP lacks the power to hear the case. An appeal is not constitutionally moot if the BAP could "give the appellant any effective relief in the event that [the BAP] decide[s] the matter on merits in [appellant's] favor.'" Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1214 (9th Cir. 2014); see also Collect Access LLC v. Hernandez (In re Hernandez), 483 B.R. 713, 719 (9th Cir. BAP 2012) ("**An appeal is constitutionally moot** when events occur during the pendency of the appeal that make it **impossible for the appellate court to grant effective relief**."). (Emphasis added)

As to the jurisdictional issue of whether the appeal is moot, including whether it is moot in the constitutional sense, i.e., that there is no case or controversy. See U.S. Const. art. III, § 2, cl. 1; Yellow Cab Coop. Ass'n v. Metro Taxi, Inc. (In re Yellow Cab Coop. Ass'n), 132 F.3d 591, 594 (10th Cir. 1997); In re L.F. Jennings Oil Co., 4 F.3d 887, 889 (10th Cir. 1993); see also Arizonans for Official English v. Ariz., 520 U.S. 43, 73 (1997) (court has an obligation to satisfy itself that it has jurisdiction to hear an appeal). "'**[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome**.'" County

of L.A. v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). **A controversy is no longer "live" when the reviewing court is not capable of rendering effective relief** or restoring the parties to their original position. Mills v. Green, 159 U.S. 651, 653 (1895); see Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992); In re Osborn, 24 F.3d 1199, 1203 (10th Cir. 1994); In re King Res. Co., 651 F.2d 1326, 1331-32 (10th Cir. 1980) (**if the only effect of reversal on appeal would be to order the impossible, court should not address the merits of the appea**l). "[I]f an event occurs while a case is pending on appeal that **makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.**" Osborn, 24 F.3d at 1203 (quoting Church of Scientology, 506 U.S. at 12 (quoting Mills, 159 U.S. at 653)). (emphasis added)

Therefore, the entire premise of this Appeal is moot. There are no live issues left. **The reopening was simply an administrative step to clarify the Remand. Remand was a legal effect of Appellants' own bankruptcy dismissal. The appellate court is not able to grant the Appellants any effective relief as a result of this Appeal, rendering it moot**.

Menk, 241 B.R. at 910 (noting that some bankruptcy clerk's offices may choose to reopen the case for "practical administrative reasons related to internal management" which are "benign from the standpoint of jurisdiction."

> "there may be practical administrative reasons related to internal management by the clerk's office that warrant reopening. . . ." *In re Menk,* 241 B.R. at 910

Even if the reopen Order is reversed, it has no legal effect on the remand of the case back to the State court, and remand is barred from appeal either way, as discussed below in Section IV. There is no case or controversy. The result would be the same even if the Appellants won

their argument about reopening (even though they cannot) - it does not change the legal effect of Appellants' voluntary bankruptcy dismissal that effectuated the remand. Appellants argue that their Dismissal of the Bankruptcy somehow extinguished all of Appellees' claims that were allegedly removed from the State Court (before any matter was ruled on or adjudicated), such a result is absurd and extremely prejudicial to the Appellees.

See Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of [Civil Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." (citations omitted)).

However, Appellants wish to unfairly extinguish/delete/discard Appellees' claims without any regress, without any adjudication, in great prejudice to Appellees claims (in millions, as mentioned by Appellants in their appeal), going against the Civil Rule 41(a)(2) and the Law in general. Appellees have a constitutional right to jury trial and to have their issues decided on Merit, not unilaterally discarded by the opposing side without adjudication.

Fact of the matter is, the legal effect of Appellants' voluntary bankruptcy dismissal was the closure of the adversary proceedings related to the bankruptcy, and per the bankruptcy laws it caused any claims that were removed earlier to be remanded back to the State court. The relief Appellants seek by reversal of this order, is simply not possible, it is against the constitution, against bankruptcy laws and impossible for the Bankcruptcy Appellate Court, or any Court, to grant. Here the issue is one purely of Law, the Bankruptcy Court's subject order under appeal was necessary to preserve Bankruptcy Dismissal Statutes and the integrity of the Judicial procedures. Hence, there is no effective relief that can be granted making this appeal unlawful, moot and it should be denied.

The issue here is one of law and the appeal cannot be granted as it would be a violation of the Bankruptcy and Constitutional laws. Southern District of California Local Rule 704, further confirms the appeal should be denied. Local Rule 7041-2 (b) states:

> **If the pending related adversary proceeding was removed from another court, it will be remanded to that court upon dismissal of the underlying bankruptcy case** unless a party files a motion seeking continuation of the adversary proceeding in this Court within 21 days of case dismissal. [Emphasis added]. Local Rule 7041-2 (b)

Infact, after the Appellees' Motion to Dismiss Appeal, opposing counsel and Appellants have full knowledge of this updated Local Rule. As 'Duty of Attorney', Attorneys have a "continuing duty to inform the Court of any development which may conceivably affect the outcome' of the litigation." Bd. of License Comm'rs v. Pastore, 469 U.S. 238, 240 (1985)(quoting Fusari v. Steinberg, 419 U.S. 379, 391 (1975)). See also Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.23 (1997)("It is the duty of counsel to **bring to the federal tribunal's attention, '<u>without delay</u>,' facts that may raise a question of mootness.**"). (emphasis added)

Both Appellants and their counsel are aware that the Remand was the lawful outcome as per Local Rule 7041-2 (b), the appeal is a moot issue and hence should have been retracted to prevent any further waste of judicial resources and the opposing party's time, money, and lives. Yet, Appellants' counsel continues to help cover up his clients' false bankruptcy and Appeal and facilitate a way for the Appellants to gain further benefits in their civil/State litigation and continue to usurp Appellants' real property and due process rights.

The BAP must consider matters sua sponte even if not briefed by the parties. Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.), 81 F.3d 103, 105 (9th Cir. 1996); Kontrick v. Ryan, 540 U.S. 443, 455 (2004).

## II. Appellees had a right to be heard by the Bankruptcy Court and seek equitable relief after Appellants' violations and refusal to follow their own Voluntary Bankruptcy Dismissal (effectuating Remand) 6 months later

Adversary had only been Closed, not dismissed, so there was no need to object to the dismissal, as the Appeal claims. There was no deliberate inaction by Appellees. The adversary was closed at a very early stage, before any work was done, any responsive filing could be filed, even the scheduled motion to remand could be heard, or any hearings held, where there was no settlement of the estate, no trials, decisions or orders made on the claims. Appellees understood everything resumed back to the State court. Appellants were also knowledgeable through the Bankruptcy proceedings that Appellees had filed Statement of Non-consent, proof of claims and Adversary with non dischargeability claims - it was clear that Appellees were not waiving, nor extinguishing their claims and had a right to Trial. At the time of the Bankruptcy Dismissal, the State court was closed due to COVID-19, but shortly after the court reopened, in June 2020 the State court scheduled a hearing for July 24, 2020, as anticipated. Appellants' accusation that Appellees should have taken some unknown action, on time, or deliberately allowed the deadline set by court to expire, is baseless. It's only when Appellants refused to follow their own Dismissal of the Bankruptcy 6 months after the Bankruptcy Dismissal Order and started submitting State Court filings and Declarations on November 4, 2020, questioning/denying State Court Jurisdiction, that Appellants promptly filed a Request with the Bankruptcy Court seeking relief to clarify the Remand. The Appellees could not have known in May 2020, nor predicted the Appellants' non-compliance and violation of Appellants own Bankruptcy Dismissal that occurred 6 months later after all actions from both parties and the State court were clear that the case had resumed back in the Superior Court. When the Appellants denied Jurisdiction to the State Court in November 2020 and created an issue, then Appellees had no

choice but to seek clarification on remand from the Bankruptcy court and had a full right to be heard for equitable relief.

### III. <u>There is no violation of or impact to Appellants' due process rights. Bankruptcy court applied proper procedure when granting motion to reopen and remand order. Appeal should be denied for Appellants' Lack of Standing</u>

The Bankruptcy court applied proper procedure and law by granting the motion to reopen as an administrative/procedural step to clarify the remand, that was already effectuated by Appellants' own voluntary bankruptcy dismissal. By doing so, the bankruptcy court actually ensured both sides' due process rights, and rights to trial. Neither party's right to trial, trial by jury, or due process rights were impacted. Appellants suffer absolutely no prejudice; they are free to pursue their claims. Reopen only affirmed the Remand that had already occurred as an effect of Appellants' Bankruptcy Dismissal.

To the contrary, it is the Appellee's due process rights that were being violated by Appellants' fraudulent and aggressive actions. The already issued state court's judgment on Real Property after over 21 days of state Trial and hundreds of thousands in attorney fees must remain in place (Superior Court's Judgment cannot simply be somehow allowed to be terminated by one Appellant's unilateral actions). Appellees have right to trial on claims including Personal Injury and Fraud, to be heard on the merits and cannot be extinguished by Appellants' deceptive actions in the Bankruptcy and State Courts.

In fact, Appellants suffer no losses and have full right to trial on all their remaining claims, fairly and properly in the State court, where the case always belongs, and therefore Appellants lack standing for this appeal. Standing is a jurisdictional issue; it must exist and is open to review at all stages of the litigation. See Already, LLC v. Nike, Inc.,133 S. Ct. 721, 726

(2013); Nat'l Org. For Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994). Questions of standing are reviewed de novo. Motor Veh. Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 879 (9th Cir. 2012). Because standing is a jurisdictional requirement, the BAP must dismiss/deny an appeal when no standing exists.

The Ninth Circuit Court of Appeals and the BAP follow the "person aggrieved" standard for determining whether standing exists in bankruptcy appeals. See Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983) (only parties who are directly and adversely affected pecuniarily by a bankruptcy court order or judgment have standing to appeal); Darby v. Zimmerman (In re Popp), 323 B.R. 260, 265 (9th Cir. BAP 2005).

Appellants do not meet the "person aggrieved" standard in determining standing for appeal. Appellants are not adversely affected pecuniarily by the bankruptcy court's Reopen or Remand Order. The Reopen Order has no legal effect, it is merely used for administrative/clerical/internal management by the court, Appellants are not adversely affected monetarily by it. Menk, 241 B.R. at 910 (noting that some bankruptcy clerk's offices may choose to reopen the case for "practical administrative reasons related to internal management" which are "benign from the standpoint of jurisdiction."

"there may be practical administrative reasons related to internal management by the clerk's office that warrant reopening. . . ." *In re Menk,* 241 B.R. at 910

Appellate standing in bankruptcy is determined under the "person aggrieved" test, under which "[o]nly one who is directly and adversely affected pecuniarily has standing to appeal a bankruptcy court's order." Menk v. LaPaglia (In re Menk), 241 B.R. 896, 917 (9th Cir. BAP 1999); Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442-43 (9th Cir. 1983). Reopening a case typically "presents only a narrow range of issues: whether further administration appears

to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee." Menk, 241 B.R. at 916-17. Debtor challenges none of those issues, so ordinarily she would lack standing to appeal the Reopening Order. Id. at 913-17.

Reopening was only an administrative/clerical step to clarify the remand. And because the Reopening Order was without jurisdictional significance, Appellants lack standing to appeal from the Reopening Order, and that appeal should be Denied.

Secondly, the remand was already in effect by Appellants' own voluntary bankruptcy dismissal since April 2020, long prior to the subject Order that Appellants are challenging in their August 2021 opening brief. This Order only served to clarify the law since Appellants were clearly disregarding and violating it in front of the State Court to extinguish all of Appellees' claims/causes of action. There was no new relief granted by the subject Order - remand was already effectuated by Appellants' own voluntary dismissal. Hence a reversal of this Order, even if one is granted, would hold no legal effect. Appellants are Not aggrieved, or adversely affected pecuniarily by the bankruptcy court Order, and lack standing.

Also, while the Appeal is trying to trick the judicial system and focuses on the Reopen part of the Order, Appellants actually do not challenge the Remand Order in their appeal, therefore it is waived. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Appellants have waived and lack standing to argue the remand order anymore.

In summary, there was no violation of Appellants' due process rights, the bankruptcy court correctly applied the procedures, Appellants are Not aggrieved, or adversely affected pecuniarily by the bankruptcy court Order, and lack standing to appeal. Appeal should be denied.

## IV. The subject Order is not appealable, Appeal should be denied. An order based on any equitable ground remanding claims or causes of action is not reviewable by appeal. 28 U.S.C. § 1452 (b). An order remanding a case to the State court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447 (d), 28 U.S.C. § 1447(c).

28 U.S.C. § 1452(b) provides that an order entered under any equitable ground remanding a claim or cause of action is not reviewable by appeal:

> "(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, **is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court**. . . ." 28 U.S.C. § 1452 (1988 ed. and Supp. V). Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

At the hearing, before issuing the February 12, 2021 subject Order of this appeal (Appeal Excerpt Document #29), the bankruptcy court concluded that the court is remanding the case on equitable grounds (§ 1452 (b)), therefore making the Order non-appealable. The Court had stated in conclusion:

> "BUT WHEN I TAKE ACCOUNT OF ALL OF THESE FACTORS AND I CONCLUDE THAT ABSTENTION IS APPROPRIATE AND **THAT THE EQUITABLE GROUND FOR REMANDING THE CASE IS THAT THE CASE SHOULD BE DECIDED ON THE MERITS**. … AND HAVING CAREFULLY CONSIDERED THE FACTORS IN IN RE ENRON IT SEEMS PLAIN TO THE COURT **THAT THE CASE HAS TO BE RETURNED TO THE STATE COURT. IT'S QUITE A CLEAR OUTCOME**" (February 12, 2021, Transcript of Hearing, AA 698 18-25, 699 1-5)

In Things Remembered, the Supreme court stated:

> "Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases "on any equitable ground," and declares that **the remanding order is "not reviewable by appeal or otherwise**."**1** Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts—a chapter now comprising 28 U.S.C. §§ 1441-1452—meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases. The drafters, it bears emphasis, expressly contemplated that remand orders for claims related to bankruptcy cases "**would not be appealable**"; in particular, they reported that **bankruptcy forum remands would be unreviewable** "*in the same manner* that **an order of the United States district court remanding a case to the State court from which it was removed**

**is not reviewable on appeal or otherwise**." H.R.Rep. No. 95-595, p. 51 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6013 (emphasis added).**2**"

Similarly, 28 U.S.C. § 1447(d) states:

"**An order remanding a case to the State court from which it was removed is not reviewable on appeal**"

"11...Section 1447(d) applies "not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases **removed under *any other statutes,* as well**." *United States v. Rice,* 327 U.S. 742, 752, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946) (emphasis added). Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

"There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both. Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)"

"In sum, a "**strong congressional policy against review of remand orders**," Sykes, 834 F.2d, at 490, underlies §§ 1447(d) and 1452(b). ... Thus, the Sixth Circuit, I conclude, correctly ruled that neither § 1452(b) nor § 1447(d) permits the assertion of appellate jurisdiction in this case." (Emphasis added)

Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

Decisions whether to remand to the State court are barred from review in the court of appeals. An order remanding a bankruptcy matter to state court under 28 U.S.C. § 1447(c), due to a timely-raised defect in removal procedure or lack of subject matter jurisdiction, is not reviewable by appeal or otherwise in the court of appeals.

A decision granting or denying remand under 28 U.S.C. § 1452(b) is similarly immune from review. See 28 U.S.C. § 1452(b); Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1009 & n.7, 1010 (9th Cir. 1997)

A decision whether to abstain or not under 28 U.S.C. § 1334(c) is not reviewable by the court of appeals either.

Contrary to the Appellants argument in the opening brief, there is no Jurisdiction issue here. Bankruptcy Court in this case had jurisdiction. Carraher v. Morgan Elecs., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992) (bankruptcy court has the discretion to retain jurisdiction over adversary proceedings after dismissal of main case after considering "economy, convenience, fairness and comity"). See Boco Enters., Inc. v. Saastopankkien Keskus-Osake-Pankki (In re Boco Enters., Inc.), 204 B.R. 407 (Bankr. S.D.N.Y. 1997) (judicial economy, convenience to parties, fairness, and comity guide courts in determining whether to exercise jurisdiction of "related to" proceeding after case dismissed); accord Doddy v. Oxy USA, Inc., 101 F.3d 448 (5th Cir. 1996); see also Chapman v. Currie Motors, Inc., 65 F.3d 78 (7th Cir. 1995).

As the subject Order of this appeal is not appealable, the Appeal is requested to be denied.

## IV. CONCLUSION

For the above referenced reasons including, the court had jurisdiction, there was no abuse of discretion, Appellees had the right to be heard, Appeal is moot, proper procedures were applied, there is no adverse impact to Appellants' due process rights, in fact Appellants lack standing to appeal, and the February 12, 2021 Orders are Not Appealable, therefore, the Appellees humbly request the Honorable Court to Deny the Appeal.

Respectfully submitted,

March 14, 2022 By:

Sana Deen and Sidrah Deen,
Appellees

**CERTIFICATION OF INTERESTED PARTIES**

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

1. Sana Deen
2. Sidrah Deen
3. Chodry Deen
4. Isha Khwaja
5. Kashif Khwaja

**CERTIFICATION REGARDING RELATED CASES**

BAP DOCKET NUMBER SC-21-1035
Bankruptcy Case No. 19-05815-CL13
[CHAPTER 13]

In re ISHA DEEN KHWAJA

The undersigned certifies that the following are known related cases and appeals:
19-90150-CL

20-90007-CL

BAP Docket Number SC-21-1035 Bankruptcy
Case No. 19-05815-CL13

Dated: March 14, 2022

By: /s/ Sidrah Deen and Sana Deen .

Appellees

## CERTIFICATE OF COMPLIANCE

Federal Rule of Bankruptcy Procedure 8015(a)(7)

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7), the undersigned certifies that the Appellant's Opening Brief complies with the type-volume limitation and that the Appellees' Responsive Brief contains 5764 words (excluding the cover page, tables, signature blocks and required certificates) as counted by the computer program used to prepare the Responsive Brief.

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

**CERTIFICATE OF SERVICE**

Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL
Appeal No. SC-21-1035

On March 14, 2022, I served the following document(s):

APPELLEES' RESPONSIVE BRIEF

I served the document(s) to:

TODD DANIEL BELD
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
toddbeld@msn.com

**[ ]** (MAIL) (C.C.P. § 1013(a)) Pursuant to CCP § 1013(a) said envelope would be deposited with the U.S. Postal Service on the same day with postage thereof fully prepaid at San Diego, California in the ordinary course of business. I placed the envelope for collection and mailing on the date identified above.
[**X**] (ELECTRONIC SERVICE) (CCP § 1010.6(a)(4)) I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 14, 2022, in San Diego, California.

Sidrah Deen

FILED

FEB 28 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:<br><br>ISHA DEEN,<br><br>Debtor. | BAP No. SC- 21-1035<br><br>Bk. No. 19-05815-CL13<br><br>Adv. No. 19-90151-CL |
| ISHA DEEN; KEVIN KHWAJA,<br><br>Appellants,<br><br>v.<br><br>CHODRY DEEN; SANA DEEN; SIDRAH DEEN,<br><br>Appellees. | **ORDER DENYING MOTION TO DISMISS AND REQUIRING BRIEFING OF APPEAL** |

Before: SPRAKER, FARIS, and LAFFERTY, Bankruptcy Judges.

Appellees filed a motion to dismiss this appeal on January 4, 2022. Appellants filed their response on February 6, 2022.

The motion to dismiss is ORDERED DENIED, but the parties may address the finality, mootness, and standing arguments in the responsive and reply briefs.

Appellees' responsive brief must be filed no later than **March 14, 2022**. If appellees do not file a responsive brief by the March 14, 2022, deadline, appellees will be deemed to have waived their right to participate in this appeal and to appear at oral argument.

**Case No. SC-21-1035**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re ISHA DEEN

*Debtor*

KEVIN KHWAJA, ISHA DEEN

*Appellants*, *Plaintiffs*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees, Defendants*

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

# APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO DISMISS

TODD DANIEL BELD
ATTORNEY AT LAW
California SBN 123005
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
(949) 474-0994
E-MAIL toddbeld@msn.com
Attorney For Appellants

# TABLE OF CONTENTS

**INTRODUCTION** **1**

**BACKGROUND** **4**

**ARGUMENT** **6**

Respondents' Allegation That The Order Under Appeal Is Not Appealable Has Already Been Determined By The BAP In This Case In March 2021, When It Ruled That The Order Is A Reviewable Order. 6

Respondents Incorrectly Allege That The Appeal Is Moot, Improperly Applying Retroactively A Local Rule, Newly Enacted In December, And By Asserting That Reopening And Remand Were "Administrative" Acts 8

Respondents' Argument That Appellants Lack Standing Is Patently False. Appellants Are Aggrieved. 14

**CONCLUSION** **18**

**CERTIFICATE OF COMPLIANCE** **19**

# TABLE OF AUTHORITIES

## CASES

*Adams v. United States*
(9th Cir.2001), 255 F.3d 787, 792-93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Armel Laminates, Inc. v. Lomas Nettleton Co. (In re Income Prop. Bldrs., Inc.)*
699 F.2d 963 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Burton v. Sosinsky* (1988)
203 Cal.App.3d 562,574–573 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Darby v. Zimmerman (In re Popp)*
323 B.R. 260, 265 (B.A.P. 9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fondillier v. Robertson (In re Fondiller)*
707 F.2d 441, 442 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hughes Aircraft v. U.S. ex Rel. Schumer*
520 U.S. 939, 946 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Butler*, 171 B.R. 321
324 n.3 (Bankr. N.D. Ill. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Carraher v. Morgan Elecs., Inc. (In re Carraher)*
971 F.2d 327, 328 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Taylor*
884 F.2d 478, 482 (9th Cir. 1989)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Menk (Menk v. LaPaglia (In re Menk)*,
241 B.R. 896, 917 (9th Cir. BAP 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Pavelich*
229 B.R. 777, 781 (B.A.P. 9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kaiser Aluminum Chemical Corp. v. Bonjorno*
494 U.S. 827, 855 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Landgraf v. USI Film Products*
511 U.S. 244, 265 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Lewis v. Superior Court*
30 Cal.App.4th 1850, 1866 (Cal. Ct. App. 1994) . . . . . . . . . . . . . . . . . . . . . . 3

*Lyon v. Gila River Indian Community*
(9th Cir. 2010) 626 F.3d 1059, 1071 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McCarthy v. Prince* (*In re McCarthy*)
230 B.R. 414, 417 (9th Cir. BAP 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nilson v. Nielsen (In re Cedar Funding, Inc.)*
419 B.R. 807, 820 (9th Cir. BAP 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stafford* v. *Ballinger* (1962)
199 Cal.App.2d 289, 294-295 [18 Cal.Rptr. 568] . . . . . . . . . . . . . . . . . . . . . . 3

*Things Remembered, Inc. v. Petrarca*
516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) . . . . . . . . . . . . . . . . . . . .7

**STATUTES**

28 U.S.C. § 158 . . . . . . . . . . 6

28 U.S.C. § 1446 . . . . . . . . . . 12

28 U.S.C. § 1447(c) . . . . . . . . . . 12

28 U.S.C. § 1452(b) . . . . . . . . . . 7

Federal Rules of Bankruptcy Procedure 5010 . . . . . . . . . . 13

Local Bankruptcy Rule 1001-1 . . . . . . . . . . 8

Local Bankruptcy Rule 5010-1 . . . . . . . . . . 13

Local Bankruptcy Rule 7041-2 . . . . . . . . . . 8, 11

Local Bankruptcy Rule 9013 . . . . . . . . . . 13

California Civil Code § 1227 . . . . . . . . . . 2

## INTRODUCTION

Appellants, Isha Deen and Kevin Khwaja ("Appellants"), respond to Appellees Chodry Deen, Sana Deen, Sidrah Deen ("Respondents") Motion to Dismiss filed on January 4, 2022 in the Bankruptcy Appellate Panel ("BAP"), as follows. Respondents seek a dismissal of this appeal as part of their continuing efforts to parlay a fraudulent act of recording a false deed into an estate or interest in Appellants' in property, cause immense judicial waste and continuously re-litigate claims against Appellants in violation of public policies protecting the finality and integrity of court proceedings. Respondents should not be allowed to proceed with their claims, or revive them in the Superior Court.

In this regard, it should be noted that Respondents' involvement in this matter originated out of the action of now deceased party, Respondent Chodry Deen, who, aided and abetted by Respondents Sana and Sidrah Deen, caused to be recorded in the official records of San Diego County what was found by the judge in the San Diego Superior Court case to have been a false deed. This deed, which purported to grant Chodry Deen alone full title to Appellants' single family home, was not only rejected by the Court but also led to revocation by the California Secretary of State's office of the notarization (AA 519-526), and the notarial authority of the notary. Indeed, the Superior Court of California County of San

Diego wrote on or around August 22, 2017 that the deed Respondents' filed in court to claim Appellants' home was falsified with:

> "numerous handwritten additions by Chodry, Sana and Sidrah and that Isha never signed a deed transferring the EI Brazo house to Chodry" (Appellants' Appendix ("AA") 190:17-18)

> "[T]he court finds that the Grant Deeds were taken by Chodry, Sana and Sidrah and then recorded without Isha' s permission and finds that testimony by Chodry regarding receipt of the Deed on November 5, 2015 to not be credible." (AA 191:7-9)

The Court stated that the improper notarization of the false deed was obtained without the consent or signature of the property owner, Isha Deen:

> "The court further finds that the November 5, 2015 Deed contains two acknowledgements that were added by the Notary, Patty Marquez, on two separate dates. It is undisputed that the acknowledgement shown in Exhibit 78 was added to the document on November 5, 2015. In addition, Isha and Ms. Marquez testified that the second acknowledgement, Page 2 of Exhibit 82, was added on May 28, 2016 when Isha was not present. (Exhibit 83) This is further supported by the fact that the original Deed shows that the ink colors on the two acknowledgements were different (Exhibit 82a)." (AA 190:18-25).

Therefore, the court voided Respondents' deed, and ordered: "The May 31, 2016 Grant Deed (Document Number 2016-0263348) is null and void and is cancelled and extinguished in its entirety;" (AA 200:6-7).

As a result, the deed is clearly void as to all "prior or subsequent purchasers" or "incumbrancers" because it was "made with intent to defraud." See California Civil Code Section 1227. Nevertheless, Respondents have the temerity to again

seek to uphold their purported "right" to claim an interest in the property. This court should not allow or permit such a flagrant contravention of the law to be perpetuated by Respondents, and since Respondents' misconduct in that regard relate directly to the transaction concerning which Respondents continue to seek relief (quiet title), the entirety of that cause of action before the court was infected and relief thereon of any kind must be denied. As was stated in *Burton v. Sosinsky* (1988), 203 Cal.App.3d 562,574–573: "The [unclean hands doctrine] is far more than a mere banality. It is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant. That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith" and avoiding the court in question becoming an "abetter of iniquity."

Furthermore, per California law, Respondents are prevented from pursuing an equitable quiet title action against the property owner:

> "[Plaintiff] never had standing to bring a quiet title action, because whatever interest it might have is only equitable, and the holder of equitable title cannot maintain a quiet title action against the legal owner. (*Stafford* v. *Ballinger* (1962) 199 Cal.App.2d 289, 294-295 [ 18 Cal.Rptr. 568].)" *Lewis v. Superior Court*, 30 Cal.App.4th 1850, 1866 (Cal. Ct. App. 1994).

In other words, once Respondents were found to have falsified a deed to

cloud title to Appellants' property, they lost (both legally and equitably) any right to claim any legal title thereto from Appellants. Further, despite any reasoning or legal conclusions to the contrary on the part of the state court prior to removal to the bankruptcy court, since appellate courts "review the district court's findings of fact for clear error, and review its conclusions of law de novo" (*Lyon v. Gila River Indian Community* (9th Cir. 2010) 626 F.3d 1059, 1071 [citing *Adams v. United States* (9th Cir.2001), 255 F.3d 787, 792-93]), this court is not only free to draw its own legal conclusions regarding the same but is further required to review for (and correct) any clear error. As noted, it was clear error for the state court to have found that Respondents had falsified a deed in order to cloud title to a property and then turn around and purport to grant Respondents an ownership interest in that property.

Bearing all this in mind, it is undeniable that all of Respondents' arguments in support of their motion to dismiss are improper, inapplicable and invalid, as addressed more particularly below.

Appellants further shall address Respondents deliberate misstatements of fact to a limited degree later in this brief.

## BACKGROUND

Appellant Isha Deen and her sisters, Respondents Sana and Sidrah Deen, are

daughters of the late Chodry Deen. There was no dispute in the family until Respondents chose to file the forged deed in 2016, which caused Appellant to file the underlying action. Respondents' desire to claim ownership of Appellants' home resulted in their pursuit of no less than 9 court actions in several different courts based on the same false premises and forged deed, all of which are now dismissed. Please refer to pages 7-12 of Appellants' Opening Brief for the factual and procedural history.

In September of 2019, Appellant filed a Chapter 13 bankruptcy and removed two state actions, in each of which Appellant was plaintiff, to the bankruptcy court as adversary proceedings 19-90151 (AA 710) and 19-90150 (AA 719). Respondents filed their own adversary proceeding 20-90007 in January of 2020 (AA 723) instead of filing a motion to remand or a relief from stay. Respondents sought settlement, signing several stipulations (AA 207-210). On April 6, 2020, at the onset of the pandemic and in light of Mr. Chodry Deen's health issues, Appellant requested dismissal in the interest of settlement between the family who were quarantined in the same home.

Dismissal of the underlying bankruptcy resulted in dismissal of all three adversary proceedings by the bankruptcy court (AA 504, 505). On February 10, 2020, almost a year after dismissal, the bankruptcy court issued an order to reopen

and remand only one of the adversary proceedings. This appeal followed.

Appellants retained an attorney and filed the excerpts and opening brief on August 7, 2021. In October of 2021, Respondents requested extensions from the BAP (see BAP docket #35), citing Mr. Chodry Deen's illness, while simultaneously pursuing trial dates in the state court and filing expert witness designations.

In December 2021, in a Response to Appellants' state court motion to vacate trial dates, Respondents belatedly informed Appellants that Chodry Deen had passed away more than a month earlier. Respondents failed to inform any friends or family of his passing and announced no funeral services.

On January 4, 2022, instead of filing their reply brief in this appeal, Respondents filed a motion to dismiss the appeal.

## ARGUMENT

### A. Respondents' Allegation That The Order Under Appeal Is Not Appealable Has Already Been Determined By The BAP In This Case In March 2021, When It Ruled That The Order Is A Reviewable Order.

Respondents claim in section II.A. of their motion to dismiss that "The subject order is not appealable." This matter has already been determined by the ruling of the BAP in March 2021.

Under 28 U.S.C. §158(a)(1), an appeal may be taken from "final

judgments, orders, and decrees." The order appealed from herein is just such a "final" order under §158(a)(1), as has been confirmed by the BAP in its Order filed March 17, 2021 which held as follows: "The order on appeal is a final, reviewable order. *Nilson v. Nielsen (In re Cedar Funding, Inc.)* 419 B.R. 807, 820 (9th Cir. BAP 2009)." [See BAP docket #10].

Further, the bankruptcy court's decision to remand under 28 U.S.C. § 1452(b) "can be reviewed only by a district court or a bankruptcy appellate panel, and not by a court of appeals or by the Supreme Court." *McCarthy v. Prince* (*In re McCarthy*), 230 B.R. 414, 417 (9th Cir. BAP 1999), citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). The instant appeal is indeed pending before the BAP.

Respondents also have knowledge of this ruling as, just last month on or around December 6, 2021, Respondents filed the March 17, 2021 ruling of the BAP in state court and requested the state court take judicial notice, in connection with their fraudulent scheme of depriving Appellants of their property, ongoing efforts to seek trial dates at the state court to continue their quest to claim title to Appellants' property.

/ / /

/ / /

**B. Respondents Incorrectly Allege That The Appeal Is Moot, Improperly Applying Retroactively A Local Rule, Newly Enacted In December, And By Asserting That Reopening And Remand Were "Administrative" Acts**

Respondents claim in section B of their motion that the appeal is moot as there is "no controversy or case." Respondents' position is irreconcilable, and confusing at best, as there is indeed a controversy and an appeal underway over whether, as Appellants have shown, the order to reopen was void, or whether Respondents can continue with their fraudulent claims against Appellants' property.

Respondents anchor their argument to their assertion that "...the remand was effectuated by Appellants' own voluntary dismissal of their Chapter 13 bankruptcy in April 2020." However, Respondents' only purported authority for this statement is an amended version of a Local Rule (the amendment having been adopted by the Court on December 21, 2021) that has no application to this case inasmuch as this case was dismissed in April of 2020. Moreover, Respondents fail to state this unmistakable and inescapable fact.

In this regard, it should be noted that the Bankruptcy Court amended this local rule pursuant to General Order No. 198, Amendment Of Local Rules Of The U. S. Bankruptcy Court, and inserted an entirely new subsection as clause (b) with an effective date of December 1, 2021. *This newly enacted clause, 7041-2(b), went into effect nearly 2 years after the dismissal of the adversary proceeding in*

*2020*, and thus is inapplicable to the matter. It is an impossibility for a rule that did not exist at the time a case was filed, or dismissed, to be applicable to the case. Moreover, by its enactment, the new rule purports to shift the burden of post-dismissal motions for continuing a case from one party to the other, thus creating serious due process problems if it is applied retroactively to this case.

Indeed, this is recognized in Local Rule 1001-1 which states as follows: "The Local Bankruptcy Rules govern all cases and all adversary proceedings, contested matters, and other proceedings pending on or commenced after the Effective Date." Respondents' reliance on the newly enacted clause of the Local Rules is therefore entirely inappropriate and totally misplaced. Not surprisingly, Respondents not only cite no authority for their reliance on the newly enacted amendment to the Local Rules but also completely ignore case law to the contrary. See for example: *In re Butler*, 171 B.R. 321, 324 n.3 (Bankr. N.D. Ill. 1994) ["This motion was filed, a briefing schedule set, and the matter fully briefed prior to the effective date of the new Local Bankruptcy Rules. Therefore, the Court will apply the old Local Bankruptcy Rules to the disposition of this motion."]. See also *Hughes Aircraft v. U.S. ex Rel. Schumer*, 520 U.S. 939, 946 (1997) ["We have frequently noted, and just recently reaffirmed, that there is a "presumption against retroactive legislation [that] is deeply rooted in our jurisprudence." *Landgraf v. USI*

*Film Products*, 511 U.S. 244, 265 (1994). "The `principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'" *Ibid*. (quoting *Kaiser Aluminum Chemical Corp. v. Bonjorno*, 494 U.S. 827, 855 (1990) (SCALIA, J., concurring)).”]. There is absolutely nothing in the General Order to indicate that the amendment of the former local rule was intended to have any retroactive effect, and thus neither the bankruptcy court nor this court may rely upon it to sustain or uphold Respondents’ position.

Certainly, the bankruptcy court itself in this case treated Respondents' claims as having been dismissed (regardless of any Local Rules or pending amendments thereto) when addressing Respondents' request. Indeed, during the February 10, 2021 the bankruptcy court stated that it was “baffling” that the state court resumed hearings in the matter:

> And then confusingly, the state court resumed hearings in the matter, it appears, which is baffling (AA 697:18-20).

The court further stated: “it's just not the way it happens automatically under our local rules.” (AA 697:25-698:1). Respondents were present and active participants in the hearing and yet insist on ignoring what occurred in arguing for protection of their fraudulent scheme of obtaining legal title to a property based upon a void instrument made with clear intent on the part of Respondents to defraud

Appellants.

Appellants have briefed on the *applicable* local rule, 7041-2, in Appellants' Opening Brief on page 14. This rule, which was in effect at the time the adversary proceeding was initiated and at all times while it remained pending, states:

> (a) Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of case dismissal.
> (b) If the debtor files another Petition for Relief under Title 11 within 90 days following entry of the order dismissing the prior case, any plaintiff whose adversary proceeding was dismissed under this rule may file a motion, subject to objection, and proposed order to have the adversary proceeding reopened and made applicable in the new case, as though the adversary proceeding were originally filed in the new case.

On April 10, 2021, the court noticed parties to each adversary proceeding of pending dismissal pursuant to Local Bankruptcy Rule ("LBR") 7041-2 (AA 302-303). Dismissal became final shortly thereafter when the court entered terminations in the docket, as no party sought continuation. Prior to its very recent revision, the rule regarding the dismissal of related adversary proceedings has been in the local rules of the bankruptcy court in substantially similar form since 1996, according to the archival records at the web address of the bankruptcy court.

Nevertheless, on page 12 of their motion brief, Respondents cite *In re Menk (Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 917 (9th Cir. BAP 1999)), stating:

"there may be practical administrative reasons related to internal management by the clerk's office that warrant reopening…." Respondents apparently argue that, due to the recent changes to the applicable Local Rule, the reopening and remand was an "internal" or "administrative" act of the court which should be upheld. This argument is flawed. First of all, the rule did not exist at the time that the action which Respondents seek to uphold was taken. Secondly, the argument allowing for courts to continue certain "internal" or "administrative" acts apply only to situations where the action sought to be upheld was heard and decided prior to the loss of jurisdiction, which of course is not the case here as the bankruptcy court purported to take such action after the dismissal had been entered and the time for proper appeal (or similar action) arising therefrom had passed.

In this regard, Respondents' motion to reopen or remand, which occurred almost a year after the loss of jurisdiction in this case, was not administrative by any means, nor was it an internal act of the court. The case docket shows that the bankruptcy court issued "Notice to Filer of Errors and/or Deficiencies in Documents" in response to Respondents' request to remand, citing "Case closed." (See 19-90151 docket #19, November 17, 2020). Respondents then filed a motion to reopen. Despite the impropriety of such a motion at such a late date, the bankruptcy court nevertheless scheduled a hearing where oral arguments were

heard and a court order issued over Appellants' objections. Clearly, reopening and remand was not an administrative act.

In support of their wrongful argument that they should be permitted to reopen a dismissed case, Respondents further allude to 28 U.S.C. 1447(c). However, Section 1447(c) deals with a motion to remand during the pendency of a removed case, not after it has been duly dismissed. The truth is that reopening a bankruptcy action is governed under Rule 5010, which states as follows:

> "A motion to reopen a closed bankruptcy case must comply with LBR 9013-7 and be accompanied by Local Form CSD 1182, Proof of Service on all parties affected by the motion to reopen, and the appropriate Fee."

First of all, as expressed succinctly by the Ninth Circuit BAP:

> "Reopening a dismissed case is an oxymoron — since the consolidated cases were dismissed rather than closed, there are no closed cases to reopen. *See Armel Laminates, Inc. v. Lomas Nettleton Co. (In re Income Prop. Bldrs., Inc.),* 699 F.2d 963 (9th Cir. 1983)." *In re Pavelich*, 229 B.R. 777, 781 (B.A.P. 9th Cir. 1999)

Further, as detailed in Appellants' Opening Brief on pages 22-24, a dismissed adversary proceeding cannot be reopened under Rule 5010. Thus, neither the court's entertaining of a motion to reopen nor the court's entertaining of a motion to remand could be construed (at least with a straight face) as having been an "administrative" act which is permitted after the loss of jurisdiction.

Indeed, Respondents' argument on this point is an emphatic demonstration of

Respondents' continuing plans and intentions: Using any and all tactics, including stealing documents, lying to notaries, making spurious and/or misleading arguments and making claims that lack any semblance of probable cause (purportedly relying on "punjabi" culture for the same [AA 196:22-27]), so as to seek to control Appellants and, by what can only be viewed as legal extortion, obtain all or part of Appellants' property. Respondents should not be allowed to perfect and perpetuate such a scheme via this improper motion (or indeed any furtherance of legal proceedings that have now been closed).

Attempting to claim Appellants' home by perjury and forgery has been a colossal waste of judicial resources, spanning more than half-a-decade across multiple courts. Respondents' motion to dismiss is but the next step in their contempt for proper judicial process.

### C. Respondents' Argument That Appellants Lack Standing Is Patently False. Appellants Are Aggrieved.

Respondents allege Appellants lack standing under the "person aggrieved" standard for determining whether standing exists in bankruptcy appeals. Respondents selectively cite, and cite out of context, only the specific words from *Fondillier v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983) they find advantageous, whereas the case succinctly defines a "person aggrieved" and the definition renders Respondents' argument null:

> A "person aggrieved" is someone whose interest is directly affected by the bankruptcy court's order, either by a diminution in property, an increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property. *In re Fondiller*, 707 F.2d at 442-43. [*Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 265 (BAP 9th Cir. 2005)].

There is absolutely no doubt Appellants are persons aggrieved and have standing. The ruling under appeal has resulted in an immediate pecuniary cost to Appellants. As previously described, Respondents caused a fraudulent deed to be recorded against Appellants' property. The purported reopening and remanding is simply their latest tactic to get something for nothing. This has immense and immediate impact on Appellants and Appellants are directly prejudiced by the order under appeal in that it has caused Appellants to continue to incur costs in defense of claims over which the court lacks any further jurisdiction.

Furthermore, Respondents have now occupied Appellants' property for almost 6 years, without paying any rent or living expenses. It is thus indisputable that Appellants have standing.

Respondents nevertheless seek to justify their argument by citing *In re Carraher* (*Carraher v. Morgan Elecs., Inc. (In re Carraher)* 971 F.2d 327, 328 (9th Cir. 1992)), claiming that the court could have retained jurisdiction over related proceedings after the underlying bankruptcy was dismissed. There is absolutely nothing in the record in this case to support the application of that case to this

action. Indeed, Respondents clearly state on page 11 of their motion that they elected not to motion the court to continue the adversary proceeding ("No party sought continuation"), and the court itself recognized and stated it had no jurisdiction (See transcript of hearing, February 10, 2021 (AA 683:19-22)).

Respondents nevertheless continue to assert that the court somehow retained jurisdiction and power to issue orders after dismissal of the adversary proceeding *and* the underlying bankruptcy. However, there is nothing in either the statutes, applicable court rules or applicable case authorities that support such a statement. On the contrary, in a case where a bankruptcy judge purported to issue an order and a "default judgment" after dismissal, the Ninth Circuit United States Court of Appeals held that such default judgment was void, stating that the same "was clearly entered after [the judge] had dismissed both the underlying bankruptcy action and the adversary action itself" and thus it was difficult "to imagine a clearer case for declaring a purported 'judgment' invalid". (*In re Taylor*, 884 F.2d 478, 482 (9th Cir. 1989)).

Finally, as further testament to Respondents' continuing tactics of disinformation, misdirection and bad faith, we point out that among Respondents' false allegations are that there were "findings of fraud" and the trustee objected and it was a sham bankruptcy. These are false and are most likely intended to garner

sympathy from all corners. The trustee withdrew his objection, which was regarding the Chapter 13 debt limit, and there were no allegations of any wrongdoing by the debtor. Both the judge and trustee expressed sympathy for the debtor's situation, including at the February 10, 2020 hearing. The final report issued by the trustee, long after the request for dismissal was granted, contains no objections.

Respondents also accuse Appellants of harassing them with litigation whereas it is Respondents who seek to reopen a litigation that has long ago been dismissed. Further, where Respondents have just themselves on December 29, 2021 filed for an extension of time (BAP docket 35), they concurrently object to Appellants' application for an extension.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Each of Respondents' arguments fail and Respondents have continued unabated in their deliberate misconduct to mislead the court in order to gain from the chaos they have single-handedly created, originating from their attempted use of a false deed and claims in that regard by right of purported principles of "punjabi" culture. Indeed, while it is clear that Respondents' arguments lack merit, they nevertheless, and with admittedly unclean hands, continue to seek to misuse the judicial process to live rent and expense free in Appellants' property. Appellants respectfully request that Respondents' motion to dismiss be denied in its entirety.

Respectfully Submitted,

Dated this 6th day of February, 2022

/s/ Todd Beld .
Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

Federal Rule of Bankruptcy Procedure 8015(a)(7)

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7), the undersigned certifies that the Appellants' Response to Appellees' Motion to Dismiss complies with the type-volume limitation and that the Appellants' Response Brief contains 4080 words (excluding the cover page, tables, signature blocks and required certificates) as counted by the computer program used to prepare the Opening Brief.

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY
APPELLATE PANEL OF
THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

---

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

**APPELLEES' OPPOSITION TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS APPEAL**

---

The Appellees Sana Deen and Sidrah Deen ("Appellees"), submit these Opposition to Kashif Khwaja and Isha Deen Khwaja (Appellants') counsel's, Motion for Extension of Time to Respond to Appellees' Motion to Dismiss Appeal for reasons set forth below.

Appellants' motion is another stalling tactic by the Appellants to continue misusing the Bankruptcy and the BAP Courts as means to gain unfair advantage in the pending civil litigation, of over five and a half years. Appellants and their counsel know that their Appeal is moot and the order they are appealing is not appealable per the bankruptcy laws (as discussed in the Motion to Dismiss Appeal in more detail). Yet, instead of doing the right thing, the counsel claims he is too busy to respond to the motion, when a Response is not even mandatory and the BAP has the authority to make a determination based on merits and the law, even without a Response from the Appellants. **The BAP must consider matters sua sponte even if not briefed by the parties**. Stanley v. Crossland, Crossland, Chambers, MacArthur & Lastreto (In re Lakeshore Village Resort, Ltd.), 81 F.3d 103, 105 (9th Cir. 1996); Kontrick v. Ryan, 540 U.S. 443, 455 (2004). It generally makes sense for a motion to dismiss the appeal to be filed and ruled upon as early as possible to save the cost of briefing in a case that ultimately will be dismissed (there is no dependency on Appellants' Response extension, or the Appellees' Brief's extension anymore).

However, the Appellants' counsel had time to write a new motion of about 8 pages, including a new declaration. If Appellants had any reasonable grounds to save their Appeal, the counsel could have easily summed them up (against the Appellees Pro Se) in less number of pages, taking less time. The counsel could have used the same time to actually respond to the Motion to Dismiss.

Appellants have already wasted almost two and a half years in the bankruptcy courts with a sham bankruptcy, without adjudication or judicial action, violating Appellees' right to Trial and causing tremendous stress and burden on the Appellees. Appellants have already received numerous extensions of time for filings in this Appeal, wasting over 10 months since first filing their Appeal.

The Bankruptcy court had issued the Order to reopen and remand based on findings of fact and conclusions of law. Yet Appellants ask the appellate court to grant an appeal against the Law. The subject Order of the appeal is barred and immune from appeal, the appeal is moot, and Appellants lack standing; the Appeal has been long overdue to be dismissed. There is no response that Appellants can provide on the Motion to Dismiss Appeal that would be able to change the results of the Motion as it is a matter of law and jurisdiction that makes it a moot appeal that should be dismissed. Nothing can be presented to the Court to overrule Bankruptcy laws.

Infact, after the Motion to Dismiss Appeal, opposing counsel has a 'Duty of Attorney' and should have informed the BAP of developments pending appeal. Attorneys have a "continuing duty to inform the Court of any development which may conceivably affect the outcome' of the litigation." Bd. of License Comm'rs v. Pastore, 469 U.S. 238, 240 (1985)(quoting Fusari v. Steinberg, 419 U.S. 379, 391 (1975)). See also Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.23 (1997)("It is the duty of counsel to **bring to the federal tribunal's attention, 'without delay,' facts that may raise a question of mootness.**"). (emphasis added)

With the Motion to Dismiss Appeal, both Appellants and their counsel are aware that as per Local Rule 7041-2 (b), the appeal is a moot issue and hence should be dismissed to prevent

any further waste of judicial resources and the opposing party's time, money, and lives. Yet, Appellants' consel filed this Motion and continues to help cover up his clients' false bankruptcy and Appeal and facilitate a way for the Appellants to gain further benefits in their civil/State litigation.

Appellants are misusing this pending (moot) Appeal to start another, new frivolous Appeal in the State court, attempting to vacate the State court's scheduled trial date, yet again, causing Appellants undue burden, pain, further monetary losses, and distress. Appellants had already wasted over a year on a previous frivolous Appeal with the State Appellate court, that was dismissed after a motion to dismiss Appeal was ruled upon in Appellees' favor.

To avoid any further delay on top of (another) almost two and a half years that Appellants have already wasted of Appellee's lives and all the Judicial resources in the bankruptcy courts, and based on the oppositions above, Appellees request that Appellants motion is denied and the Motion to Dismiss the Appeal is ruled upon within the given timeframe as per the BAP rules. If at all possible, Appellees request immediate action and ruling on the Motion to Dismiss Appeal to avoid further undue burden, distress, and any irreparable harm to Appellees.

For the above referenced reasons, Appellees humbly request the Honorable Court to not Grant the Motion to Extend time and issue a ruling granting the Motion to Dismiss the Appeal without further delay, so the remanded claims can finally proceed towards adjudication (on the state/civil litigation that has been long pending since 2016).

Respectfully submitted,

January 10, 2022 By:

Sana Deen and Sidrah Deen, Appellees

**UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

**CERTIFICATE OF SERVICE**

Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL
Appeal No. SC-21-1035

On January 10, 2022, I served the following document(s):

Appellees' Opposition to Appellants' Motion for Extension

I served the document(s) to:

TODD DANIEL BELD
toddbeld@msn.com
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602

**[ ]** (MAIL) (C.C.P. § 1013(a)) Pursuant to CCP § 1013(a) said envelope would be deposited with the U.S. Postal Service on the same day with postage thereof fully prepaid at San Diego, California in the ordinary course of business. I placed the envelope for collection and mailing on the date identified above.
[**X**] (ELECTRONIC SERVICE) (CCP § 1010.6(a)(4)) I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 10, 2022, in San Diego, California.

Sidrah Deen

Sidrah Deen

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

---

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

**APPELLEES MOTION TO DISMISS APPELLANTS APPEAL**

---

**TABLE OF CONTENTS**

I. INTRODUCTION 5

II. BACKGROUND 5

III. LEGAL ARGUMENT 8

A. The subject Order is not appealable. An order based on any equitable ground remanding claims or causes of action is not reviewable by appeal. 28 U.S.C. § 1452 (b). An order remanding a case to the State court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447 (d), 28 U.S.C. § 1447(c). Appeal should be dismissed 8

B. Appeal is Moot. There is no controversy or case, No Effective Relief can be granted. Appeal should be dismissed 10

C. Appeal should also be dismissed for Lack of Standing 13

D. CONCLUSION 16

**CASES**

Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1009 & n.7, 1010 (9th Cir. 1997)

Carraher v. Morgan Elecs., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992)

Boco Enters., Inc. v. Saastopankkien Keskus-Osake- Pankki , 204 B.R. 407 (Bankr. S.D.N.Y. 1997)

Doddy v. Oxy USA, Inc., 101 F.3d 448 (5th Cir. 1996)

Chapman v. Currie Motors, Inc., 65 F.3d 78 (7th Cir. 1995

H.R.Rep. No. 95-595, p. 51 (1977)

U.S.Code Cong. & Admin. News 1978, pp. 5787, 6013

United States v. Rice, 327 U.S. 742, 752, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946)

Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)

Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1214 (9th Cir. 2014)

Collect Access LLC v. Hernandez 483 B.R. 713, 719 (9th Cir. BAP 2012)

U.S. Const. art. III, § 2, cl. 1

Yellow Cab Coop. Ass'n v. Metro Taxi, Inc., 132 F.3d 591, 594 (10th Cir. 1997)

L.F. Jennings Oil Co., 4 F.3d 887, 889 (10th Cir. 1993)

Arizonans for Official English v. Ariz., 520 U.S. 43, 73 (1997)

County of L.A. v. Davis, 440 U.S. 625, 631 (1979)

Powell v. McCormack, 395 U.S. 486, 496 (1969)

Mills v. Green, 159 U.S. 651, 653 (1895)

Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)

In re Osborn, 24 F.3d 1199, 1203 (10th Cir. 1994)

In re King Res. Co., 651 F.2d 1326, 1331-32 (10th Cir. 1980)

Menk v. LaPaglia (In re Menk), 241 B.R. 896, 917 (9th Cir. BAP 1999)

Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)

Already, LLC v. Nike, Inc.,133 S. Ct. 721, 726 (2013)

Nat'l Org. For Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994).

Motor Veh. Cas. Co. v. Thorpe Insulation Co. 677 F.3d 869, 879 (9th Cir. 2012)

Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983)

Darby v. Zimmerman (In re Popp), 323 B.R. 260, 265 (9th Cir. BAP 2005)

Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999)

**CODE**

28 U.S.C. § 1452 (b)

28 U.S.C. § 1447 (d)

11 U.S.C 349

Rule 7041

Southern District of California Local Rule 7041

Civil Rule 41(a)(2)

## INTRODUCTION

The Appellees Sana Deen and Sidrah Deen ("Appellees") submit this Motion to Dismiss the Appeal by the Appellants Isha Deen Khwaja and Kashif Khwaja ("Appellants") to the Bankruptcy Appellate Panel, BAP, on the following grounds:

A. Subject Order is not Appealable. 28 U.S.C. § 1452 (b); 28 U.S.C. § 1447 (d), (c)

B. Appeal is Moot

C. Appellants Lack Standing

## I. BACKGROUND

There has been ongoing civil litigation between the Appellants and Appellees in the San Diego Superior Court for over five and a half years since mid-2016, where Appellants had sued the elderly father and two younger sisters to steal and usurp the Deen family home all for themselves - the Khwajas. The State Court has already made numerous orders, decisions, completed two trials, executed two Judgments (after over 21 days of Trial), including a Judgment Determining Title to Real Property in 2017, showing Appellees' title ownership proven on funding since the time of purchase. Appellees have 14 additional causes of action in their Cross-Complaint still pending in the State Court, where the State Court has already made numerous

determinations involving the remainder of case/these causes of action, including findings of fraud against the Appellants.

Between 2018 to late 2019, Appellants were dissatisfied with the decisions and determinations of the State Court in two Civil trials and Judgments issued after expending precious judicial/court resources, overwhelming stress and financial losses to Creditors/Appellees, and failing to fully convince the State Court of any more misrepresentations, the Appellants sought to delay proceedings, and filed motions and appeals **to vacate the two valid Judgments**, even made numerous attempts to change the Judge and the court venue, including a few Writs and appeals to the State Appellate court – **All of which were unsuccessful and Denied by the State Courts (Civil and Appellate).** A summary of these proceedings is listed in Creditors/Appellees' Reply joining the Trustee's Objection and Motion for Dismissal. (See Bankruptcy No. 19-05825-CL13, Dkt #33)

In September 2019, the Appellants first filed a sham bankruptcy on the eve of Civil Trial, Staying the Civil/State case and halting the means for Appellees to pursue State claims and seek justice in the State Court. Then Appellant sought to Remove the State Case and achieve their wish to change the Judge and the Court (continuing their efforts to "Court-shop" and "Judge-shop") to re-litigate and legally harass their weakened family members/Appellees by misusing the Federal Bankruptcy system into un-doing/vacating the valid Judgments issued by the State Court and extinguish/remove the Creditors/Appellees' real claims (including Real Properties, Fraud, Defamation, Personal Injury) and further drain and usurp properties from their elderly father and always working younger sisters (Appellees).

Then around March 2020, when the Chapter 13 Trustee sought to validate the bankruptcy filings and information provided by the Appellants (containing several misrepresentations), with site visits and evaluation of two properties (immediately followed by their counsel filing an emergency motion to be relieved as counsel), and the Appellants realized they couldn't pull a fast one in the Bankruptcy Court any longer, then the Appellants filed a voluntary Request for Dismissal of Chapter 13 Bankruptcy Case in April 2020 to leave the Bankruptcy court as well. And they did so before the scheduled Motion to Remand could ever be heard – in fact before any motions or progress could be made on the Appellees' claims even in the Bankruptcy Court. The legal effect of Appellants' early Bankruptcy Dismissal was a reversal of the removal of the State action claims, remanding the State action claims back to the State Court. Yet, the Appellants claim that their voluntary dismissal of their Bankruptcy case somehow magically made the entire State action cross-complaint (with 15 causes of action) disappear forever, without adjudication or any judicial action. With such absurd claims, the Appellants are making a mockery of the Bankruptcy court system that is meant to be utilized by people who are in real financial crisis, not for sue-friendly civil litigants pretending to be bankrupt, misusing it as a means to gain unfair benefits in civil litigation.

On February 10, 2021, after having carefully reviewed the facts and arguments from both sides about request for remand, the bankruptcy court had reopened and remanded the Appellees' claims/case on equitable grounds, for the case to be decided on Merit, and issued the February 12, 2021 Order, the Subject Order of the appeal.

Appellants' Appeal mischaracterizes the dispute and facts. Appellants seem upset that they failed in their trick to dismiss Appellees' valid claims and the real property Judgment issued by the San Diego Superior Court and are simply resorting to making false accusations even in the

bankruptcy court now, similar to the other forums and judges they were unable to deceive previously, after failing at numerous attempts of Writs and Appeals in the State court.

The Bankruptcy court had issued the Order to reopen and remand based on findings of fact and conclusions of law. Yet Appellants ask the appellate court to grant an appeal against the Law. The subject Order of the appeal is barred and immune from appeal, the appeal is moot, and Appellants lack standing; the Appeal should be dismissed.

Appellants have successfully wasted almost two and a half years playing these games in the Bankruptcy court and causing tremendous stress and burden on the Appellees. Appellees' father, Mr. Chodry Deen became critically ill during all this and his health worsened by Appellants shameless aggressive tactics. Appellees Sana and Sidrah, were occupied taking care of their father for several months and have not been able to retain counsel to help with this complex Appeal, that would cost even thousands more in fees. Unfortunately, Appellees' father, Mr. Deen, passed away about two months ago. Overwhelmed with the grief, Appellees have not been able to work on the response brief or retain counsel still and have sought an extension of time from the BAP. Unsure if the request would be approved but having faith in the fairness of the judicial system, Appellees are submitting this motion pro se, and request the honorable court that if something is not plead properly, to please find it excusable and provide necessary relief as it deems fit and grant this motion to dismiss the appeal.

## II. LEGAL ARGUMENT

### A. The subject Order is not appealable. An order based on any equitable ground remanding claims or causes of action is not reviewable by appeal. 28 U.S.C. § 1452 (b). An order remanding a case to the State court from which it was removed is not reviewable on appeal. 28 U.S.C. § 1447 (d), 28 U.S.C. § 1447(c). Appeal should be dismissed

28 U.S.C. § 1452(b) provides that an order entered under any equitable ground remanding a claim or cause of action is not reviewable by appeal:

> "(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, **is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court**. . . ." 28 U.S.C. § 1452 (1988 ed. and Supp. V). Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

At the hearing, before issuing the February 12, 2021 subject Order of this appeal (Appeal Excerpt Document #29), the bankruptcy court concluded that the court is remanding the case on equitable grounds (§ 1452 (b)), therefore making the Order non-appealable. The Court had stated in conclusion:

> "BUT WHEN I TAKE ACCOUNT OF ALL OF THESE FACTORS AND I CONCLUDE THAT ABSTENTION IS APPROPRIATE AND **THAT THE EQUITABLE GROUND FOR REMANDING THE CASE IS THAT THE CASE SHOULD BE DECIDED ON THE MERITS**. … AND HAVING CAREFULLY CONSIDERED THE FACTORS IN IN RE ENRON IT SEEMS PLAIN TO THE COURT **THAT THE CASE HAS TO BE RETURNED TO THE STATE COURT. IT'S QUITE A CLEAR OUTCOME**" (February 12, 2021, Transcript of Hearing, AA 698 18-25, 699 1-5)

In Things Remembered, the Supreme court stated:

> "Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases "on any equitable ground," and declares that **the remanding order is "not reviewable by appeal or otherwise**."**1** Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts—a chapter now comprising 28 U.S.C. §§ 1441-1452—meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases. The drafters, it bears emphasis, expressly contemplated that remand orders for claims related to bankruptcy cases "**would not be appealable**"; in particular, they reported that **bankruptcy forum remands would be unreviewable** "*in the same manner* that **an order of the United**

**States district court remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise**." H.R.Rep. No. 95-595, p. 51 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6013 (emphasis added).**2**"

Similarly, 28 U.S.C. § 1447(d) states:

"**An order remanding a case to the State court from which it was removed is not reviewable on appeal**"

"11...Section 1447(d) applies "not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases **removed under *any other statutes,* as well**." *United States v. Rice,* 327 U.S. 742, 752, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946) (emphasis added). Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

"There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both. Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992)"

"In sum, a "**strong congressional policy against review of remand orders**," Sykes, 834 F.2d, at 490, underlies §§ 1447(d) and 1452(b). ... Thus, the Sixth Circuit, I conclude, correctly ruled that neither § 1452(b) nor § 1447(d) permits the assertion of appellate jurisdiction in this case." (Emphasis added)

Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)

Decisions whether to remand to the State court are barred from review in the court of appeals. An order remanding a bankruptcy matter to state court under 28 U.S.C. § 1447(c), due to a timely-raised defect in removal procedure or lack of subject matter jurisdiction, is not reviewable by appeal or otherwise in the court of appeals.

A decision granting or denying remand under 28 U.S.C. § 1452(b) is similarly immune from review. See 28 U.S.C. § 1452(b); Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1009 & n.7, 1010 (9th Cir. 1997)

A decision whether to abstain or not under 28 U.S.C. § 1334(c) is not reviewable by the court of appeals either.

Contrary to the Appellants argument in the opening brief, there is no Jurisdiction issue here. Bankruptcy Court in this case had jurisdiction. Carraher v. Morgan Elecs., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992) (bankruptcy court has the discretion to retain jurisdiction over adversary proceedings after dismissal of main case after considering "economy, convenience, fairness and comity"). See Boco Enters., Inc. v. Saastopankkien Keskus-Osake-Pankki (In re Boco Enters., Inc.), 204 B.R. 407 (Bankr. S.D.N.Y. 1997) (judicial economy, convenience to parties, fairness, and comity guide courts in determining whether to exercise jurisdiction of "related to" proceeding after case dismissed); accord Doddy v. Oxy USA, Inc., 101 F.3d 448 (5th Cir. 1996); see also Chapman v. Currie Motors, Inc., 65 F.3d 78 (7th Cir. 1995).

As the subject Order of this appeal is not appealable, the Appeal is requested to be dismissed.

**B. <u>Appeal is Moot. There is no controversy or case, No Effective Relief can be granted. Appeal should be dismissed</u>**

Appellants' appeal is constitutionally moot as no legal, practical, or effective relief can be granted by this appeal. Constitutional mootness refers to the U.S. Constitution's Article III "case" or "controversy" requirement. Without a "case" or "controversy," the BAP lacks the power to hear the case. An appeal is not constitutionally moot if the BAP could "'give the appellant any effective relief in the event that [the BAP] decide[s] the matter on merits in [appellant's] favor.'" Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.), 771 F.3d 1211, 1214 (9th Cir. 2014); see also Collect Access LLC v. Hernandez (In re Hernandez), 483 B.R. 713, 719 (9th Cir. BAP 2012) ("**An appeal is constitutionally moot** when events occur during

the pendency of the appeal that make it **impossible for the appellate court to grant effective relief**."). (Emphasis added)

The Appellants' objective from this appeal is to reverse the remand Order, however the fact is that the remand was effectuated by Appellants' own voluntary dismissal of their Chapter 13 bankruptcy in April 2020. The legal effect of voluntary dismissal of a bankruptcy is that the adversary was closed, and any case removed was remanded to the State court per the Bankruptcy Dismissal Statutes under 11 U.S.C 349, Rule 7041, and Southern District of California Local Rule 7041.

Local Rule 7041-2 (b) states:

> **If the pending related adversary proceeding was removed from another court, it will be remanded to that court upon dismissal of the underlying** bankruptcy case unless a party files a motion seeking continuation of the adversary proceeding in this Court within 21 days of case dismissal. [Emphasis added]. Local Rule 7041-2 (b)

No party sought continuation; adversary remand was effective upon bankruptcy dismissal as per the bankruptcy laws. There is no effective relief that BAP can grant to Appellants on merits. Hence, Appellants' Appeal should be dismissed on the ground of mootness.

As to the jurisdictional issue of whether the appeal is moot, including whether it is moot in the constitutional sense, i.e., that there is no case or controversy. See U.S. Const. art. III, § 2, cl. 1; Yellow Cab Coop. Ass'n v. Metro Taxi, Inc. (In re Yellow Cab Coop. Ass'n), 132 F.3d 591, 594 (10th Cir. 1997); In re L.F. Jennings Oil Co., 4 F.3d 887, 889 (10th Cir. 1993); see also Arizonans for Official English v. Ariz., 520 U.S. 43, 73 (1997) (court has an obligation to satisfy itself that it has jurisdiction to hear an appeal). "'**[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome**.'" County of L.A. v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). **A controversy is no longer "live" when the reviewing court is not capable of**

**rendering effective relief** or restoring the parties to their original position. Mills v. Green, 159 U.S. 651, 653 (1895); see Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992); In re Osborn, 24 F.3d 1199, 1203 (10th Cir. 1994); In re King Res. Co., 651 F.2d 1326, 1331-32 (10th Cir. 1980) (**if the only effect of reversal on appeal would be to order the impossible, court should not address the merits of the appea**l). "[I]f an event occurs while a case is pending on appeal that **makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed.**" Osborn, 24 F.3d at 1203 (quoting Church of Scientology, 506 U.S. at 12 (quoting Mills, 159 U.S. at 653)). (emphasis added)

Therefore, the entire premise of this Appeal is moot. There are no live issues left. The reopening was simply an administrative step to clarify the Remand. Remand was a legal effect of Appellants' own bankruptcy dismissal. The appellate court is not able to grant the Appellants any effective relief as a result of this Appeal, rendering it moot.

Menk, 241 B.R. at 910 (noting that some bankruptcy clerk's offices may choose to reopen the case for "practical administrative reasons related to internal management" which are "benign from the standpoint of jurisdiction."

> "there may be practical administrative reasons related to internal management by the clerk's office that warrant reopening. . . ." *In re Menk,* 241 B.R. at 910

Even if the reopen Order is reversed, it has no legal effect on the remand of the case back to the State court, and remand is barred from appeal either way, as discussed in Section A above. There is no case or controversy. The result would be the same even if the Appellants won their argument about reopening (even though they shouldn't) - it does not change the legal effect of Appellants' voluntary bankruptcy dismissal that effectuated the remand. Appellants argue that

their Dismissal of the Bankruptcy somehow extinguished all of Appellees' claims that were removed from the State Court (before any matter was ruled on or adjudicated).

See Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of [Civil Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." (citations omitted)).

However, Appellants wish to unfairly extinguish/delete/discard Appellees' claims without any regress, without any adjudication, in great prejudice to Appellees claims (in millions, as mentioned by Appellants in their appeal), going against the Civil Rule 41(a)(2) and the Law in general. Appellees have a constitutional right to jury trial and to have their issues decided on Merit, not unilaterally discarded by the opposing side without adjudication.

Fact of the matter is, the legal effect of Appellants' voluntary bankruptcy dismissal was the closure of the adversary proceedings related to the bankruptcy, and per the bankruptcy laws it caused any claims that were removed earlier to be remanded back to the State court. The relief Appellants seek by reversal of this order, is simply not possible, it is against the constitution, against bankruptcy laws and impossible for the appellate court, or any court, to grant. Hence there is no effective relief that can be granted making this appeal moot and it should be dismissed.

### C. <u>Appeal should also be dismissed for Lack of Standing</u>

Standing is a jurisdictional issue; it must exist and is open to review at all stages of the litigation. See Already, LLC v. Nike, Inc.,133 S. Ct. 721, 726 (2013); Nat'l Org. For Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994). Questions of standing are reviewed de novo. Motor Veh. Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 879 (9th Cir.

2012). Because standing is a jurisdictional requirement, the BAP must dismiss an appeal when no standing exists.

The Ninth Circuit Court of Appeals and the BAP follow the "person aggrieved" standard for determining whether standing exists in bankruptcy appeals. See Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983) (only parties who are directly and adversely affected pecuniarily by a bankruptcy court order or judgment have standing to appeal); Darby v. Zimmerman (In re Popp), 323 B.R. 260, 265 (9th Cir. BAP 2005).

Appellants do not meet the "person aggrieved" standard in determining standing for appeal. Appellants are not adversely affected pecuniarily by the bankruptcy court's Reopen or Remand Order. The Reopen Order has no legal effect, it is merely used for administrative/clerical/internal management by the court, Appellants are not adversely affected monetarily by it. Menk, 241 B.R. at 910 (noting that some bankruptcy clerk's offices may choose to reopen the case for "practical administrative reasons related to internal management" which are "benign from the standpoint of jurisdiction."

"there may be practical administrative reasons related to internal management by the clerk's office that warrant reopening. . . ." *In re Menk,* 241 B.R. at 910

Appellate standing in bankruptcy is determined under the "person aggrieved" test, under which "[o]nly one who is directly and adversely affected pecuniarily has standing to appeal a bankruptcy court's order." Menk v. LaPaglia (In re Menk), 241 B.R. 896, 917 (9th Cir. BAP 1999); Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442-43 (9th Cir. 1983). Reopening a case typically "presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee." Menk, 241 B.R. at 916-17. Debtor

challenges none of those issues, so ordinarily she would lack standing to appeal the Reopening Order. Id. at 913-17.

Reopening was only an administrative/clerical step to clarify the remand. And because the Reopening Order was without jurisdictional significance, Appellants lack standing to appeal from the Reopening Order, and that appeal should be Dismissed.

Secondly, the remand was already in effect by Appellants' own voluntary bankruptcy dismissal since April 2020, long prior to the subject Order that Appellants are challenging in their August 2021 opening brief. This Order only served to clarify the law since Appellants were clearly disregarding and violating it in front of the State Court to claim extinguishing all of Appellees' claims/causes of action. There was no new relief granted by the subject Order - remand was already effectuated by Appellants' own voluntary dismissal. Hence a reversal of this Order, even if one is granted, would hold no legal effect. Appellants are Not aggrieved, or adversely affected pecuniarily by the bankruptcy court Order, and lack standing.

Also, while the Appeal is trying to trick the judicial system and focuses on the Reopen part of the Order, Appellants actually do not challenge the Remand Order in their appeal, therefore it is waived. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Appellants have waived and lack standing to argue the remand order anymore.

In summary, Appellants are Not aggrieved, or adversely affected pecuniarily by the bankruptcy court Order, and lack standing to appeal. Appeal should be dismissed.

**D. CONCLUSION**

For the above referenced reasons, the February 12, 2021 Order is Not Appealable, Appeal is moot, and Appellants lack standing to appeal, therefore, the Appellees humbly request the Honorable Court to Grant the Motion to Dismiss the Appeal.

Respectfully submitted,

January 3, 2022

By:

Signature Signature

Sana Deen and Sidrah Deen,
Appellees

**UNITED STATES BANKRUPTCY APPELLATE PANELOF THE NINTH CIRCUIT**

**CERTIFICATE OF SERVICE**

Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL
Appeal No. SC-21-1035

On January 4, 2022, I served the following document(s):

APPELLEES MOTION TO DISMISS APPELLANTS APPEAL

I served the document(s) to:

TODD DANIEL BELD
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
toddbeld@msn.com

**[ ]** (MAIL) (C.C.P. § 1013(a)) Pursuant to CCP § 1013(a) said envelope would be deposited with the U.S. Postal Service on the same day with postage thereof fully prepaid at San Diego, California in the ordinary course of business. I placed the envelope for collection and mailing on the date identified above.

[**X**] (ELECTRONIC SERVICE) (CCP § 1010.6(a)(4)) I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 4, 2021, in San Diego, California.

Sidrah Deen
Sidrah Deen

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

---

On Appeal from the Bankruptcy Court for the Southern District of California,
San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

**APPELLEES MOTION TO EXTEND TIME TO FILE RESPONSIVE BRIEF AND SUPPLEMENTAL EXCERPTS**

---

**REQUEST FOR EXTENSION OF TIME**

1. Appellees request an extension of 60 days to file the Responsive Brief and any supplemental excerpts.
2. The current due date for the Responsive Brief and any supplemental excerpts is Tuesday January 4, 2022.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be Monday March 7, 2022.
4. This is Appellees third request to extend time, requesting an extension of 60 days. Appellee Mr. Chodry Deen, elderly father of Appellees Sana Deen and Sidrah Deen who was critically ill over the last several months, became further sick requiring another surgery and hospitalization and has unfortunately passed away in late October.
5. During this very difficult time, Appellants have continued their aggressive behavior with violations and harassment of Sana and Sidrah Deen at home, and inundated them with frivolous, extensive, burdensome motions (of hundreds of pages) in the State court in an effort to disregard and reverse the Federal Bankruptcy courts' orders – causing further pain and distress to the already exhausted and grieving Appellees. Appellants also continue to deploy the same heavy-handed approach in the near future and have reserved several more hearings and motion dates in the State court, in an effort to capitalize on Appellees' weak time and cause even more pain.
6. Appellees have been overwhelmed by Appellants' continuous harassment and heavy-handed frivolous litigation motions, all while they are trying to cope with their father's loss, leaving no time to prepare the Response to the Appellants' very technical, complex, lengthy opening brief, or to seek counsel in this highly specialized area of law in the current timeframe, and are unfortunately unable to file the Responsive Brief and excerpts by the current due date. Appellees also need to figure out how to file the Response on behalf of their late father, one of the three Appellees named in Appellants' Appeal

and Opening Brief, as Appellees are currently only self-represented. Appellees request a 60 days extension and relief from the Honorable Court as good cause exists.

Dated: December 28, 2021

Respectfully submitted,

[signatures]

Appellees Sana Deen, Sidrah Deen

**DECLARATION OF SANA DEEN**

I, Sana Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 60 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Tuesday January 4, 2022.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be March 7, 2022.
4. Our father, Mr. Chodry Deen (one of the Appellees) continued to be sick since the last extension and, despite all efforts, unfortunately passed away.
5. During this very difficult time, Appellants have continued their violations and harassment at home, while burdening us with frivolous motions in the State court, causing a lot of work and further distress to us while we are grieving the loss of our beloved father. Overwhelmed with the ongoing aggressive tactics by Appellants, unfortunately my sister and I are unable to file the Responsive Brief and excerpts by the current due date as described in the request for extension.
6. We humbly request a 60 days extension and relief from the Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 28th day of December 2021 at San Diego, CA.

Respectfully submitted,

[signature]

Sana Deen, Appellee

**DECLARATION OF SIDRAH DEEN**

I, Sidrah Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 60 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Tuesday January 4, 2022.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be March 7, 2022.
4. Our father, Mr. Chodry Deen (one of the Appellees) continued to be sick since the last extension and, despite all efforts, unfortunately passed away.
5. During this very difficult time, Appellants have continued their violations and harassment at home, while burdening us with frivolous motions in the State court, causing a lot of work and further distress to us while we are grieving the loss of our beloved father. Overwhelmed with the ongoing aggressive tactics by Appellants, unfortunately my sister and I are unable to file the Responsive Brief and excerpts by the current due date as described in the request for extension.
6. We humbly request a 60 days extension and relief from the Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 28th day of December 2021 at San Diego, CA.

Respectfully submitted,

Sidrah Deen

Sidrah Deen, Appellee

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

**CERTIFICATE OF SERVICE**

Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL
Appeal No. SC-21-1035

On December 29, 2021, I served the following document(s):

APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE BRIEF; DECLARATION OF SANA DEEN AND SIDRAH DEEN

I served the document(s) to:
TODD DANIEL BELD
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602

**[ ]** (MAIL) (C.C.P. § 1013(a)) Pursuant to CCP § 1013(a) said envelope would be deposited with the U.S. Postal Service on the same day with postage thereof fully prepaid at San Diego, California in the ordinary course of business. I placed the envelope for collection and mailing on the date identified above.
[**X**] (ELECTRONIC SERVICE) (CCP § 1010.6(a)(4)) I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 29, 2021, in San Diego, California.

Sidrah Deen

Sidrah Deen

FILED
ENTERED
LODGED
RECEIVED

NOV - 1 2021

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY CMK DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

In re:

**AMENDMENT OF LOCAL RULES OF THE U. S. BANKRUPTCY COURT**

**BANKRUPTCY GENERAL ORDER NO. 198**

The Court, having considered all public comments submitted to the Court, adopts amendments to Local Bankruptcy Rules 2002-2(d); 2014-1(a) and (b); 6007-4; 7016-9(c); 7026-1; 7041-2; 9013-4(a)(17); 9013-9; 9014-1 (new); and 9014-2 (new). Administrative procedures 3.1(b) and 3.1(c) are revised to accommodate these Local Rules changes.

IT IS ORDERED that effective December 1, 2021, Local Bankruptcy Rules and Administrative Procedures are revised as attached.

DATED: November 1, 2021

CHRISTOPHER B. LATHAM
Chief Judge, U.S. Bankruptcy Court

LOUISE DeCARL ADLER
Judge, U.S. Bankruptcy Court

LAURA S. TAYLOR
Judge, U.S. Bankruptcy Court

MARGARET M. MANN
Judge, U.S. Bankruptcy Court

The Local Bankruptcy Rules are modified as follows:

**2002-2. Notices of Intended Action and Opportunity for Hearing**

(d) Response. ~~Except as provided in LBR 4002-2(d)(5) (requiring a 14-day response time), a~~Any opposition or response to a notice of intended action must be filed and served not more than ~~21~~14 days after service of the notice of intended action, along with a request and notice for hearing substantially conforming to Local Form CSD 1184. If service of the notice of intended action and opportunity for hearing was by mail, FRBP 9006(f) applies.

**2014-1. Employment of Professionals.**

(a) Chapter 11 Debtor; Case Initiation: Chapter 11 debtors within 30 days from the Petition Date must file an application to retain all professionals as of the outset of the case in accordance with FRBP 2014(a) along with a Declaration of disinterestedness and the proposed order. ~~Untimely applications require a noticed motion seeking nunc pro tunc approval as required by applicable case law.~~ Otherwise, a noticed motion is required.

(b) Other Professionals. The application for employment of chapter 11 debtor professionals entering a case at a later date or applications by a trustee, official committee, or other party where Court approval is required, must conform to FRBP 2014(a) and be filed within 30 days from the commencement of employment.~~,~~ ~~or a noticed motion requesting nunc pro tunc approval~~ Otherwise, a noticed motion is required.

**6007-4. Procedure for Expedited Abandonment of Personal Property**. Where a Movant seeks rejection of an unexpired nonresidential real property lease under LBR 9013-9(c), it may combine a Motion for Expedited Abandonment of Personal Property with a related Motion for Expedited Lease Rejection, and the procedures and notice provisions of LBR 9013-9 will apply.

**7016-9. Preparation for Trial.** Unless otherwise ordered or otherwise specified in the assigned Judge's Chamber Guidelines, the parties must complete the following at least 7 days before the start of trial:

(c) Proposed Findings. When ordered,~~In proceedings tried without jury, and otherwise when so ordered,~~ serve and file proposed findings of fact and conclusions of law;

**7026-1. Applicability of Rule.** All adversary proceedings, and all contested matters under FRBP 9014 to which the adversary rules apply, must comply with FRBP 7026 and follow the procedures set forth in LBR 7016-1. Failure to timely comply will be cause for issuance of a notice of dismissal or denial of the matter. FRCP 26(d)(1) is not applicable to requests under FRBP 7033, 7034, or 7036. However, discovery may not be propounded in connection with a contested matter until after the responding party has filed written opposition to the matter. Discovery in unopposed contested matters may not be undertaken without leave of court. See LBR 9014-2.

**7041-2. Dismissal of Related Title 11 Case.**

(a) Except as provided in the following subsection, ~~W~~whenever a bankruptcy case is dismissed, any pending related adversary proceeding ~~within~~ which a final judgment has not been entered will be closed ~~may be dismissed without prejudice and without further order of the Court,~~ unless a party files a motion seeking continuation of the adversary proceeding within ~~7~~ 21 days of case dismissal.

~~(a)~~(b) If the pending related adversary proceeding was removed from another court, it will be remanded to that court upon dismissal of the underlying bankruptcy case unless a party files a motion seeking continuation of the adversary proceeding in this Court within 21 days of case dismissal.

(c) A party seeking continuation of an adversary proceeding under this rule may move for judgment or dismissal before the adversary proceeding is closed or after entry of an order reopening a closed adversary proceeding.

~~(b)~~(d) If the debtor files another Petition for Relief under Title 11 within 90 days following entry of the order dismissing the prior case, any plaintiff whose adversary proceeding was dismissed under this rule may file a motion, subject to objection, and proposed order to have the adversary proceeding reopened and made applicable in the new case, as though the adversary proceeding were originally filed in the new case.

**9013-4. Hearings and Hearing Dates.** Certain motions require a notice of hearing in every instance (LBR 9013-4(a)). Hearings on all other motions and on notices of intended action are set only upon request of the Movant or respondent (LBR 9013-4(b)). In all instances, hearing dates must be requested from the Courtroom Deputy. A judge may, in the judge's discretion, decide a motion without oral argument even if a hearing date was assigned.

(a) Hearing Required (Movant Requests Hearing). This rule governs any motion or application where the Movant requests a hearing date or an actual hearing is

required by the Bankruptcy Code or FRBP including, but not limited to, the following motions and applications:

(17) motion for ~~nunc pro tunc~~ approval of applications to employ counsel or other professionals filed more than 30 days after the petition date or employment date, as relevant;

**9013-9. Emergency Motions.**

(b) General Contents of Motion. The motion must:

(c) Contents of Emergency Motion for Rejection of Unexpired Nonresidential Real Property Lease. In addition to the general requirements of 9013-9(b), the motion must:

(1) Identify the applicable statute, the other party to the lease, the location of the leased premises, and the status of possession as of the motion filing date;

(2) State that the lease is proposed to be rejected effective as of the Notice filing or other date proposed by Movant, subject to determination by the Court; and

(3) State whether Movant will seek abandonment of any personal property located on the leased premises by expedited motion pursuant to LBR 6007-4 or on regular notice pursuant to LBR 6007-2 and detail any arrangements for prompt removal of personal property by the Movant.

~~(c)~~(d) Service of Motion. A party must personally serve Documents supporting the emergency motion on parties or counsel for parties in interest including the U.S. Trustee, lessor, and property manager, or if the parties or counsel are located outside of the Southern District of California or personal service is impracticable, then serve the papers in a manner reasonably calculated to provide prompt notice, including express or overnight delivery or, with consent, by email or facsimile. If the motion seeks to reject a real property lease, service must also be made to the address for notices in the lease.

~~(d)~~(e) Telephonic Notice. The Movant must make reasonable efforts to telephonically or personally notify parties, including the U.S. Trustee, of the emergency relief requested. In addition, the Movant must make a good faith effort to determine whether any party intends to oppose the relief requested.

~~(e)~~(f) Declaration Regarding Notice and Opposition. A Declaration must accompany any emergency motion, indicating what notice was given to parties in interest and whether any noticed party plans to oppose the relief requested.

~~(f)~~(g) Caption of Motion. The word "Emergency" must appear in the caption of all emergency motions and orders related to the emergency motion. Movant must provide the judge's law clerk with telephonic notice of the motion when it is filed.

~~(g)~~(h) Response to Motion and Notification of Law Clerk. Any party in interest who opposes an emergency motion must immediately notify the judge's law clerk by telephone of intent to oppose. Written opposition to the emergency motion is not required to be filed ~~to the emergency motion~~, unless the Court otherwise directs.

~~(h)~~(i) Court's Discretion. The Court reserves discretion to grant or deny an emergency motion without further hearing.

~~(i)~~(j) Sanctions. If sanctions are appropriate based on improper use of the emergency motion procedure, sanctions may be awarded regardless of the ultimate determination of the merits if later heard as a fully noticed matter.

## RULE 9014. DISCOVERY IN CONTESTED MATTERS

**9014-1. Applicability of Rule.** In all contested matters under FRBP 9014 to which the adversary rules apply, the parties must comply with FRBP 7026 and follow the procedures set forth in LBR 7016-1. Failure to timely comply will be cause for denial of the matter.

**9014-2. Timing and Limitations.** Discovery may not be propounded in connection with a contested matter until after the responding party has filed written opposition to the matter. Discovery in unopposed contested matters may not be undertaken without leave of court.

The Administrative Procedures are modified as follows:

**3.1 Filing of Petition, Schedules, Statements, and Other Documents**

**(b) Depending upon your circumstances, the following documents may or may not be needed. If the form is needed, it must be filed at the same time as the Voluntary Petition~~,~~ but filed separately.**

- Application to Pay Filing Fees in Installments (CSD 1006) (for individual debtors only);
- Application for Waiver of Chapter 7 Filing Fee (CSD 1020) (for individual debtors only);

- Statement of Exigent Circumstances and Motion Request to Extend Time (CSD1025).
- Motion for Exemption from Credit Counseling (CSD 1027);
- Disclosure of Compensation of Bankruptcy Petition Preparer (CSD 2800) (only in is cases for unrepresented debtors); or
- Declaration and Signature of Non-Attorney Bankruptcy Petition, Bankruptcy Petition Preparer's Notice, Declaration, and Signature, [See Official Bankruptcy Form 119] (only in cases for unrepresented debtors);
- Motion for Exemption from Credit Counseling (CSD 1027); or
- Statement of Exigent Circumstances and Motion Request to Extend Time (CSD1025).

**(c) The following must be filed with the voluntary petition for individuals or non-individuals or within 14 days after the petition is filed.**

- Chapter 11 Statement of Your Current Monthly Income (122B) (not required in sSubchapter V cases);

Case: 21-1035, Document: 33, Filed: 10/01/2021 Page 1 of 5

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT
OCT 01 2021
FILED
DOCKETED
DATE INITIAL

**Case No. SC-21-1035**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re ISHA DEEN

*Debtor*

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

On Appeal from the Bankruptcy Court for the Southern District of California,
San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

**APPELLEES MOTION TO EXTEND TIME TO FILE RESPONSIVE BRIEF AND SUPPLEMENTAL EXCERPTS**

**REQUEST FOR EXTENSION OF TIME**

1. Appellees request an extension of 90 days to file the Responsive Brief and any supplemental excerpts.
2. The current due date for the Responsive Brief and any supplemental excerpts is Monday October 4, 2021.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be January 4, 2022.
4. This is Appellees' second request to extend time, requesting an extension of 90 days. Appellee Chodry Deen, father of Appellees Sana Deen and Sidrah Deen became critically ill and was hospitalized for over a month, mostly in the intensive care unit. He continues to be very sick, requiring 24x7 care by a combination of health care providers and his daughters Sana and Sidrah Deen. During this time, Appellants prepared and filed a very lengthy, extremely burdensome Opening Brief and excerpts of Record extending over 730 pages on a frivolous appeal, with countless false attacks on their critically sick father and younger sisters spending days and nights in the hospital.
5. Appellee Mr. Deen's health is in poor condition, and he is unable to file the Responsive Brief and excerpts by the current due date. Appellees Sana and Sidrah Deen are also fully consumed providing the critically necessary care and support directly themselves and through the health care providers to their father around the clock, 24x7, leaving no time to review or understand the very technical, complex opening brief, or to seek counsel in this highly specialized area of law in the current timeframe. Appellees request a 90 days extension and relief from the Honorable Court as good cause exists.

Dated: September 26, 2021

Respectfully submitted,

[signatures]

Appellees Sana Deen, Sidrah Deen, Chodry Deen

# DECLARATION OF SANA DEEN

I, Sana Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 90 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Monday October 4, 2021.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be January 4, 2022.
4. Our father, Mr. Chodry Deen's (Appellee) health is in poor condition, and he is unable to file the Responsive Brief and excerpts by the current due date.
5. My sister Sidrah Deen and I, also continue to be fully consumed providing the critically necessary care and support directly ourselves and through the health care providers to our father around the clock, 24x7, leaving us no time to review or understand the very technical, complex opening brief, or to seek counsel in this highly specialized area of law in the current timeframe.
6. We humbly request a 90 days extension and relief from the Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 26th day of September 2021 at San Diego, CA.

Respectfully submitted,

Sana Deen, Appellee

## DECLARATION OF SIDRAH DEEN

I, Sidrah Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 90 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Monday October 4, 2021.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be January 4, 2022.
4. Our father, Mr. Chodry Deen's (Appellee) health is in poor condition, and he is unable to file the Responsive Brief and excerpts by the current due date.
5. My sister Sana Deen and I, also continue to be fully consumed providing the critically necessary care and support directly ourselves and through the health care providers to our father around the clock, 24x7, leaving us no time to review or understand the very technical, complex opening brief, or to seek counsel in this highly specialized area of law in the current timeframe.
6. We humbly request a 90 days extension and relief from the Honorable.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 26th day of September 2021 at San Diego, CA.

Respectfully submitted,

Sidrah Deen

Sidrah Deen, Appellee

UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT

**CERTIFICATE OF SERVICE**

Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL
Appeal No. SC-21-1035

On September 28, 2021, I served the following document(s):

APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE BRIEF; DECLARATION OF SANA DEEN AND SIDRAH DEEN

I served the document(s) to:

TODD DANIEL BELD
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602

[ X ] (MAIL) (C.C.P. § 1013(a)) Pursuant to CCP § 1013(a) said envelope would be deposited with the U.S. Postal Service on the same day with postage thereof fully prepaid at San Diego, California in the ordinary course of business. I placed the envelope for collection and mailing on the date identified above.

[ ] (ELECTRONIC SERVICE) (CCP § 1010.6(a)(4)) I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 28, 2021, in San Diego, California.

[signature]
Sidrah Deen

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*, *Plaintiffs*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees, Defendants*

---

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

# APPELLANT'S OPENING BRIEF

---

TODD DANIEL BELD
ATTORNEY AT LAW
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
(949) 474-0994
E-MAIL toddbeld@msn.com
Attorney For Appellant

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES ....................................................................... 3**

**JURISDICTIONAL STATEMENT ............................................................ 5**

**STATEMENT OF ISSUES .......................................................................... 5**

**STANDARD OF REVIEW ......................................................................... 6**

**STATEMENT OF THE CASE .................................................................... 7**

Factual Background 7

Procedural Background 10

**SUMMARY OF ARGUMENT ................................................................. 14**

**ARGUMENT ............................................................................................ 14**

THE COURT DID NOT HAVE JURISDICTION TO TAKE ANY ACTION THAT WAS OR COULD HAVE BEEN REQUESTED BY RESPONDENTS AFTER THE ADVERSARY PROCEEDINGS AND THE BANKRUPTCY PROCEEDING HAD BEEN DISMISSED AND ITS ORDER TO THE CONTRARY IS A LEGAL NULLITY ................ 14

The Court Erred In Stating There Was No Final Order On The Adversary Proceeding. Dismissal Under 7041 Is A Final Order ................................ 19

RESPONDENTS, WHO WERE DEFENDANTS IN THE ADVERSARY PROCEEDING DISMISSED UNDER RULE 7041-2, DID NOT OBJECT TO THE DISMISSAL OR APPEAL THEREFROM AND DID NOT HAVE A RIGHT BE HEARD ANY FURTHER AT THE BANKRUPTCY COURT ................................ 22

THE BANKRUPTCY COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO APPLY THE PROPER PROCEDURE AND ANALYSIS WHEN IT GRANTED A MOTION TO REOPEN AN ADVERSARY PROCEEDING, 10 MONTHS AFTER IT WAS DISMISSED ................ 24

Respondents' Claims are Unmeritorious and Prejudice against Appellant Exists ...................... 28

The Court Did Not Uphold Procedure, Did Not Conduct a Proper Analysis of the Implications of Reopening and Performed an Exercise in Futility by Remanding a Case Over Which it Had No Jurisdiction ................................ 35

**CONCLUSION ........................................................................................ 37**

**CERTIFICATION OF INTERESTED PARTIES ....................................... 38**

**CERTIFICATION REGARDING RELATED CASES ................................ 39**

**CERTIFICATE OF COMPLIANCE .......................................................... 40**

## TABLE OF AUTHORITIES

**CASES**

*Ackermann v. United States*, 340 U.S. 193 (1950) . . . . . . . . . . 26
*Am. Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963) . . . . . . . . . . 21
*Ash v. Cvetcov*, 739 F.2d 493, 496 (9th Cir. 1984)
cert. denied, 470 U.S. 1007 (1985) . . . . . . . . . . 19
*Armel Laminates, Inc. v. Lomas & Nettleton Co.* . . . . . . . . . . 16, 18
*Beneficial Trust Deeds v. Franklin (In re Franklin)*
802 F.2d 324, 326-27 (9th Cir.1986) . . . . . . . . . . 18
*CSU, L.L.C. v. Xerox Corp.,* 202 F.R.D. 275 (D.Kan. 2001) . . . . . . . . . . 25
*Curry v. Advocate Bethany Hospital*, 352 Fed.Appx. 88, 91 (7th Cir.2009) . . . . . . . . . . 26
*De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) . . . . . . . . . . 19
*Gonzalez*, 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008) . . . . . . . . . . 25
*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) . . . . . . . . . . 26
*In re Archer,* 264 B.R. 165, 168 (Bankr. E.D. Va. 2001) . . . . . . . . . . 27
*In re Blendheim* (9th Cir. 2015) 803 F.3d 477, 499–498 . . . . . . . . . . 37
*In Re Enron,* 296 B.R. 505 (C.D. Cal. 2003). . . . . . . . . . . 17
*In Re Garcia,* 115 B.R. at 171 . . . . . . . . . . 27
*In re Income Property Builders, Inc.)*
699 F.2d 963, 964 (9th Cir.1982) . . . . . . . . . . 16, 18
*In re Jogert, Inc.,* 950 F.2d 1498, 1501 (9th Cir. 1991) . . . . . . . . . . 6
*In re Nations First Capital, L.L.C.* (May 14, 2021, No. 20-60037) . . . . . . . . . . 27
*In Re Ray*, 624 F. 3d at 1136 . . . . . . . . . . 24
*In re Valdez Fisheries, 439 F.3d 545 (9th Cir. 2006)* . . . . . . . . . . 24
*Klapprott v. United States*, 335 U.S. 601 (1949) . . . . . . . . . . 26
*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) . . . . . . . . . . 15
*Kvassay v. Kvassay (In re Kvassay),* BAP No. CC-13-1418-KiLaPa
(B.A.P. 9th Cir. May. 30, 2014) . . . . . . . . . . 33
*Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993) . . . . . . . . . . 26
*Matter of Hanks*, 182 B.R. 930 (Bankr. N.D. Ga. 1995) . . . . . . . . . . 20
*Matter of Plunkett,* 82 F.3d 738, 742 (7th Cir.1996) . . . . . . . . . . 33
*McNutt v. GM Acceptance Corp*., 298 U.S. 178, 182-83 (1936) . . . . . . . . . . 6, 21
*Morongo Band of Ind. v. Cal. St. Bd., Equal*
858 F.2d 1376, 1380 (9th Cir. 1988) . . . . . . . . . . 15, 17
*Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992) . . . . . . . . . . 21
*Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir. 1962) . . . . . . . . . . 35
*Schanen v. United States Dept. Of Justice,*762 F.2d 805, 807 (9th Cir. 1985) . . . . . . . . . . 25, 26
*Straw v. Bowen,*866 F.2d 1167, 1172 (9th Cir. 1989) . . . . . . . . . . 25, 27
*Teamsters, Chauffeurs, Warehousemen Helpers Union,*
*Local No. 59 v. Superline Transp. Co.,*953 F.2d 17, 20 (1st Cir. 1992) . . . . . . . . . . 26
*TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) . . . . . . . . . . 7

*United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 6
*United States v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . 6, 7
*United States v. Johnson*, 396 F.3d 902, 904 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 33
*United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . 17
*Watson v. Sutro* (1890) 86 Cal. 500, 529 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
*Watts v. Pinckney*, 752 F.2d 406, 409-10 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TREATISES**

*3 Collier On Bankruptcy* ¶ 350.03 (16th ed. rev. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
*15 C. Wright, A. Miller E. Cooper*, *Federal Practice and Procedure*
§ 3844, at 332 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**STATUTES**

11 USC § 350(a), 350(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24
28 USC § 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 USC § 1452(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 32
FRBP 1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
FRBP 5010, 5010-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 22, 23, 31, 32
FRBP 7041 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20, 21, 22
FRBP 8002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
FRBP 9013-4, 9013-4(a), 9013-7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 33
FRBP 9027(d), 9027-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 35
FRCP 41(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
FRCP 60(b), 60(b)(1-6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 26, 27, 28, 32
LBR 7041−2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 13, 14, 15, 21

## JURISDICTIONAL STATEMENT

Appellants, Isha Deen and Kevin Khwaja ("Appellants"), appeal from the order of the Bankruptcy Court for the Southern District of California ("Bankruptcy Court") which granted relief to Appellees named herein, Chodry Deen, Sana Deen, Sidrah Deen ("Respondents") in their request to reopen a dismissed adversary proceeding over Appellants' objection that the case had already been dismissed. The Appellants timely filed Notice of Appeal on February 19, 2021, within 14 days of the entry of the Order pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 8002. No party elected to have the appeal heard by the district court, and therefore the United States Bankruptcy Appellate Panel of the Ninth Circuit (`BAP") has jurisdiction under 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under 28 U.S.C. §158(a)(1), an appeal may be taken from "final judgments, orders, and decrees." The order appealed from herein is just such a "final" order under §158(a)(1), as has been confirmed by the BAP in its Order filed March 17, 2021.

## STATEMENT OF ISSUES

1. After two adversary proceedings brought by Appellants and one brought by a respondent were dismissed under Rule 7041-2 and the entire Chapter 13 bankruptcy case likewise was dismissed, does the bankruptcy court that entered the dismissals have any jurisdiction to reopen any of the adversary proceedings.

2. Did Respondents, who were defendants in the adversary proceeding

dismissed under Rule 7041-2 and who did not object to the dismissal or appeal therefrom, have any right to be heard any further at the bankruptcy court.

3. Did the Bankruptcy Court violate Appellant's due process rights by failing to apply proper procedure and analysis when it granted a motion to reopen an adversary proceeding, 10 months after it was dismissed.

## STANDARD OF REVIEW

The existence of subject matter jurisdiction is a question of law reviewed de novo. *In re Jogert, Inc.,* 950 F.2d 1498, 1501 (9th Cir. 1991). The legal conclusions of the bankruptcy courts are subject to de novo review. *In re American Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir. 1984); see also *In re Taylor*, 884 F.2d 478, 480 (9th Cir. 1989). The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction. McNutt v. GM Acceptance Corp., 298 U.S. 178, 182-83 (1936).

A bankruptcy court's application of its local rules is reviewed for abuse of discretion. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en

banc)). Abuse of discretion is a two-prong test; first, the appellate court determines de novo whether the bankruptcy court identified the correct legal rule for application [*United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009)]. If the correct legal rule for application was not applied, then the bankruptcy court necessarily abused its discretion. [Id. at 1262]. If the action in question passes this first hurdle, the appellate court reviews whether the bankruptcy court's application of the correct legal rule was clearly erroneous [Id.]

## STATEMENT OF THE CASE

### A. Factual Background

Appellant Isha Deen filed Bankruptcy case 19-05815-CL13 on September 28, 2019. The case had three associated adversary proceedings (APPELLANTS' APPENDIX ("AA") : Page 726)[1]:

1) 19-90151-CL Deen et al v. Deen et al - Quiet title action removed by Appellant from San Diego County Superior Court in which Appellant is Plaintiff. Respondents are defendants.
2) 19-90150-CL Deen et al v. Kreditor et al - Defendants in this action were Appellants' counsel in the previously mentioned Deen v. Deen action. Appellants sought damages for professional negligence.
3) 20-90007-CL Deen et al v. Deen et al - Respondents' adversary proceeding filed in the Bankruptcy court incorporating their cross complaint from the Quiet title action.

Each of these were dismissed without prejudice by the bankruptcy court in April/May of 2020 (AA 710, 719, 723) concurrently with the dismissal of the

[1] References to the Appellants' Excerpts/Appendix will follow this convention: AA-[Page #]:[Line #]. Line numbers are cited as necessary.

underlying bankruptcy case (AA 495). Respondents are Appellant's younger siblings and their father and whom Appellants' raised and supported financially for 2 decades after their mother passed away and have lived in Appellants' homes since 1997 (AA 277:18 - 280:7). After having failed to seek continuation of the adversary proceeding 19-90151 within 7 days of case dismissal, having failed to appeal from the dismissal, and having further failed to bring any motion under Rule 60(b) (which actually could only have been brought in conjunction with an appeal), Respondents nevertheless thereafter made a "request" to the Bankruptcy Court to reopen the adversary proceeding. Over Appellants' objections, the Bankruptcy Court purported to order one adversary proceeding reopened, while the other two adversary proceedings and the underlying bankruptcy case remained dismissed.

The historical background for these matters is as follows: In 2010, Appellant purchased her dream home from Chase Bank, insured by Lawyer's title, (AA 099 - "Recording Requested by: Lawyers Title Company). There was no dispute on title between the family at the time of purchase or for years afterwards. See Declaration of Attorney Alex Llorente who was involved in the purchase of the property (Exhibit 20 of Appellants' Opposition AA 594-599; See also the declaration of Respondent Sana Deen, AA 600). In 2016, Respondents caused a forged deed to be recorded on Plaintiff's home whereby Appellant's father purported to obtain an interest in the home (AA 546-582, AA 512, AA 525-526,

AA 519-526). The Superior Court of California County of San Diego (after concluding initial bifurcated proceedings relative to that deed and the parties respective claims regarding the home) found that Respondents' deed was stolen and forged with:

> "numerous handwritten additions by Chodry, Sana and Sidrah and that Isha never signed a deed transferring the EI Brazo house to Chodry" (AA 190:17-18)

> "the court finds that the Grant Deeds were taken by Chodry, Sana and Sidrah and then recorded without Isha' s permission and finds that testimony by Chodry regarding receipt of the Deed on November 5, 2015 to not be credible." (AA 191:7-9)

As to this forged deed, the court granted quiet title in favor of Appellant Isha Deen and expunged the forged deed:

> 1) Isha Deen Khwaja as Trustee of 33 Degree Trusts claim to remove cloud on title is Granted;
> 2) The May 31, 2016 Grant Deed ( Document Number 2016-0263348) is null and void and is cancelled and extinguished in its entirety;
> 3) ... Isha Deen Khwaja as Trustee of 33 Degree Trust is the holder of legal title of the EI Brazo property; (AA 200)

However, the state court, purporting to rely upon Respondents' "Punjabi Culture," found a resulting trust:

> "the reason the property was supposed to be a Deen Family house was based on the Punjabi culture. As explained by Chodry, the Punjabi culture involves the family pooling their funds together to purchase property in the name of the parent or parents, as the case may be ... When the parent dies, the parent then leaves the property to the children."

> "The facts of this case clearly support a resulting trust for the benefit of Chodry, Sana and Sidrah. The court finds ... Chodry, Sana and Sidrah's desire to hold the property consistent with their "Punjabi Culture." The court

> further finds that Kashif and lsha never dissuaded Chodry, Sana and Sidrah from pursuing their dream of owning the El Brazo Property consistent with the "Punjabi Culture."" (AA 196:22-27)

The Respondents caused the resulting judgment (not stated as being interlocutory but rather prepared as if it were a final judgment) to be recorded in the official records of San Diego County Recorder's office. Both parties appealed from this judgment, but in 2019 the Fourth District Court of Appeal deemed the Superior Court judgment a non-final, non-appealable and non-enforceable judgment (AA 202). Despite the same, Respondents still allege the judgment is final and "enforced" for 3 years (AA 681:11-12) and claim a dispute over a fraudulent deed which was voided by multiple government agencies, including the County Recorder's Office, the state court and the California Secretary of State who revoked the notarization on Respondents deed (AA 512, AA 519-526). Respondents made the request for relief to the bankruptcy court and the bankruptcy court purported to grant the same, giving rise to this Appeal.

**B. <u>Procedural Background</u>**

In or around December of 2019, Plaintiff's bankruptcy counsel filed notice of removal of Superior Court case 37-2016-22636 to Federal court as Adversary Proceeding 19-90151-CL (AA 001-202). Upon the filing of Notice of Removal, the Superior Court designated the case "Removed to Federal Court" and vacated all dates except one status conference [AA 454, AA 695:20-21].

On December 26, 2019, Appellant's Bankruptcy counsel concurrently

removed the action initiated by Plaintiffs in Orange County Superior Court against Fitzgerald Yap Kreditor ("FYK") for fraud, breach of contract, breach of fiduciary duty and professional negligence to Bankruptcy court as Adversary Proceeding 19-90150-CL [AA 719-722]. FYK alleged no counter claims against Plaintiffs in the Orange County action.

Also in or around December 2019, Respondents filed a proof of claim in the underlying bankruptcy case for $7 million each, totalling $21,000,000.00 (AA 473-481), without providing any substantiation or support.

In January 2020, Respondents filed their own adversary proceeding, 20-90007-CL (AA 723-725), in the bankruptcy court incorporating causes from their cross complaint and lodging the same fraudulent forgeries in violation of Federal law, giving bankruptcy court consent and jurisdiction over their claims. They never filed any answer (AA 727, AA 710), motion for relief from stay or a timely motion to remand the proceeding to the Superior Court. In fact, Respondents didn't even schedule a motion for remand as there is no reference to it anywhere in the docket (AA 710-718).

On or around April 7, 2020, at the onset of the global COVID Pandemic and in light of settlement discussions with Respondents, who were quarantined in the same home with Appellant, Appellant Isha Deen requested dismissal of bankruptcy 19-05815-CL13 which was granted on April 09, 2020 (AA 708-709). On April 10, 2020, the bankruptcy court issued Notice To Parties Pursuant To Local Bankruptcy

Rule 7041–2 (AA 15:1). Respondents were served this notice directly by the bankruptcy court (AA 16:1-2). No party took any action and no party sought to continue Adversary Proceeding 19-90151-CL, or any other related adversary proceeding, within the 7-day interval clearly specified in the notice. Respondents sought not to continue litigation between the family and both parties worked towards an out of court resolution (AA 613:16) with the assistance of extended family during the peaceful interval as all litigation ended.

Accordingly, all three adversary proceedings were dismissed without prejudice on or around April 17, 2020 by the court and a final entry of termination entered into the case docket on May 18, 2020 (AA 712 - ECF #17, 722 ECF #21,725 ECF #15). Appellant called the court clerk and was informed the case was dismissed without prejudice. No further voluntary dismissal notice or action was required. On June 8, 2020 the underlying bankruptcy case, 19-05815, was terminated (AA 708 ECF# 66). After Respondents were served with a lawsuit for legal costs and fees from an expert witness they hired for the state litigation, they backtracked (AA 279:15-23).

Almost 250 days later, on December 10, 2020, Respondents filed a motion to reopen adversary proceeding 19-90151-CL without noticing or serving copies on Appellants (AA 24:1-3). Appellant Isha Deen filed a detailed opposition with a declaration and detailed evidence supporting their opposition to Respondents' improper and improper motion (AA 275-300). Appellant filed a notice of hearing

to oppose the motion to reopen (AA 603). The hearing was held February 10, 2021 (AA 619). Only one Appellant appeared pro se. The scope of the hearing varied greatly from Respondents' filed paperwork. Appellant requested opportunity for additional briefing on the new arguments raised during the hearing. This request was ignored.

In the hearing, the bankruptcy court itself stated it had no jurisdiction, and that the motion to reopen under Federal Bankruptcy Rules of Procedure ("FRBP") 5010 was incorrect, untimely and improperly pled, but nevertheless granted the motion to reopen and further ordered remand of the adversary proceeding to Superior Court, when no motion to remand was noticed or filed. This appeal by Appellant followed, along with notice of dismissal pursuant to Bankruptcy Code Section 41(A)(1)(i) filed by Appellant (AA 714 ECF# 33, AA 716 ECF# 56). The case was transmitted to the Bankruptcy Appellate Panel as Case SC-21-1035.

Certain dates of the adversary proceeding and underlying bankruptcy, are significant and are summarized below for ease of reference.

Timeline for 19-05815-CL13 - Underlying Bankruptcy (AA 701-709)
04/07/2020 - Request for Dismissal of Bankruptcy
04/09/2020 - Debtor Dismissed
04/11/2020 - Vacating automatic stay and injunction
05/07/2020 - Trustee's Final Report and Account
06/08/2020 - Order Approving Account and Date Terminated. Debtor relieved of any further responsibility for keeping the Court and the Trustee advised of a current mailing address.

Timeline for 19-90151-CL - Adversary Proceeding (AA 710-718)
04/10/2020 - Notice to Parties Pursuant to Local Bankruptcy Rule 7041-2

05/18/2020 - Adversary Proceeding Terminated
02/10/2021 - Hearing / Order Granting Reopen and Remand

## SUMMARY OF ARGUMENT

The central issue on appeal is whether the Bankruptcy Court in this case had any jurisdiction to grant any relief whatsoever to Respondents once all matters had been disposed of by dismissals. The fact is that it did not and does not. Even if it had, the fact is that Respondents have not and cannot show the existence of any circumstances, cause or excuses that might justify setting aside or nullifying the dismissals in any way. The dismissals should stand and the order by the Bankruptcy Court purporting to reverse the dismissals must be vacated.

## ARGUMENT

### A. THE COURT DID NOT HAVE JURISDICTION TO TAKE ANY ACTION THAT WAS OR COULD HAVE BEEN REQUESTED BY RESPONDENTS AFTER THE ADVERSARY PROCEEDINGS AND THE BANKRUPTCY PROCEEDING HAD BEEN DISMISSED AND ITS ORDER TO THE CONTRARY IS A LEGAL NULLITY.

The bankruptcy case was dismissed pursuant to the court order entered on April 9, 2020 stating: "Notice is hereby given that the Chapter 13 case for the above–named Debtor Only (Isha Deen) has been dismissed." (AA 701-709, ECF# 61 and 63). On April 10, the court noticed parties to each adversary proceeding of pending dismissal pursuant to Local Bankruptcy Rule ("LBR") 7041-2, as follows:

> (a) Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of

case dismissal.

The 7041-2 Notice to Parties served upon parties by the court clerk stated:

> NOTICE IS HEREBY GIVEN that the Bankruptcy Case No. 19−05815−CL13 has been dismissed and no further proceedings are to be taken in connection therewith. Pursuant to Local Bankruptcy Rule 7041−2(a), this adversary proceeding will likewise be closed unless a party files a motion seeking continuation of the adversary proceedings within seven (7) days of the entry of this notice. (AA 302-303).

No party filed a motion to continue and the adversary proceeding was dismissed. A final termination of the adversary proceeding was entered by the court on May 18, 2020 ending all jurisdiction of the court over the proceedings (AA 712 - ECF #17).

Accordingly, the honorable bankruptcy court itself stated in the February 10, 2021 hearing, since the adversary proceedings which included Respondents' state law claims originally filed in state court had been dismissed and the entire bankruptcy thereafter closed, the court no longer had jurisdiction:

> AND THERE IS NO LONGER A JURISDICTION IN THIS COURT; THAT WHAT CREATED JURISDICTION BEFORE WAS THE BANKRUPTCY ITSELF. THE BANKRUPTCY IS GONE NOW. (AA 683:19-22)

Matters of jurisdiction are black and white. As was stated in *Kokkonen v. Guardian Life Ins. Co. of Am.* , 511 U.S. 375, 377 (1994), jurisdiction cannot be "expanded by judicial decree," and if jurisdiction is lacking at the outset, the district court has "no power to do anything with the case except dismiss." *15 C. Wright, A. Miller E. Cooper*, *Federal Practice and Procedure* § 3844, at 332

(1986) (footnote omitted); accord *Morongo Band of Ind. v. Cal. St. Bd., Equal, 858 F.2d 1376, 1380 (9th Cir. 1988).*

Associated adversary proceedings are "related" to the underlying bankruptcy case because of their nexus to the debtor's bankruptcy case. Here, the nexus was broken as the bankruptcy was dismissed. In this regard, the case of *In Re Income Property Builders, Inc*. (*Armel Laminates, Inc. v. Lomas & Nettleton Co.*), 699 F. 2d 963 (9th Cir. 1982) is instructive. In that case, a creditor (Armel) whose motion to intervene in bankruptcy proceedings to preserve a lien on debtor's property was denied, and which thereafter also failed to file an application for stay of the sale of that property pending appeal and did not object to or attack the subsequent order of the bankruptcy court dismissing the petition, and where no appeal was taken from the dismissal within the time required, it was held that jurisdiction over the creditor's claim for relief or redress in the bankruptcy court became moot, and thus any and all further efforts of the creditor for relief arising out of that bankruptcy are unavailing. The same situation applies here, in that Respondents failed to properly object to or appeal from the dismissal of their claims in the bankruptcy court, thus making any order purporting to resurrect their claims a legal nullity.

Further, reopening the terminated adversary proceeding for Respondents serves no bankruptcy purpose. They, the moving party, bear the burden to establish good cause and basis to reopen. Not only was the motion untimely but it was brought for the inappropriate purpose of fashioning new relief in contravention of

the dismissals in the action in which they sought relief. In this regard, while it should be noted that bankruptcy courts enjoy broad equitable powers, these powers may only be exercised in aid of their jurisdiction and not to "create substantive rights that are otherwise unavailable under applicable law, nor "constitute a roving commission to do equity." See *United States v. Sutton*, 786 F. 2d 1305, 1308 (5th Cir. 1986).

Once again, near the end of the February 2021 hearing, the court stated it lacked subject matter jurisdiction over the adversary proceeding, but shortly thereafter contradicted itself, stating: "The motion is granted. the case is reopened." (AA 699) This conclusion of the court is void and of no force or effect. See *Morongo Band of Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) [vacating judgment rendered by a court that lacked jurisdiction]; see also *Watts v. Pinckney*, 752 F.2d 406, 409-10 (9th Cir. 1985) [upholding a court having, upon direct and timely attack by a party to the action, set aside its own prior judgment because on appeal it was held to have lacked jurisdiction to issue the judgment]. Simply put, the court could not reopen a dismissed proceeding and could not remand it because at the point at which it purported to act it no longer had jurisdiction to deal with the claims of the parties.

The Court relied upon *In Re Enron,* 296 B.R. 505 (C.D. Cal. 2003) (AA 696), but it is distinguishable because the remand at issue in that case was in the context of a bankruptcy case that was then still open. Appellants also point out that

28 U.S.C. 1452 states that when the court has jurisdiction it can exercise discretion. By extension, once final judgment (in this case dismissal) occurs, it is too late to request remand. As the statutory framework and relevant case law demonstrate, a final judgment did occur in this case, and the bankruptcy court was powerless to rule any further on the respective claims of the parties (other than interpreting orders entered prior to the dismissal that granted relief or determined rights of the parties, which is not the case here - see discussion below).

The court also asserted a decision to abstain under *In Re Tucson* (AA 696:15). Again reliance is based on the erroneous assumption that the court somehow retained jurisdiction over the dismissed proceedings whereas, if the court had any jurisdiction at all, it was very narrow and limited:

> "Under the law of this circuit, the bankruptcy court retains subject matter jurisdiction to *interpret* orders entered prior to dismissal of the underlying bankruptcy case, *In re Franklin (Beneficial Trust Deeds v. Franklin),* 802 F.2d 324, 326-27 (9th Cir.1986). [bankruptcy court continuing jurisdiction found because the moving party sought only an interpretation of the bankruptcy court's prior order allowing sale of debtor's property rather than new relief] The bankruptcy court does not have jurisdiction, however, to grant new relief independent of its prior rulings once the underlying action has been dismissed. *See In re Income Property Builders, Inc. (Armel Laminates, Inc. v. Lomas & Nettleton Co.),* 699 F.2d 963, 964 (9th Cir.1982)."

The proceeding was already dismissed. There was nothing to reopen and no case to remand for Respondents who never answered in the bankruptcy court, did not oppose the notice of dismissal and did not file a timely appeal or motion for reconsideration to set aside the dismissal.

**The Court Erred In Stating There Was No Final Order On The Adversary Proceeding. Dismissal Under 7041 Is A Final Order.**

Contrary to the court's assertions at the hearing on the motion in question here, dismissal of a case under 7041 is a legitimate adjudication based on law, and is a final disposition binding on the parties. But in the hearing, the court stated that:

> EVENTUALLY, ISHA DEEN'S BANKRUPTCY WAS DISMISSED AND THAT LEADS TO THE ADVERSARY PROCEEDING BEING CLOSED; NOT RULED UPON, JUST CLOSED AND SHUT DOWN.

Case law holds that:

> "The dismissal of an action, even when it is without prejudice, is a final order. *Ash v. Cvetcov*, 739 F.2d 493, 496 (9th Cir. 1984), cert. denied, 470 U.S. 1007 (1985)." *De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998).

Despite the legitimate dismissal of the case by operation of the court's own written rules, the court asserted that the dismissal "closed" (AA 680, 682, 686, 687, 697), "blocked" (AA 697), "bottled up" (AA 683, 686, 697), the case, "kept [it] from decision" and even equated dismissal with a "procedural snafu" (AA 697).

The notion that the case was "bottled up" as posited by Respondents and the bankruptcy court was therefore erroneous. The adversary proceeding was dismissed according to established rules and became final. If final orders in cases were regularly subject to such challenges such as the one brought by Respondents in the bankruptcy court, there would never be finality or end to litigation. Even if the court had jurisdiction by way of a timely and proper motion prior to the final termination of the bankruptcy and thus had discretion to reopen the case (not the

case here), it would not have been proper to exercise this discretion when "the Court does not have jurisdiction over the business to be conducted in the reopened case." See *Matter of Hanks*, 182 B.R. 930 (Bankr. N.D. Ga. 1995).

Here, not only did Respondents fail to take any action while the case remained open, but even if they had, the court would have been duty bound to decline to exercise discretion to reopen the case because the court lacked any jurisdiction over the underlying claims which Respondents are seeking to vindicate. Respondents confused statutory dismissal (applicable in this case), with the administrative closure process used by file clerks (not the case with the dismissals in question here) and cobbled that into a request for "equitable relief" that was and remains entirely inappropriate under the rules and procedures of the bankruptcy courts. Further in the bankruptcy court, there was considerable confusion between the court and Respondent about the existence of a final order, either in this or the underlying case. Respondent stated to the court: "A JUDGMENT WAS ISSUED ALREADY, WHICH HAS BEEN ENFORCED FOR THREE YEARS NOW." This was an inaccurate and misleading statement in that, as noted previously, the Court of Appeal by that time had already determined that said judgment lacked finality (AA 202) and Appellant also clarified this point in the hearing (AA 694:14-23).

Rule 7041 of the FRBP states in part: "Rule 41 F.R.Civ.P. applies in adversary proceedings." Federal Rule of Bankruptcy Procedure 7041, governs the

voluntary dismissal of adversary proceedings. The language of Rule 7041-2(a) derives from this statute, saying that upon dismissal of a bankruptcy case, "any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court." In this regard, dismissal under 7041 is self-executing.

Further, pursuant to the District and Appellate Courts, there is no bargain, condition or compromise contemplated by any motion, authorization, opposition, objection, or other procedure under the applicable statutes and rules that can resurrect the matter. See *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963) [holding that "[s]o long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk… and there is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play"].

In short, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is no longer any case or controversy "with respect to issues directly involving the reorganization of the estate." See *Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992).

As noted previously, the burden of establishing subject matter jurisdiction rests squarely on Respondents - see *McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 182-83 (1936) - and clearly Respondents did not meet such burden inasmuch as Respondents' moving papers did not address the issue in any way.

**B. <u>RESPONDENTS, WHO WERE DEFENDANTS IN THE ADVERSARY PROCEEDING DISMISSED UNDER RULE 7041-2, DID NOT OBJECT TO THE DISMISSAL OR APPEAL THEREFROM AND DID NOT HAVE A RIGHT BE HEARD ANY FURTHER AT THE BANKRUPTCY COURT.</u>**

Respondents' theory for seeking the relief granted rested on the erroneous assumptions that the Bankruptcy court was the proper court to determine the effect of the dismissals and that the court had somehow retained jurisdiction to address their claims.

Appellants opposed Respondents on their filing under Rule 5010 and the Court agreed, finding that Respondents' motion to reopen under Rule 5010 was not correct:

> 5010 IS NOT THE CORRECT ORDER -- RULE TO OPEN THE CASE... THAT'S FOR REOPENING A BANKRUPTCY CASE, NOT REOPENING AN ADVERSARY PROCEEDING. THEY'RE TWO TOTALLY DIFFERENT THINGS. (AA 687:9-18).

After stating that 5010 was improper, the court stated on the record:

> THE MOTION IS GRANTED. THE CASE IS REOPENED. (AA 699:6)

The court granted both "requests" for Respondents in the same hearing (AA 699:6-7). Appellant was not given notice of any other statute to which to tailor an argument, violating due process rights of Appellants who relied on court rules and procedures. Appellant inquire further about what the court considered proper grounds and requested the opportunity to furnish additional briefing on this topic.

> YOUR HONOR, I DID MY BEST TO RESPOND TO THE MOTION. IF THERE IS ANY OTHER GROUNDS, I WOULD LIKE AN

ADDITIONAL BRIEF ON THIS ISSUE. (AA 688:22-24).

Respondents raised and the court considered numerous new arguments after the lodging of their motion (AA 240) which were not plead in their motion, including issues with the notice of dismissal, hearings allegedly restarted at the state court, right to jury trial, issues with access to the state court during a 2 month closure from approximately March 17 to May 22, 2020[2], remand, allegations by Respondents of administrative errors by the court, and statutes of limitations. The court, in fact, raised arguments in favor of Respondents that Respondents did not themselves raise in their paperwork or in the hearing including involvement of numerous non-debtor parties, abstention, remand and grounds offered for each. Appellant again repeated her request for additional opportunity to brief on the new issues at the end of the hearing:

> NONE OF THESE WERE MENTIONED IN THEIR MOTION. IF THOSE WERE THE REASONS FOR THEM TO REOPEN AND REMAND, I DESERVED A LEGAL NOTICE AND A PROPER DUE PROCESS AND OPPORTUNITY TO RESPOND TO IT RATHER THAN HAVING IT BEING HEARD IN A HEARING LIKE THIS.

The Court ignored the request for further briefing.

FRBP 5010 and §350(b) of the bankruptcy code are inapplicable for reopening an adversary proceeding. FRBP 5010 states: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."

[2] As these issues were not briefed, Appellants did not have an opportunity to respond or provide supporting evidence. See May 22, 2020 "News Release" posted in the "Information Regarding Coronavirus (COVID-19) and Court Operations" section of the State court home page at sdcourt.ca.gov.

However, a case cannot be reopened under 350(b) that was not closed under 350(a). "A case cannot be reopened unless it was closed pursuant to section 350(a) after it has been administered; [t]herefore, a dismissed case [can] not be reopened under section 350(b)." *3 Collier On Bankruptcy* ¶ 350.03 (16th ed. rev. 2011). See also *In re Ray*, 624 F. 3d 1124 (9th Cir. 2010) [holding that the bankruptcy court lacked jurisdiction over state law breach of contract claims] and *In re Valdez Fisheries*, 439 F.3d 545 (9th Cir. 2006) [holding that, where there was no confirmed plan, the bankruptcy court had "no role in the resolution of the creditors' dispute"). In this case, as was found by the United States Court of Appeals in the *In re Ray* case, the bankruptcy court is not the proper court to exercise jurisdiction over such matters (See *In Re Ray*, 624 F. 3d at 1136).

### C. THE BANKRUPTCY COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO APPLY THE PROPER PROCEDURE AND ANALYSIS WHEN IT GRANTED A MOTION TO REOPEN AN ADVERSARY PROCEEDING, 10 MONTHS AFTER IT WAS DISMISSED

Given that only a motion to reopen was submitted by Respondents, Appellant scheduled a hearing only for opposition to the motion to reopen (AA 603). During a phone call with the department's chamber clerk in December 2020, Appellant in pro se was advised that, if the case is reopened, only then will a date for a motion for remand be set and heard in a separate hearing, whereas in the hearing on February 10, 2021 the court granted a "double-request" for reopening and remanding the dismissed adversary proceeding.

The underlying statute relied on by the court remains unknown. For the sake of argument, even if one considers Rule 60, an examination of Rule 60(b) reveals again the erroneous nature of the assumptions upon which Respondents thought it appropriate to make a motion to reopen, in that again Rule 60(b) assumes that the court has subject matter jurisdiction over the parties involved and cannot be used to create jurisdiction where none exists. Further, it has been held that Rule 60(b)(6) should only be applied in extraordinary circumstances because there exists a compelling interest in the finality of judgments. *Schanen v. United States Dept. Of Justice,*762 F.2d 805, 807 (9th Cir. 1985), *reaff'd as modified,* 798 F.2d 348 (9th Cir. 1986). The moving party must demonstrate extraordinary circumstances. *Straw v. Bowen,* 866 F.2d 1167, 1172 (9th Cir. 1989). Respondents failed on this point.

Respondents' purported motion cited “procedural/administrative error" as the reason for the request. Issues related to judicial error are for appeal and cannot be raised under Rule 60. See *CSU, L.L.C. v. Xerox Corp.,* 202 F.R.D. 275 (D.Kan. 2001) (Claims of judicial mistake, both of law and of fact, cannot be raised in a Rule 60(b)(1) motion unless such motion is filed by the deadline for filing a notice of appeal). The date for appeal expired 14 days after the ruling in April 2020. The Seventh Circuit has held that “Rule 60 is not a vehicle for correcting putative legal errors in an underlying judgment.... The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.” *Curry v. Advocate Bethany Hospital*, 352 Fed.Appx. 88,

91 (7th Cir.2009). Rule 60(b) says:

> Rule 60(b) "provides that a party may seek relief from judgment for certain reasons, including: "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). To prevail on a Rule 60(b) motion, the movant must demonstrate: (1) timeliness, (2) exceptional circumstances justifying relief, and (3) the absence of unfair prejudice to the opposing party. *See Teamsters, Chauffeurs, Warehousemen Helpers Union, Local No. 59 v. Superline Transp. Co.,*953 F.2d 17, 20 (1st Cir. 1992). (*See Gonzalez*, 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008)

Respondents never alleged any of the other subparts of Rule 60. The six subdivisions of Rule 60(b) are mutually exclusive, so relief cannot be sought under 60(b)(6) based upon any of the specific grounds enumerated in Rule 60(b)(1)-(5). "Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder only in "extraordinary circumstances" and only when such action is necessary to accomplish justice." (*Klapprott v. United States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950)); see also *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); Liljeberg, 486 U.S. at 863 (Rule 60(b)(6) "should only be applied in 'extraordinary circumstances'"); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)). Case law holds that timing and exceptional circumstances are determinative:

> The Ninth Circuit has specified that since there exists a compelling interest in the finality of judgments, Rule 60(b)(6) motions can be granted only under extraordinary circumstances. *Schanen v. United States Dept. Of Justice,*762 F.2d 805, 807 (9th Cir. 1985), *reaff'd as modified,*798 F.2d 348 (9th Cir. 1986). The moving party must demonstrate extraordinary circumstances . *Straw v. Bowen,*866 F.2d 1167, 1172 (9th Cir. 1989). *(In re Hammer*, 112 B.R. 341, 346 (B.A.P. 9th Cir. 1990))

> “A motion to reopen under Rule 60(b), as made applicable to bankruptcy proceedings through Bankruptcy Rule 9024, was denied because it was not filed within a reasonable time; furthermore, debtor offered no plausible, reasonable explanation or excuse for the three-month delay in filing to vacate the dismissal order.” See *In Re Garcia*, 115 B.R. at 171*; (In re Archer*, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001)).

In this case, Respondents’ tardiness was unreasonable (AA 697:13), and they provided no explanation but rather sought to place blame on a procedural error of the court without articulating any exceptional circumstances excusing their delay. In fact, Respondents shifted position throughout the duration of this motion. At first Respondents claimed they did not “receive” the notice (AA 248:16) but offered no evidence or declaration to support that. They changed their tune after Appellant’s opposition was served on Respondent, proving with evidence (AA 504-505) that they were served on the notice. Subsequently, during the hearing, they claimed they did not “see” the notice of dismissal until later:

> WE WERE -- WE DID NOT SEE THE NOTICE THAT WAS SENT OUT; WE HAD NOT SEEN THAT. AND LATER ON WHEN IT DID -- WE WERE -- DID LEARN ABOUT IT, IT WAS NOT CLEAR THAT IT WOULD BE IMPACTING OUR CAUSES OF ACTION IN THE STATE COURT. (AA 683:6-7)

See *In re Nations First Capital, L.L.C.* (May 14, 2021, No. 20-60037) [nonpub. opn.] [holding Rule 60(b)(1) relief was properly denied where the moving party relied upon counsel's bare assertions that he did not see and doubts that his office received the notice in question].

**<u>Respondents’ Claims are Unmeritorious and Prejudice against Appellant Exists</u>**

Respondents have failed to even allege, much less establish, the requisite "extraordinary circumstances" justifying relief and there are no extraordinary circumstances for missing deadlines, especially when the claims of Respondents are non-meritorious and rely on a fraudulent deed and the existence of "Punjabi culture" within the family in question (which the state court has overlooked, thus Respondents' motivation to go back to that court) (AA 288:11-290:10).

There is no valid legal dispute over title between the family as described in the opposition with the declarations attached. Respondents have devised disputes by forging documents for years to vex and harass Appellants. See document examiner Beth Chrismen reports (AA 546-582) and Declaration of Notary Paty Marquez (AA 541-542) in which Sana Deen impersonated Isha Deen and succeeded in getting a Grant Deed to Appellants property notarized to *create a dispute over title*. As stated in Appellants' Opposition (AA 275), "The courts of law are not the right forum for this sibling-rivalry dispute. See Exhibit 20 of attached Declaration of Isha Deen for three declarations regarding this dispute from: Attorney Cliff Schneider, prior attorney on the underlying civil case; Attorney Alex Llorente who has known this family since 2009 prior to this dispute and was involved in the purchase of Appellants' property … and a declaration from Sana Deen herself in support of Appellants prior to this dispute, who in Paragraph 17 of her declaration praises Plaintiffs as follows: "Isha and Kevin are

very likeable, hard working, moral, and exemplary citizens." (AA 295:23-296:4, 595-602). The Bankruptcy court did not take the time to understand that Respondents made the very same claims in 7 different lawsuits before multiple courts who have dismissed their claims with prejudice on the merits. See Attorney Bob Bright letter to the District Attorney (AA 530-544). Respondents are at this time merely forum shopping (AA 291-293) by requesting to remand instead of refiling their claims in a court of appropriate jurisdiction, if they had a legitimate legal dispute.

The dismissal of the adversary proceeding without prejudice causes no prejudice to the parties whereas the court's order reopening the action does cause prejudice to the opposing party, as it is stated on page 11 (AA 285:14-16) as Appellants "have taken irreversible, irrevocable steps and actions in their lives" and rights have vested.

There were numerous issues of prejudice raised by Appellant during the hearing (AA 684:5-25, 688:5-25) and in written opposition filed on January 4, 2021 (AA 285:3-296:19) which were overlooked by the court, including damage claims against Appellants' prior attorney in related adversary proceeding 19-90150, which were also concurrently dismissed in April 2020 and the two adversary proceedings are intertwined. Appellants were gradually reducing debt as there were no more litigation costs. In addition, Appellants have long ago released their counsel who was fully paid. The court responded to only one of them -- the

least consequential of the three, proposing it should not be difficult to retain new counsel.

While the bankruptcy court in this case thus purported to provide respondents with a legal right (by way of purported remand) to proceed in state court with Respondents' dismissed claims, it did not address any of the other parties' rights with respect to the other adversary proceedings in the bankruptcy, which it goes without saying was and is prejudicial to Appellants and the other parties in those adversarial proceedings (who, according to the court's own reasoning, had their claims "bottled up" in bankruptcy court). This cannot stand. As was stated in *Watson v. Sutro* (1890) 86 Cal. 500, 529, "[e]quity will not permit litigation by piecemeal, but will determine the whole controversy, so as to prevent future litigation (citing *Irwin v. Phillips*, 5 Cal. 144). Thus, even if the court somehow had jurisdiction in this case, it perpetuated reversible error by determining only one of the parties' rights and ignoring the others, allowing the Respondents a seemingly exclusive right to continue what can only be described as abuse of the legal process to intimidate and ultimately seek to control their daughter/sister. Appellants acted in good faith to settle a family dispute, end all litigation after 5 years and 11 lawsuits originating from the same dispute in 2016 and relied on court rules and orders for certainty and finality. All litigation must come to an end. In this situation, litigation *has* ended.

In the hearing, the court states "THE COURT HAS TO LOOK TO THE

PREJUDICE TO BOTH SIDES.") (AA 698:2). Again, the court had no jurisdiction to even get to the point of analyzing prejudice and even if it did, the rule under 60(b) states that there must be "an absence of unfair prejudice to the opposing party" not the moving party. Evaluating under this standard, the court established there is certain and known prejudice to Appellant, whereas the court cited *uncertain* prejudice to Respondents (AA 698:16-17), stating: "THE STATUTE OF LIMITATIONS MAY POTENTIALLY HAVE BEEN TOLLED AS WELL; I CAN'T BE CERTAIN." But that just shows how any exercise of jurisdiction by the court at that point in the proceedings was "an exercise in futility" as such matters are issues of state law only. Nevertheless in purporting to grant remand the court did not respond to Appellant's request for further briefing for the preservation of due process (AA 694:4-13, 688:22-25). Further briefing would have addressed prejudice in detail as to Appellants divested interest in assets and transferred ownership. The evidence has also spoiled, deadlines to recover financial documents have expired, a key witness for Appellants (brother of Chodry Deen) untimely passed away last year, claims related to the dismissed action have also been dismissed. These issues cause real prejudice to Appellants, whereas statutes of limitation on a legitimate quiet title dispute causes no prejudice as quiet title has no statute of limitations and the court erred in the application of law and fact-finding.

The court also claimed that it caused confusion with its notice to

Respondents regarding the 5010 motion (AA 687:9-11). The court cannot accept the blame or grant any relief for this as the notice was not related to the dismissal; it was related to events that took place 8 months *after* Respondents missed their deadline to reopen the adversary proceeding. In making that argument, the court again erroneously assumed that it had some form of continuing equitable jurisdiction, which it did not.

On the contrary, what occurred here is that, on December 10, 2020, Respondents filed Form 1489 "Motion to Reopen Case" pursuant to FRBP 5010. Respondents' did not meet any of the preprinted options on the form and provided their reason under "For other purpose as stated below":

> Request for Remand to State Ct (of Cross-Complaint in State case:37-2016-00022636) in Adv# 19-90151-CL (see next Dkt#) for equitable relief§1452(b) & to correct procedural/administrative error. Adversary was closed before Remand could be heard. Remand needed to pursue due process rights in State Ct. Dkt 19(&18) requires correction of error, per clerk case closed&provided 5010to reopen. (sic[3]) (AA 272).

Local Bankruptcy Rule 5010-1 states:

> A motion to reopen a closed bankruptcy case must comply with LBR 9013-7 and be accompanied by Local Form CSD 1182, Proof of Service on all parties affected by the motion to reopen, and the appropriate Fee.

Respondents failed to meet the requirements as there was no service on all affected parties (AA 274) and no fee was paid.

Further, it should be noted that Local Bankruptcy Rule 9013-4 states:

[3] It is emphasized that the text reproduced here is verbatim as provided by Respondents on the form.

"Certain motions require a notice of hearing in every instance (LBR 9013-4(a))" and includes "(19) motion for remand." Rule 9027-3 reads: "A motion for remand under FRBP 9027(d) must be filed with the Clerk." Respondents failed to meet the requirements as no motion to remand was filed with the clerk and no notice or hearing was scheduled.

In their paperwork Respondents complain about alleged anomalies at the hands of both the court and Appellants - even that their planned motions were never heard: It is well established that a party must (1) make its objections known at the earliest possible opportunity, and (2) give the district court a fair opportunity to correct the problem (*United States v. Johnson*, 396 F.3d 902, 904 (7th Cir. 2005) ["The reason for requiring contemporaneous objections is to assure that district judges have the opportunity to correct errors when they occur. Similarly, "[i]nattentiveness to the litigation is not excusable... Missing a filing deadline because of slumber is fatal" *Matter of Plunkett,* 82 F.3d 738, 742 (7th Cir.1996). Mere inattention or failure to prosecute is not a basis to reopen a case that has been dismissed so long ago and which had the effect of eliminating the court's jurisdiction. Deadlines matter. In 2014, an appeal of a case between brothers over a house came before Hon. Judge Christopher Latham, the judge presiding over the instant case, in which he and the appeal panel ruled that even one day beyond a deadline is too late:

"The FAC had to be filed by July 29. It was not filed until July 30…

> Accordingly, the bankruptcy court did not err in striking the FAC as untimely." *Kvassay v. Kvassay (In re Kvassay),* BAP No. CC-13-1418-KiLaPa (B.A.P. 9th Cir. May. 30, 2014)[4]

The court also found the Respondents were late and considered:

> "WHETHER OR NOT THERE WAS AN UNREASONABLE DELAY. HERE, THE DELAY IS RATHER LONG ... WHY DID IT TAKE A YEAR?" (AA 697:11-17).

The court concluded and cited as partial justification, without any evidence or testimony from Respondents, that "The state court resumed hearings in the matter, it appears, which is baffling." Respondent's provided no evidence. Appellant clearly informed the court in opposition and even during the hearing that the state court was not issuing orders, and that the state court had designated the case "Removed to the Federal Court" (AA 695:19-20, AA 278:8-10, AA 454). Respondents' position isn't based on reasoning. If Respondents believed their case had moved back to State court in April 2020, why would their own attorney file a Notice of Termination of Stay in September 2020? The hearing they are alluding to is a status conference that was scheduled before the case was removed and continued during the early months of the pandemic.[5]

The court stated in the February 10, 2021 hearing that the Federal Bankruptcy court never closed during the COVID pandemic (AA 683:5-8) and

---

[4] This case was marked inappropriate for publication. However, it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1); it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[5] Again, this was not plead in motion and Appellants were not provided an opportunity to brief on this with evidence.

there was no limitation on access to the court. Respondents claim the court made a procedural error when it dismissed the case before hearing their motion to remand, which Respondents claim was scheduled for "May 2020" (AA 682:14-15). There is no entry in the docket of any such hearing (AA 710-718).

Respondents claimed to be unaware of the deadline but did not describe the circumstances or provide a sworn declaration. The court docket clearly shows they were served by the court clerk (AA 214). Respondents are represented by counsel in the now-dismissed state case who purported, in September of 2020, to file a Notice of Termination of Stay that included a copy of the notices of dismissal (AA 498-506) (whereas no party ever sought let alone obtained relief from stay) and who specially appeared in bankruptcy court hearings for Respondents on several occasions, including the 341 trustee meeting on December 6, 2020 and a hearing on January 15, 2021.

**The Court Did Not Uphold Procedure, Did Not Conduct a Proper Analysis of the Implications of Reopening and Performed an Exercise in Futility by Remanding a Case Over Which it Had No Jurisdiction**

The court undertook to reopen the dismissed proceeding for the purpose of remanding it, which is a futile exercise. The proceeding was dismissed without prejudice and there was nothing here to remand except a dismissed action. Even had the proceeding not been dismissed, it still could not be remanded due to the failure to meet deadlines specified in FRBP 9027 and 1447.

> [I]t must be borne in mind that re-opening defeats one of the major purposes of the Bankruptcy Act ... Re-opening removes the element of certainty ... It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause." *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962).

Neither Respondents nor the bankruptcy court showed any compelling cause to reopen that case. The matter was dismissed without prejudice. The considerations relating to the statutes of limitations (including any tolling thereof) on the claims dismissed simply are not cause or justification for reopening a case that was dismissed by the debtor.

It should also be pointed out that Respondents, who were also creditors in the dismissed underlying bankruptcy case, filed a proof of claim giving jurisdiction to the bankruptcy court to resolve their claims against Appellants. They also filed their own adversary proceeding, 20-90007-CL, in which Respondents incorporated all their State Court causes of action (AA 723-725) and this was also dismissed in April 2020. Respondents took no action whatsoever to address the dismissals or appeal from any of them. These dismissals preclude Respondents from bringing these claims again in the bankruptcy court or the previous state court from which it was removed since no remand occurred and the bankruptcy courts no longer have the power to remand back to the state court. All of the dismissals were served by the court and properly noticed (AA 212, 214, 307, 496).

Appellees in this case neither alleged nor can show any defects in the process under the bankruptcy statutes, rules and case law, and therefore even upon

timely and proper motion in the bankruptcy court for relief, they would not be entitled to such relief. Appellees here simply failed to pursue their rights, and the record here shows a failure to assert rights, and not any defect in process. See *In re Blendheim*, 803 F.3d 477 (9th Cir. 2015) [creditor that filed a proof of claim in the Chapter 13 bankruptcy to which the debtor objected and the creditor failed to respond that waited over a year and a half to move to set aside the disallowance order was not entitled to such relief].

Finally, as previously stated, even though the court lacked jurisdiction and could not assume jurisdiction in this case, the bankruptcy court nevertheless sought to apply the rules regarding remand even though the time for any possible action in that regard had long since passed and the bankruptcy proceedings had been fully and finally dismissed. In thus applying the wrong rules to the request made by Respondents, an abuse of discretion occurred which must be corrected by ordering the bankruptcy court to vacate its purported order to reopen and remand.

## CONCLUSION

Appellants request the honorable court reverse the bankruptcy court and direct the trial court to vacate the order entered on February 12, 2021.

Respectfully Submitted,
Dated this 6th day of August, 2021

/s/ Todd Beld .
Attorney for Appellant
California SBN 123005

**CERTIFICATION OF INTERESTED PARTIES**

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

1. Chodry Deen
2. Sana Deen
3. Sidrah Deen
4. Isha Deen
5. Kevin Khwaja

**CERTIFICATION REGARDING RELATED CASES**

BAP DOCKET NUMBER SC-21-1035
Bankruptcy Case No. 19-05815-CL13
[CHAPTER 13]
In re ISHA DEEN

The undersigned certifies that the following are known related cases and appeals:

19-90150-CL
20-90007-CL
BAP Docket Number SC-21-1035
Bankruptcy Case No. 19-05815-CL13

Dated: August 6, 2021

By: /s/ Todd Beld .
Attorney for Appellant
California SBN 123005

**CERTIFICATE OF COMPLIANCE**

Federal Rule of Bankruptcy Procedure 8015(a)(7)

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7), the undersigned certifies that the Appellant's Opening Brief complies with the type-volume limitation and that the Appellant's Opening Brief contains 8640 words (excluding the cover page, tables, signature blocks and required certificates) as counted by the computer program used to prepare the Opening Brief.

offcal
05/07

United States Bankruptcy Court
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101–6991

Telephone: 619–557–5620
Website: www.casb.uscourts.gov
Hours: 8:30am – 4:30pm Monday–Friday

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Isha Deen<br>Debtor(s) | BANKRUPTCY NO. 19–05815–CL13 |
| Isha Deen<br>Plaintiff(s) | ADVERSARY NO. 19–90151–CL |
| v.<br>Chodry Deen<br>Defendant(s) | |

**NOTICE TO PARTIES TAKING MATTER OFF CALENDAR**

TO PARTIES IN INTEREST:

YOU ARE HEREBY NOTIFIED that the hearing on the matter(s) presently set for

**3/24/21 at 2:00 PM, in Department 5, Rm 318**

to wit:

**MOTION TO STAY/VACATE ORDER PENDING APPEAL (RE: ORDER REOPENING AND REMANDING CASE TO THE STATE COURT, ECF NO. 31) FILED BY PLAINTIFFS ISHA DEEN AND KASHIF KHWAJA**

is hereby vacated and taken off calendar.

Dated: 3/12/21

Michael Williams
Clerk of the Bankruptcy Court

*COURT NOTE: Plaintiffs' Motion to Stay/Vacate Order Pending Appeal withdrawn 3/11/21 (re ECF No. 58). The March 24, 2021 hearing date is accordingly vacated and appearances are excused. CBL/SH/jrm

ISHA DEEN, KEVIN KHWAJA
PO Box 2707
Rancho Santa Fe, CA 92067
Isha Deen, Pro Se

FILED
2021 MAR 11 PM 3:54
CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br><br>Debtor, | Case No. 19-05815-CL13<br>(DISMISSED) |
| ISHA DEEN and KEVIN KHWAJA,<br><br>Plaintiffs,<br>v.<br><br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br><br>Defendants | Adversary No. 19-90151-CL<br>(DISMISSED)<br><br>**NOTICE OF WITHDRAWAL OF MOTION PURSUANT TO RULE 41(A) DISMISSAL**<br><br>**Dept 5**<br>**Honorable Christopher B. Latham** |

TO THE CLERK OF COURT OF THE UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF CALIFORNIA: Pursuant to Rule 41(A)(1)(a)(i) and Rule 7041 this adversary proceeding 19-90151-CL has been dismissed. Dismissal under 41(A)(1)(a)(i) was filed on February 19, 2021 as DOCKET #33 of this adversary proceeding, which by law is effective immediately upon filing (See attached Notice of Entry of Dismissal, DOCKET #56).

If Motion to Stay/Vacate Order Pending Appeal (DOCKET #34) currently scheduled for March 24, 2021 is not already vacated, it is hereby withdrawn by Plaintiff/Movant along with any hearings and/or request for continuance.

Respectfully Submitted,

Dated this 10th day of March, 2021

ISHA DEEN in Pro Se

Dated this 10th day of March, 2021

KEVIN KHWAJA in Pro Se

KEVIN KHWAJA
PO Box 2707
Rancho Santa Fe, CA 92067

Isha Deen, Pro Se

FILED
2021 MAR 10 AM 11:18
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br>Debtor, | Case No. 19-05815-CL13<br>(DISMISSED) |
| ISHA DEEN and KEVIN KHWAJA,<br>Plaintiffs,<br>v.<br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br>Defendants | Adversary No. 19-90151-CL<br>(DISMISSED)<br>**NOTICE OF ENTRY OF DISMISSAL OF ADVERSARY PROCEEDING (DOCKET #33) PURSUANT TO RULE 41(A)(1)(i) AND RULE 7041**<br>**Dept 5**<br>**Honorable Christopher B. Latham** |

TO THE CLERK OF COURT OF THE UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF CALIFORNIA: Pursuant to Federal Rules of Bankruptcy Rule 41(A)(1)(a)(i) and Federal Rules of Bankruptcy Procedure Rule 7041 this adversary proceeding 19-90151-CL has been dismissed. The case was first ordered Dismissed in April 2020 pursuant to Local Business Rule 7041-2(a). Dismissal under 41(A)(1)(a)(i) was filed on February 19, 2021 as DOCKET #33 of this adversary proceeding, which by law is effective immediately upon filing and requires no order of the court. For these reasons, the reasons set forth below and pursuant to the well-established and extensive rulings of the US District Courts and US Courts of Appeal, this case should immediately be dismissed.



5815 NTC 5 C

Rule 41(A)(1) states in pertinent part:

> The plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;

A mountain of case law establishes this precedent. Presented below is just a fractional subset:

> The plain meaning of the rule is that a ***dismissal under Federal Rule 41(a)(1)(A)(i) "is self-executing***, i.e., ***it is effective at the moment the notice is filed with the clerk and no judicial approval is required***." Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir.1993); see also Comm. Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1078 (9th Cir.1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, ***no court order is required***, the parties are left as though no action had been brought, and the district court lacks jurisdiction to do anything about it").[3][1] (*In re Howlette, 401 BR 218 - Bankr. Court, D. Maryland 2008*) (Emphasis added)

> The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). ... ***The Clerk of the Court is directed to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)***. (*Rives v. MATEVOUSIAN, Dist. Court, ED California 2017*) (Emphasis added).

> "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required" ***Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)***. (*IN RE FOR THE MUTUAL ASSISTANCE OF HARJU COUNTY COURT, ESTONIA, Dist. Court, ED California 2017*) (Emphasis added except capitalization)

> Rule 41 of the Federal Rules of Civil procedure, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7041, governs the voluntary dismissal of adversary proceedings (*In re Burer, 467 BR 109 - Bankr. Appellate Panel, 6th Circuit 2012*)

> "In the case of dismissal under Civil Rule 41(a), no court order is required. See Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999)" ("Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on

[1] The Fifth Circuit explained the consequences of such a dismissal: "Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than ***file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do*** to fan the ashes of that action into life and ***the court has no role to play.*** This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of the court closing the file. Its alpha and omega was the doing of the plaintiff alone." Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963). (emphasis added)

filing, no court order is required, [and] the parties are left as though no action had been brought . . . ."). *(IN RE BESTE, Bankr. Appellate Panel, 9th Circuit 2012)*

***The Clerk of the Court is DIRECTED to CLOSE the file*** in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a) *(VETERANS PAINTING CONTRACTORS, INC. v. STRAUB CONSTRUCTION, INC., Dist. Court, ED California 2020)* (Emphasis added except capitalization)

Pursuant to the District and Appellate Courts, there is no bargain, condition or compromise contemplated by any motion, authorization, opposition, objection, or other procedure under these rules and by the established case law of the Ninth Circuit and across the USA.

In fact, law is EMPHATIC that, once " ***...notice of dismissal [is filed] with the Clerk. That document itself closes the file. There is nothing the defendant can do ... and the court has no role to play.***"[2]

For all the foregoing reasons, the rulings of the Appellate and District Courts should be observed and this action should be immediately terminated and Dismissed by the Clerk of Court and, upon dismissal, all hearings including 3/24/21 and events in this action in this court vacated (except the Appeal which is before the BAP).

Respectfully Submitted,

Dated this 10th day of MARCH, 2021

KEVIN KHWAJA in Pro Per

[2] American Cyanamid Company v. McGhee, 317 F. 2d 295 - Court of Appeals, 5th Circuit 1963

KASHIF KHWAJA
PO Box 2707
Rancho Santa Fe, CA 92067

Kevin Khwaja, Pro Se

FILED
2021 FEB 19 AM 8:52
CLERK
BANKRUPTCY CT
SO. DIST. OF CALIF

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

In re: ISHA DEEN

Debtor,

ISHA DEEN and KEVIN KHWAJA,

Plaintiffs,

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,

Defendants

Case No. 19-05815-CL13 (Dismissed)

Removal/Adversary No. 19-90151-CL

**NOTICE OF VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING**

**Dept 5**
**Honorable Christopher B. Latham**

**NOTICE OF DISMISSAL**

Notice is given that the above-entitled matter is dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7041.

Plaintiff Kevin Khwaja and Isha Deen filed a complaint on December 26, 2019. Defendants Chodry Deen, Sana Deen and Sidrah Deen have not filed an answer in this adversary proceeding. This adversary proceeding was previously dismissed pursuant to 7041-2 by Court notice dated April 10, 2020. ALL 21 CASES - ALL PARTIES -

Dated this 10th day of February, 2021

Kevin Khwaja in Pro Per

PO Box 2707
Rancho Santa Fe, CA 92067

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br>Debtor, | Case No. 19-05815-CL13<br>(Dismissed) |
| ISHA DEEN and KEVIN KHWAJA,<br>Plaintiffs,<br>v.<br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br>Defendants | Adversary No. 19-90151-CL<br>(Dismissed)<br><br>**PROOF OF SERVICE**<br><br>**Dept 5**<br>**Honorable Christopher B. Latham** |

I, Kevin Khwaja, am a resident of the State of California and over the age of 18 years. On March 11, 2021, I served the following documents by United States Mail:

NOTICE OF WITHDRAWAL OF MOTION PURSUANT TO RULE 41(A) DISMISSAL

I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via first class, postage prepaid addressed as follows:

Sana Deen
Sidrah Deen
Chodry Deen
PO BOX 437
Rancho Santa Fe, CA 92067

US TRUSTEE CH 13
Thomas H Billingslea Jr
402 W Broadway STE 1310
SAN DIEGO CA 92101

US TRUSTEE
Tiffany L Carroll
880 Front Street, 3230
SAN DIEGO CA 92101

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct. Executed on March 11, 2021 in San Diego, CA.

Kevin Khwaja

KEVIN KHWAJA
PO Box 2707
Rancho Santa Fe, CA 92067

Isha Deen, Pro Se

FILED
2021 MAR 10 AM 11: 18
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br>Debtor,<br><br>ISHA DEEN and KEVIN KHWAJA,<br>Plaintiffs,<br>v.<br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br>Defendants | Case No. 19-05815-CL13<br>(DISMISSED)<br><br>Adversary No. 19-90151-CL<br>(DISMISSED)<br><br>**NOTICE OF ENTRY OF DISMISSAL OF ADVERSARY PROCEEDING (DOCKET #33) PURSUANT TO RULE 41(A)(1)(i) AND RULE 7041**<br><br>**Dept 5**<br>**Honorable Christopher B. Latham** |

TO THE CLERK OF COURT OF THE UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF CALIFORNIA: Pursuant to Federal Rules of Bankruptcy Rule 41(A)(1)(a)(i) and Federal Rules of Bankruptcy Procedure Rule 7041 this adversary proceeding 19-90151-CL has been dismissed. The case was first ordered Dismissed in April 2020 pursuant to Local Business Rule 7041-2(a). Dismissal under 41(A)(1)(a)(i) was filed on February 19, 2021 as DOCKET #33 of this adversary proceeding, which by law is effective immediately upon filing and requires no order of the court. For these reasons, the reasons set forth below and pursuant to the well-established and extensive rulings of the US District Courts and US Courts of Appeal, this case should immediately be dismissed.



5815 NTC 5 ©

Rule 41(A)(1) states in pertinent part:

> The plaintiff may dismiss an action without a court order by filing: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;

A mountain of case law establishes this precedent. Presented below is just a fractional subset:

> The plain meaning of the rule is that a ***dismissal under Federal Rule 41(a)(1)(A)(i) "is self-executing***, i.e., ***it is effective at the moment the notice is filed with the clerk and no judicial approval is required***." Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir.1993); see also Comm. Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1078 (9th Cir.1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, ***no court order is required***, the parties are left as though no action had been brought, and the district court lacks jurisdiction to do anything about it").[3][1] (*In re Howlette, 401 BR 218 - Bankr. Court, D. Maryland 2008*) (Emphasis added)

> The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). … ***The Clerk of the Court is directed to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)***. (*Rives v. MATEVOUSIAN, Dist. Court, ED California 2017*) (Emphasis added).

> "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required" ***Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)***. (*IN RE FOR THE MUTUAL ASSISTANCE OF HARJU COUNTY COURT, ESTONIA, Dist. Court, ED California 2017)* (Emphasis added except capitalization)

> Rule 41 of the Federal Rules of Civil procedure, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7041, governs the voluntary dismissal of adversary proceedings (*In re Burer, 467 BR 109 - Bankr. Appellate Panel, 6th Circuit 2012*)

> "In the case of dismissal under Civil Rule 41(a), no court order is required. See Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999)" ("Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on

[1] The Fifth Circuit explained the consequences of such a dismissal: "Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than ***file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do*** to fan the ashes of that action into life and ***the court has no role to play.*** This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of the court closing the file. Its alpha and omega was the doing of the plaintiff alone." Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963). (emphasis added)

filing, no court order is required, [and] the parties are left as though no action had been brought . . . ."). *(IN RE BESTE, Bankr. Appellate Panel, 9th Circuit 2012)*

***The Clerk of the Court is DIRECTED to CLOSE the file*** in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a) *(VETERANS PAINTING CONTRACTORS, INC. v. STRAUB CONSTRUCTION, INC., Dist. Court, ED California 2020)* (Emphasis added except capitalization)

Pursuant to the District and Appellate Courts, there is no bargain, condition or compromise contemplated by any motion, authorization, opposition, objection, or other procedure under these rules and by the established case law of the Ninth Circuit and across the USA.

In fact, law is EMPHATIC that, once " ***...notice of dismissal [is filed] with the Clerk, That document itself closes the file. There is nothing the defendant can do ... and the court has no role to play.***"[2]

For all the foregoing reasons, the rulings of the Appellate and District Courts should be observed and this action should be immediately terminated and Dismissed by the Clerk of Court and, upon dismissal, all hearings including 3/24/21 and events in this action in this court vacated (except the Appeal which is before the BAP).

Respectfully Submitted,

Dated this 10th day of MARCH, 2021

KEVIN KHWAJA in Pro Per

[2] American Cyanamid Company v. McGhee, 317 F. 2d 295 - Court of Appeals, 5th Circuit 1963

KASHIF KHWAJA
PO Box 2707
Rancho Santa Fe, CA 92067

Kevin Khwaja, Pro Se

FILED
2021 FEB 19 AM 8:52
CLERK
BANKRUPTCY CT
SO. DIST. OF CALIF

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ISHA DEEN<br><br>Debtor, | Case No. 19-05815-CL13<br>(Dismissed)<br><br>Removal/Adversary No. 19-90151-CL |
| ISHA DEEN and KEVIN KHWAJA,<br><br>Plaintiffs,<br><br>v.<br><br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br><br>Defendants | **NOTICE OF VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING**<br><br>**Dept 5**<br>**Honorable Christopher B. Latham** |

**NOTICE OF DISMISSAL**

Notice is given that the above-entitled matter is dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7041.

Plaintiff Kevin Khwaja and Isha Deen filed a complaint on December 26, 2019. Defendants Chodry Deen, Sana Deen and Sidrah Deen have not filed an answer in this adversary proceeding. This adversary proceeding was previously dismissed pursuant to 7041-2 by Court notice dated April 10, 2020. ALL 21 CAUSES - ALL PARTIES -

Dated this 10th day of February, 2021

Kevin Khwaja in Pro Per

PO Box 2707
Rancho Santa Fe, CA 92067

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br>Debtor, | Case No. 19-05815-CL13<br>(Dismissed) |
| ISHA DEEN and KEVIN KHWAJA,<br>Plaintiffs,<br>v.<br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br>Defendants | Adversary No. 19-90151-CL<br>(Dismissed)<br><br>**PROOF OF SERVICE**<br><br>**Dept 5**<br>**Honorable Christopher B. Latham** |

I, Isha Deen, am a resident of the State of California and over the age of 18 years. On March 10, 2021, I served the following documents by United States Mail:

NOTICE OF ENTRY OF DISMISSAL OF ADVERSARY PROCEEDING (DOCKET #33) PURSUANT TO RULE 41(A)(1)(i) AND RULE 7041

I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via first class, postage prepaid addressed as follows:

Sana Deen
Sidrah Deen
Chodry Deen
PO BOX 437
Rancho Santa Fe, CA 92067

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct. Executed on March 10, 2021 in San Diego, CA.

Isha Deen

Order Entered on
February 24, 2021
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br>ISHA DEEN<br>Debtor(s). | BANKRUPTCY NO. 19-05815-CL13 |
| ISHA DEEN & KASHIF KHWAJA<br>Plaintiff(s). | ADVERSARY NO. 19-90151-CL |
| v.<br>CHODRY DEEN, SANA DEEN, & SIDRAH DEEN<br>Defendant(s). | Date of Hearing: n/a<br>Time of Hearing: n/a<br>Name of Judge: Christopher B. Latham |

**ORDER ON MOTION FOR LEAVE TO FILE APPEAL**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through two (2).

DATED: February 24, 2021

Judge, United States Bankruptcy Court

Before the court is Plaintiffs Isha Deen and Kevin Khwaja's motion for leave to appeal (ECF No. 45) the order reopening and remanding this adversary proceeding to the state court (ECF No. 31). The subject order is a final order and thus susceptible to appeal. It does not appear to the court that leave is required, notwithstanding the pending reconsideration motion (ECF No. 34). On that basis, Plaintiffs' motion is unnecessary and so **denied as moot**.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham February 24, 2021

Rec # 235 679

KEVIN KHWAJA
ISHA DEEN
PO Box 2707
Rancho Santa Fe, CA 92067

Isha Deen, Pro Se

FILED
2021 FEB 23 PM 4:06
CLERK
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br><br>Debtor, | Case No. 19-05815-CL13<br>(Dismissed)<br><br>Adversary No. 19-90151-CL<br>(Dismissed) |
| ISHA DEEN and KEVIN KHWAJA,<br><br>Plaintiffs,<br><br>v.<br><br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br><br>Defendants | **MOTION FOR LEAVE TO APPEAL**<br><br>**Hon. Judge Christopher Latham**<br>**Dept 5**<br><br>**BANKRUPTCY APPEAL PANEL**<br>BAP Case No. SC-21-1035 |



20 PGS SS 5815 MOTA

**TABLE OF CONTENTS**

**NOTICE OF MOTION FOR LEAVE TO APPEAL** 4

**MEMORANDUM OF POINTS AND AUTHORITIES** 4

**I. INTRODUCTION** 4

**II. STATEMENT OF FACTS** 5

III. THE QUESTIONS PRESENTED 9

**IV. THE RELIEF SOUGHT** 9

**V. WHY THE LEAVE TO APPEAL SHOULD BE GRANTED** 9

**THE ORDER IS FINAL; IN THE ALTERNATIVE, LEAVE TO APPEAL SHOULD BE GRANTED** 9

A. The Court Lacked Jurisdiction to Reopen Proceeding; Rule 5010 does not Apply 10

B. Court Erred in Granting Relief for Defendants Deliberate Inaction after Dismissal. 12

C. The Court Provided Equitable Relief to Defendants' for their Claims which Consist of Crude Forgeries and are Meritless 12

D. The Court's Order will cause Plaintiffs Serious Prejudice. 14

E. An interlocutory appeal serves the interest of judicial economy and should be granted 15

**VI. THE ORDER** 17

**VII. CONCLUSION** 17

**CITATIONS**

*3 Collier On Bankruptcy ¶ 350.03 (16th ed. rev. 2011)* . . . . . . . . . . 11

*Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963, 964 (9th Cir.1982).* . . . . . . . . . . 11

*Bullard v. Blue Hills Bank, 135 S. Ct. 1686 (2015)* . . . . . . . . . . 5

*Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 657 n.3 (2006)* . . . . . . . . . . 5

*In re Bartee, 212 F.3d 277, 282 (5th Cir. 2000)* . . . . . . . . . . 5

*In re Levine, 162 B.R. 858 (9th Cir. BAP 1994)* . . . . . . . . . . 16

*In re Price, 79 B.R. 888, 889 (9th Cir. BAP 1987), aff'd, 871 F.2d 97 (9th Cir.1989)* . . . . . . . . . . 16

*In re Sperna, 173 BR 654 - Bankr. Appellate Panel, 9th Circuit 1994)* . . . . . . . . . . 16

*In re Woodhaven Ltd., 139 BR 745 - Bankr. Court, ND Alabama 1992* . . . . . . . . . . 11

*Kvassay v. Kvassay (In re Kvassay), BAP No. CC-13-1418-KiLaPa (B.A.P. 9th Cir. May. 30, 2014)* . . 12
*Matter of Plunkett, 82 F.3d 738, 742 (7th Cir.1996)* . . . . . 12
*Reynolds v. U.S.I.R.S., 2014 W.L. 201610 (D. Mass. 2014)* . . . . . 16
*Roderick v. Levy (In re Levy), 185 B.R. 601, 604 (9th Cir. BAP 1995)* . . . . . 16
*Salem Suede, Inc., 221 B.R. 586, 596 (D. Mass. 1998)* . . . . . 16
*Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re Desert Hot Springs), 339 F.3d 782, 787-88 (9th Cir. 2003)* . . . . . 4
*Sun Healthcare Group, Inc. v. Mead Johnson Nutritional* . . . . . 11
*United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986)* . . . . . 11

**CODE REFERENCES**

11 USCS § 350 . . . . . 10
1446(a) . . . . . 14
28 U.S. Code § 1447 . . . . . 14
28 U.S.C. § 1292 . . . . . 16
28 U.S.C. § 158(a)(3) . . . . . 4, 5, 16
41(A)(1)(i) . . . . . 6, 8
5010 . . . . . 7, 8, 10
7041-2 . . . . . 6, 14
8004 . . . . . 4, 5, 15, 17
9013 . . . . . 14

**NOTICE OF MOTION FOR LEAVE TO APPEAL**

Pursuant to F.R. Bankr. P. Rule 8004, the Plaintiff-Appellant, Kevin Khwaja and Isha Deen ("Plaintiff"), hereby moves for the entry of an order granting leave to appeal the order of the United States Bankruptcy Court for the Southern District of California entered on February 12, 2021 in the instant action 19-90151-CL: The Order Reopening and Remanding Case to the State Court ("Order"), which is attached hereto as Exhibit A.

This motion relates to the Notice of Appeal filed with this motion and is filed in order to ensure that Plaintiffs do not lose their right to appeal if the Order is determined to be a final order that is immediately appealable. The pro se Plaintiffs had no reason to keep counsel on retainer as all cases were dismissed almost a year ago pursuant to the Court's rules and orders of dismissal on these related bankruptcy actions. Plaintiffs relied on these dismissals. Since rules, procedures and orders were not followed in this matter pertaining to Defendants motion to reopen adversary proceeding and in the hearing on February 10, 2021, Plaintiffs file moving papers under duress and seek equitable relief from the honorable Court to preserve their rights under applicable statutes in the interim before an attorney is retained and to reserve the right to seek leave to amend filing if necessary or when counsel is retained.

Plaintiff submits the following points and authorities in support of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

For the reasons set forth herein, Plaintiff believes that this appeal is properly taken as of right, as an appeal from a final order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1), and F.R. Bankr. P. Rule 8004. The Order of the Court represents a substantive issue that has a material impact on a party's substantive rights; and has operative finality. Under the "flexible finality doctrine" a party may take an appeal of right from an order that resolves a "discrete

dispute" within a bankruptcy case. *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 657 n.3 (2006); In re Bartee, 212 F.3d 277, 282 (5th Cir. 2000).* The Supreme Court in *Bullard v. Blue Hills Bank, 135 S. Ct. 1686 (2015)* also reasoned that an order is final under the flexible finality doctrine when it "alters the status quo" between the parties. Here, the Court order alters the status quo from a case dismissed to a case reopened. The case was properly dismissed and the litigation ended. Reversal of this Court's order to reopen will materially advance the ultimate termination of the litigation - it will *actually* terminate it, again.

In an abundance of caution, Plaintiffs also bring this motion for leave to appeal pursuant to 28 U.S.C. § 158(a)(3) and Rule 8004. Where there is any uncertainty as to whether an order is final or interlocutory, the proper course is to file both a notice of appeal and a motion for leave to appeal. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re Desert Hot Springs)*, 339 F.3d 782, 787-88 (9th Cir. 2003). Heeding this advice, Plaintiff seeks leave to appeal under 28 U.S.C. § 158(a)(3) if the order is determined to be interlocutory.

## II. STATEMENT OF FACTS

At least *eleven* legal actions have spawned as a result of Defendants' malicious actions in May 2016 when they blatantly forged a deed to Plaintiffs' home and filed it in the San Diego County Recorder's office in an effort to claim title to Plaintiffs' home. Defendants, who are Plaintiffs' younger siblings, phoned in a false threat to the Joint Terrorism Task Force to eject Plaintiffs from their home. Then while Plaintiffs were out of the home obtaining dismissals of the false allegations, Defendants took possession of their home and changed the locks. No charges were filed against Plaintiff.

Plaintiffs then initiated the underlying action in July 2016 against Defendants in the Vista division of the San Diego County Superior Court in order to reclaim title to her home, alleging causes for quiet title, conversion, ejectment and breach of fiduciary duty. Defendants retaliated

with fabricated, meritless, offset claims based on a forged deed, forged power of attorney and falsified agreement. Bankruptcy case 19-05815-CL13 was filed on September 28, 2019 and notices of stay lodged with the Superior Court. Shortly thereafter, in or around December of 2019, Plaintiff's bankruptcy counsel filed notice of removal of the San Diego Superior Court case 37-2016-22636 to the Federal court as Adversary Proceeding 19-90151-CL.

Plaintiffs have prevailed in almost all of the cases but ran out of money fighting the instant case and filed Chapter 13 bankruptcy on September 28, 2019 to seek relief from the fraudulent claims of Defendants and of Plaintiffs' former attorneys[1] in order to continue paying their legitimate creditors. Evidence of Defendants' document forgeries and meritless claims are attached to Plaintiffs' Opposition to Defendant's Motion to Reopen (Docket #26).

Plaintiffs removed two cases to the bankruptcy court on December 26, 2019. Defendants did not file an answer in the adversary proceeding and sought settlement.

The underlying bankruptcy was voluntarily dismissed on April 10, 2020 and the court shortly thereafter noticed parties that all three associated adversary proceedings would be dismissed within 7 days under local Rule 7041-2(a) (Docket #15), which states :

> Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of case dismissal.

Defendants were served this notice directly by the Court (Docket #16). No party filed a motion and court entered terminations on the docket on May 18, 2020 on all adversary proceedings. Plaintiff called the court clerk and was informed the case was dismissed without prejudice. No

[1] Regrettably. Fitzgerald Yap Kreditor (FYK), a law firm hired by Plaintiffs in the straightforward bifurcated case - in which a Chase Bank Notary admitted to neglecting to check ID before notarizing Defendants' forged deed - elected to prolong the litigation for the purposes of lining their pockets. Hired to solve the problem, they also became a problem when they allowed the trial to span 4 months for a single bifurcated quiet title cause of action, permitted testimony of a JTTF investigator in the *quiet title* trial about a dismissed case, allowed discovery throughout and until the last day of trial (800 pages of new documents were received on the last day of trial), at the end of which a California Superior Court judge awarded Plaintiffs' title to Defendants on the basis of their "punjabi culture." The judge awarded title to Plaintiff's "punjabi" father who did not pay a dime towards the home. See Statement of Decision 37-2016-22636. The law firm then claimed a sham bill of $400,000 despite having reassured Plaintiffs throughout that Chase Bank and Title Insurance would be liable for their fees.

further dismissal notice or action was required.

There was finally peace between the family and no further litigation between the family was pending in any court. In September Defendants' circumstances changed as they were now named by their accountant in a new lawsuit for legal fees and costs from their illicit attempt to claim Plaintiff's home. In November 2020 Defendants filed a request to remand the adversary proceeding which was rejected by the Court stating that the case was closed. On December 10, 2020, more than 7 months after the court terminated the adversary proceeding, Defendants filed a motion to reopen case 19-90151-CL citing Rule 5010. The Court accepted this improper filing on a dismissed case and set Christmas eve December 24, 2019 as the deadline for responses to the motion. There was no specific justification pled by Defendants with their Form 1489 motion to reopen (which they amended and refiled under Form 1182) (Docket #21, 24) but Defendants also filed an additional pleading, fashioned as a "request to remand" slandering Plaintiffs and blaming the Court with illogical assertions. Defendants served no parties, other than the US Trustee's office.

One of the plaintiffs noticed the motion filed on the docket of the dismissed case and called the court clerk to inquire why the filing was not procedurally rejected, as this case was dismissed and closed, and no party in interest, nor plaintiff, was served. The clerk suggested Plaintiff oppose the motion in writing and extended only her response due date to January 4, 2021. Plaintiff filed a detailed opposition and requested a hearing date to oppose the motion to reopen. Plaintiff contacted the court clerk to again express concerns about procedural issues and, if the court was not procedurally rejecting this improper motion on a dismissed case, asked for an extension on the hearing date for time to retain an attorney for the hearing. Plaintiff reiterated the Court's dismissal in April and Plaintiff intent to dismiss this case and leave it dismissed. The clerk again confirmed that the adversary proceeding had already been dismissed

in April, plaintiffs dismissal notice was not needed, motion papers had been reviewed and the hearing should be straight forward - though it could not be continued unless a stipulation was signed with Defendants. The motion to reopen was heard February 10, 2021 and only one of the plaintiffs appeared pro se. There was no tentative ruling.

Due to new COVID procedures, the motion hearing was held telephonically and there were technical issues during the call. During hearing sole plaintiff in pro se pleaded for due process, requested additional briefing on new arguments as she lacked sophistication to effectively argue her position and had no attorney present. But the Court rushed. Though the bankruptcy Court had no jurisdiction, and the Court itself stated that the motion to reopen under 5010 was incorrect and improperly pled, the Court granted the motion to reopen when only one plaintiff was present at the hearing. Furthermore, Plaintiff was completely blindsided and surprised to learn later that the Court further ordered remand of the adversary proceeding to Superior Court when there was no motion to remand filed, noticed or scheduled. Moreover, in opposition papers and in hearing, the Court was provided evidence that Defendants' claims were not meritorious and based on a proven forged deed and *hundreds* of other forgeries. Defendants motion to reopen was improper and untimely. Plaintiffs called the court calendar clerk to schedule an ex parte hearing and motions for clarification and reconsideration of the order. The clerk denied a hearing date and asked Plaintiff to file a motion in which to request hearing dates for the motions.

Plaintiff filed a notice of dismissal on February 19, 2021 pursuant to code 41(A)(1)(i) as defendants had not answered to reiterate the intent of Plaintiffs to dismiss and keep dismissed this adversary proceeding. Shocked by the court's decision to restart the dismissed litigation between family, Plaintiffs filed a motion to stay reopening and remand along with a notice of appeal. The case is transmitted to the appeals court as appeal case SC-21-1035. In light of time

constraints and the necessity to preserve our rights under the law, Plaintiffs proceed with a motion for leave to appeal out of an abundance of caution.

## III. THE QUESTIONS PRESENTED

Did the bankruptcy court err in ruling to reopen the dismissed adversary proceeding, which it did without setting forth proper grounds for its decision, when the Court had no jurisdiction to enter an order on the action given the action and underlying bankruptcy case was long-ago dismissed by the Court itself, Defendants missed the deadline noticed to all parties by the Court, and Defendants' motion to reopen and accompanying "request" was untimely, improperly pled, improperly noticed and failed to cite proper authority?

## IV. THE RELIEF SOUGHT

With this motion, Plaintiff requests the entry of an order granting leave to file an interlocutory appeal, seeking a determination that the Court and had no jurisdiction to order any new relief, to reopen and/or remand the adversary proceeding dismissed without prejudice last year.

## V. WHY THE LEAVE TO APPEAL SHOULD BE GRANTED

### THE ORDER IS FINAL; IN THE ALTERNATIVE, LEAVE TO APPEAL SHOULD BE GRANTED

Plaintiff believes the Court's order is a final order that is appealable as of right. To the extent that it is determined that the order is interlocutory, however, Plaintiff contends that leave to appeal should be granted because the Court's order has profound consequences for Plaintiffs' substantive rights and real property. It causes extreme, irreparable harm and prejudice.

Entry of the order of dismissal on the underlying bankruptcy case and notice of dismissal entered on the related adversary proceeding effectively terminated the proceedings and ended the Court's jurisdiction. This bars the Court from granting any new relief to Defendants on this

case and bars the Defendants from litigating this matter any further.

**A. The Court Lacked Jurisdiction to Reopen Proceeding; Rule 5010 does not Apply**

The Court overstepped jurisdiction by granting new relief to one dilatory party while seriously prejudicing the substantive rights of all other parties to start contentious litigation on a case that the Court itself dismissed and terminated by rule on May 18, 2020. Moreover, the underlying bankruptcy case had also been dismissed last year on April 10, 2020. The nexus between bankruptcy and the related adversary proceeding was broken. At the hearing the Court itself stated it had no jurisdiction. The Court added that the code Defendants cited was incorrect and could not be used to reopen the case. Nonetheless, almost a year after losing jurisdiction, the Court proceeded to grant new relief on the dismissed case, granted the motion to reopen the terminated proceeding as pled and, further, *sua sponte*, circumvented due process by ordering a surprise remand, despite the lack of any such motion being filed or scheduled by Defendants, lack of any notice given to any party - when the hearing was scheduled only to oppose one motion: The motion to reopen.

Defendants, the moving party, bear the burden to establish good cause and basis to reopen but Defendants failed to do so. Reopening the terminated adversary proceeding for Defendants serves no bankruptcy purpose. Moreover it goes against principles of equity by providing equitable relief to a party undisputedly pursuing illegal and fraudulent claims, which causes enormous burden and prejudice upon Plaintiff - who was the debtor seeking relief in the first place - and who will be forced to spend years and hundreds of thousands of dollars defending against these baseless claims.

Defendants cite Bankruptcy Rule 5010 as basis: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." However, a case cannot be reopened under 350(b) that was not closed under 350(a). "A case cannot be reopened unless

it was closed pursuant to section 350(a) after it has been administered; [t]herefore, a dismissed case [can] not be reopened under section 350(b)." 3 Collier On Bankruptcy ¶ 350.03 (16th ed. rev. 2011). "11 USCS § 350 applies only to reopening bankruptcy cases and not to reopening adversary proceedings." Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.), 42 Bankr. Ct. Dec. (LRP) 279, 2004 Bankr. LEXIS 572 (Bankr. D. Del. Apr. 30, 2004).

The Court abused its discretion to impart relief without explanation as to how it had any jurisdiction, and though this Court does not cite a code section, it is raised in relevant part in case law:

> The bankruptcy court does not have jurisdiction ... to grant new relief independent of its prior rulings once the underlying action has been dismissed. See *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.), 699 F.2d 963, 964 (9th Cir.1982)."*
>
> "The bankruptcy courts must practice these equitable powers within the confines of the Bankruptcy Code." (*In re Woodhaven Ltd., 139 BR 745 - Bankr. Court, ND Alabama 1992)*
>
> "While the bankruptcy courts have fashioned relief under Section 105(a) in a variety of situations, the powers granted by that statute may be exercised only in a manner consistent with the provisions of the Bankruptcy Code. That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity. (*United States v. Sutton, 786 F.2d 1305, 1308 (5th Cir. 1986))*
>
> "Other parties, who had a right to rely on the order dismissing the case, did so and now stand in a position to suffer potential harm if the motion to reopen is granted." *(ibid.)*

The Court overlooks the deficient and confusing paperwork filed by Defendants crafted to circumvent due process and which provides no notice to any parties in interest, including Plaintiff. No motion is pled for either reopening or remand and no argument or citation of authorities is presented. There is nothing to reopen and there is no case to remand. There is no mechanism available in law to reopen a dismissed adversary proceeding when the underlying

bankruptcy is dismissed.

**B. Court Erred in Granting Relief for Defendants Deliberate Inaction after Dismissal.**

Defendants offered neither legal basis nor any exceptional circumstances as to why the proceeding should be reopened. In fact, the Court's action constitutes an improper grant of new or equitable relief which is outside the jurisdiction of the court. The Court took the final administrative steps to terminate the case on May 18, 2020 more than a month after the deadline specified in the notice of dismissal. In 2014 a case between brothers over a house came before Hon. Judge Christopher Latham in appeal, who ruled on the motion to reopen in the instant case, in which he and the appeals panel ruled that even one day beyond a deadline is too late:

> "The FAC had to be filed by July 29. It was not filed until July 30… Accordingly, the bankruptcy court did not err in striking the FAC as untimely." *Kvassay v. Kvassay (In re Kvassay), BAP No. CC-13-1418-KiLaPa (B.A.P. 9th Cir. May. 30, 2014)*[2]

Here in the instant case, Judge Latham grants Defendants motion to reopen a dismissed case which is almost 250 days after the deadline set by the Court, in a dispute between sisters over a house. Plaintiffs are dismayed by this differential adverse ruling by the same judge. The Court's relief for Defendants serves no bankruptcy purpose and constitutes an extraordinary act.

Defendants were late and deliberately allowed the court deadline to expire and sat on their hands for 10 months. They claimed to be unaware of the deadline without any formal pleading in a sworn declaration, when the court docket clearly shows they were served by the court clerk and are represented by an attorney in the state case. "Inattentiveness to the litigation is not excusable... Missing a filing deadline because of slumber is fatal" Matter of Plunkett, 82 F.3d 738, 742 (7th Cir.1996). Mere inattention or failure to prosecute is not basis to reopen a case. The bankruptcy court abused discretion in reopening when Plaintiffs had

[2] This case is listed as not appropriate for publication. However, it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

followed and relied on deadlines and procedures.

**C. The Court Provided Equitable Relief to Defendants' for their Claims which Consist of Crude Forgeries and are Meritless**

Defendants' case is founded on misstatements and fabrications, at the core of which are 3 forged exhibits (a forged deed, a forged power of attorney, and a forged contract) and recanted false allegations filed in the dismissed case.

The improper claims for civil personal injury were based on absurd and ludicrous allegations Defendants made in 2016 when they called 911 to spew false, inflammatory racial and religious profiling to race-bait the Sheriff and JTTF against Plaintiff's husband. After taking title and possession of Plaintiffs' home, Defendants conveniently recanted the false allegations.

Despite the documented recant, undisputed forensic examiner reports, the findings of forgery acknowledged by several different government agencies including the State court, San Diego County recorder, California Secretary of State and the dismissal of Defendants' various cases, Defendants now insist on pursuing their sham claims and wasting judicial resources. Defendants relied heavily on slander, racial profiling and false allegations to gain the State court's sympathies and were able to assert theories under "punjabi culture" that a "punjabi woman's" property title belongs to her father. This is not the law - not even in Southeast Asia. The bankruptcy court has abused its sacred discretion, reserved for equitable relief only for matters under its jurisdiction, to save Defendants unmeritorious claims when Defendants *did not even file an answer* in the proceeding in bankruptcy court and missed rule 7014 deadline. Defendants misinformed the bankruptcy court about statutes of limitation and desire for a jury trial to induce the order, when defendants' statutes had already expired in 2016 and they waived trial by jury in 2018. Plaintiffs requested time to brief on the new arguments offered by Defendants but the Court did not provide the opportunity and hurried a ruling. The pro se

Plaintiff was ambushed when even the Court furnished arguments on behalf of defendants and silenced plaintiff in hearing. Plaintiff in written opposition provided the Court ample and detailed evidence that Defendants' claims are based on forgeries which render them unmeritorious. No evidence, argument or statement to the contrary was presented. There is no pending case here to litigate, resolve or remand.

Under Rule 9013 the burden of proof lies upon movant. The deadline to remand expired a year ago. The time to remand a removed case is governed by 28 U.S. Code § 1447 which holds that:

> A motion to remand the case ... must be made within 30 days after the filing of the notice of removal under section 1446(a).

Notice of Removal was filed on December 26, 2019. Defendants never filed a motion to remand though the case was active for months. Almost a year after dismissal, Defendants filed a "request", not a motion, and without serving any party. The deadline specified in §1447 is jurisdictional. Court's rushed order affects substantive rights of several parties not noticed or present at the hearing.

**D. The Court's Order will cause Plaintiffs Serious Prejudice.**

Reopening a dismissed case almost a year later causes extreme, unfair prejudice to Plaintiffs. Plaintiffs relied on the Court's dismissals and had moved on, taken irreversible actions in their personal and financial lives over the last year. Plaintiffs can't undo time or actions taken. Plaintiffs have lost valid related claims, and the ability to recover damages as statutes have expired. Plaintiffs have lost assets, their fully paid civil case attorney along with the case file over this year and rely on the finality of the Court's dismissal order.

The related adversary proceeding 19-90150-CL against defendant FYK was concurrently dismissed under 7041-2 and is intertwined with the instant action as FYK was liable, breached

their duties and caused immense damage to Plaintiffs with their deficient representation of Plaintiffs in State court. Damages have to be recoverable from FYK due to the attorneys' actions to derail a straight-forward case hinging on a proven deed forgery - but the Court inconsistently left the adversary proceeding against FYK dismissed. FYK succeeded in obtaining a dismissal of Plaintiffs' State court action filed against FYK by citing the bankruptcy Court's dismissal of the adversary proceeding. Plaintiffs' claims against title insurance and other liable parties are also lost, in reliance on the bankruptcy Court's dismissal. These represent offsets to the adversary proceeding the Court purports to reopen. Why should Plaintiffs suffer for the tardiness of Defendants.

In addition, with dismissal entered and on the record for this long, Plaintiffs without representation, can lose rights and real property which constitutes irreparable harm. Plaintiffs have taken irrevocable steps and actions and reopening will seriously prejudice them and benefit Defendants, who waited until plaintiffs lost rights, assets, statutes and claims to seek reopening to maximise leverage in settlement negotiations.

If the Court's order to reopen is not reviewed in appeal and defendants are allowed to litigate, it will result in extremely expensive and burdensome litigation[3] which will later be found moot as this case is dismissed.

Plaintiffs have lost their uncle to death who was the key witness to testify. Lost also is the ability to recover critical evidence required for trial, even from third parties, as timelines for bookkeeping and record keeping have expired. These records include critical property records, financial records and files, including bank account records, tax records, electronic and paper files, property construction records, logbooks, title and insurance records.

[3] One need only look to the disputed claim filed in the underlying bankruptcy by FYK which exceeds $525,000 - and was for a total of 1 cause of action.

**E. An interlocutory appeal serves the interest of judicial economy and should be granted**

Here Plaintiff appeals a court order, issued after dismissal and termination of Chapter 13 bankruptcy and related proceedings, which reopens a contentious family litigation and will cause immense judicial waste, hardship, loss of real property and prejudice to a party that relied on court rules and procedures for closure and certainty in their life. Should it be determined that the order is not a final order, an interlocutory appeal should be permitted. The reopening and remand will pose great expense and risk to Plaintiffs and to all the courts that will be involved and is contrary to public policy.

Neither 28 U.S.C. § 158(a)(3) nor F.R. Bankr. P. Rule 8004 contains standards governing when leave should be granted to appeal an interlocutory order. It is stated in Collier on Bankruptcy ¶ 8004.08 that the closest analogue to 28 U.S.C. § 158(a)(3) is 28 U.S.C. § 1292, the statute governing appeals of interlocutory orders from district courts to the courts of appeals, and courts have generally adopted that statute's standard in considering whether to grant leave to appeal from an interlocutory order of the bankruptcy court. See also Roderick v. Levy (In re Levy), 185 B.R. 601, 604 (9th Cir. BAP 1995), noting that the court will additionally consider whether the order on appeal will materially advance the ultimate determination of the litigation and will avoid wasted litigation and expense. It has also been noted that the two statutes are not identical and the discretion to hear an interlocutory appeal from an order of the bankruptcy court is "likely greater" than the courts of appeals' discretion to hear an appeal of an interlocutory order of the district court. *Reynolds v. U.S.I.R.S., 2014 W.L. 201610 (D. Mass. 2014), citing In re Salem Suede, Inc., 221 B.R. 586, 596 (D. Mass. 1998).* In addition, the court may grant leave to appeal where it comports with sound judicial administration and the interests of justice, as section 1292 provides sound but limited guidance. (*Reynolds, 2014 W.L. 201610.*).

"If a minute entry fully adjudicates the issues and clearly evidences the court's intent that

the order be the court's final act, the minute entry will be treated as a final order." *See In re Levine*, 162 B.R. 858 (9th Cir. BAP 1994). "The Panel looks to the standards set forth in 28 U.S.C. § 1292(b) to determine if leave should be granted." *In re Price*, 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 97 (9th Cir.1989) *(In re Sperna, 173 BR 654 - Bankr. Appellate Panel, 9th Circuit 1994).*

Additional facts are about how the Court acted out of its jurisdiction to accommodate non meritorious claims were pled by Plaintiff in the Opposition to Defendants' Motion to Reopen.

## VI. THE ORDER

As required by Rule 8004(b)(1)(E), a copy of the order that is the subject of this motion is attached as Exhibit A.

## VII. CONCLUSION

For all of the foregoing reasons, the Appellant, respectfully requests that the honorable Court exercise its discretion to hear this appeal of the Order Reopening and Remanding, entered on February 12, 2021, as it will be in the interest of judicial economy and justice and the parties will be better served if the dismissed case remains dismissed. All litigation must come to an end. A procedurally incorrect reopening of an adversary proceeding and remand of a dismissed case serves no purpose of law, affects parties' substantive rights and requires appellate review in the interest of justice.

Respectfully Submitted,

Dated this ~~19~~ 20th day of February, 2021

[signature]

Isha Deen in Pro Per

# EXHIBIT A

Order Entered on February 12, 2021 by Clerk U.S. Bankruptcy Court Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re: ISHA DEEN Debtor(s). | BANKRUPTCY NO. 19-05815-CL13 |
| ISHA DEEN & KASHIF KHWAJA Plaintiff(s). | ADVERSARY NO. 19-90151-CL |
| v. CHODRY DEEN, SANA DEEN, & SIDRAH DEEN Defendant(s). | Date of Hearing: 02/10/2021<br>Time of Hearing: 2:00 PM<br>Name of Judge: Christopher B. Latham |

**ORDER REOPENING AND REMANDING CASE TO THE STATE COURT**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through two (2).

DATED: February 12, 2021

Judge, United States Bankruptcy Court

Before the court is Defendants' motion to reopen this adversary proceeding and remand it to the state court. After considering the parties' papers and entertaining extensive oral argument at the February 10, 2021 hearing on the matter, the court made findings of fact and conclusions of law on the record. Based on them, the court **grants** Defendants' motion, **reopens** this adversary proceeding, and **remands** it to the San Diego Superior Court, where it bears case no. 37-2016-00022636-CU-OR-CTL, styled *Deen, et al. v. Deen, et al.*

IT IS SO ORDERED.

1252b
06/17

United States Bankruptcy Court
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101−6991

Telephone: 619−557−5620
Website: www.casb.uscourts.gov
Hours: 8:30am − 4:30pm Monday−Friday

| | |
|---|---|
| Isha Deen<br>Debtor(s) | BANKRUPTCY NO. 19−05815−CL13 |
| **Isha Dean**<br>**Kevin Khwaja**<br>Appellant(s) | ADVERSARY NO. 19−90151−CL |
| **Chodry Dean & Sana Deen**<br>**Sidrah Deen**<br>Appellee(s) | BANKRUPTCY APPEAL NO. 1<br>BAP CASE NO. |

TRANSMITTAL MEMORANDUM

TO CLERK OF THE BANKRUPTCY APPELLATE PANEL

BANKRUPTCY FILED DATED: 12/26/19
BANKRUPTCY JUDGE: Christopher B. Latham    FEE PAID: Paid
NOTICE OF APPEAL FILED ON: 2/19/21    DATE OF ENTRY OF APPEALED ORDER: 2/12/21

DATED: 2/19/21

Michael Williams
Clerk of the U.S. Bankruptcy Court

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0974−3 | User: Admin. | Date Created: 2/19/2021 |
| Case: 19−90151−CL | Form ID: 1252b | Total: 7 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | |
|---|---|---|---|---|---|
| pla | Isha Deen | PO Box 2707 | Rancho Santa Fe, CA 92067 | | |
| pla | Kashif Khwaja | PO Box 2707 | Rancho Santa Fe, CA 92067 | | |
| dft | Chodry Deen | PO Box 437 | Rancho Santa Fe, CA 92067 | | |
| dft | Sana Deen | PO Box 437 | Rancho Santa Fe, CA 92067 | | |
| dft | Sidrah Deen | PO Box 437 | Rancho Santa Fe, CA 92067 | | |
| ust | United States Trustee | Office of the U.S. Trustee | 880 Front Street | Suite 3230 | San Diego, CA 92101 |
| ust | U. S. Trustee | 880 Front Street Suite 3230 | , CA 92101 | | |

TOTAL: 7

**CSD 3015** [07/01/18]

Name, Address, Telephone No. & I.D. No.
PO BOX 2707
RANCHO SANTA FE CA 92067
KEVIN KHWAJA

FILED
2021 FEB 19 AM 9:02
CLERK
U.S. BANKRUPTCY CT
SO DIST. OF CALIF

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
ISHA DEEN

Debtor.

BANKRUPTCY NO. 19-05815-CL13

KEVIN KHWAJA
ISHA DEEN

Plaintiff(s)

ADVERSARY NO. 19-90151-CL

CHODRY DEEN SIDRAH DEEN SANA DEEN

Defendants(s)

**NOTICE OF HEARING AND MOTION**

TO: CHODRY DEEN SIDRAH DEEN SANA DEEN
PO BOX 437
Rancho Santa Fe, CA 92067

THOMAS H. BILLINGSLEA, JR., TRUSTEE

US TRUSTEE

**You are hereby notified** that on March 24, 2021, at 2 p.m, in Department 5, Room 318 of the Jacob Weinberger United States Courthouse, located at 325 West F Street, San Diego, California 92101-6991, there will be a hearing regarding the motion of Kevin Khwaja, Movant, for
Motion for Leave to Appeal
Motion for Stay/Vacate Order Pending Appeal

Any opposition or other response to this motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, **not later than fourteen (14)[1] days from the date of service.**

DATED: 2/19/21

Kevin Khwaja
[Attorney for] Moving Party

[1]Depending on how you were served, you may have additional time for response. See FRBP 9006.

**CSD 3015**

ee AD 9051 nchs 4D

**CERTIFICATE OF SERVICE**

I, the undersigned whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

That on 19 day of February, 2021, I served a true copy of the within NOTICE OF MOTION AND HEARING, together with the following pleadings [describe any other papers] on the following persons listed below by the mode of service shown below:
List additional papers:

1. **To Be Served by the Court via Notice of Electronic Filing ("NEF")**:

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On 2/19/21, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

☐ Attorney for Debtor (or Debtor), if required:

☐ Chapter 7 Trustee:

☐ For Chpt. 7, 11, & 12 cases:
UNITED STATES TRUSTEE
ustp.region15@usdoj.gov

☑ For ODD numbered Chapter 13 cases:
THOMAS H. BILLINGSLEA, JR., TRUSTEE
Billingslea@thb.coxatwork.com

☐ For EVEN numbered Chapter 13 cases:
DAVID L. SKELTON, TRUSTEE
admin@ch13.sdcoxmail.com
dskelton13@ecf.epiqsystems.com

2. **Served by United States Mail**:

On ____________________, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via 1) first class, postage prepaid or 2) certified mail with receipt number, addressed as follows:

☐ Attorney for Debtor (or Debtor), if required:

3. **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail**:

Under Fed.R.Civ.P.5 and controlling LBR, on ____________________, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery and/or electronic mail as follows:

☐ Attorney for Debtor (or Debtor), if required:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on 2/19/21
(Date)

KEVIN KNIGHT [signature]
(Typed Name and Signature)

PO Box 2207
(Address)

Rancho Santa Fe CA 92067
(City, State, ZIP Code)

KEVIN KHWAJA
PO Box 2707
Rancho Santa Fe, CA 92067

FILED
2021 FEB 19 AM 9:02
CLERK
U.S. BANKRUPTCY C
SO. DIST. OF CALIF

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ISHA DEEN<br>Debtor, | Case No. 19-05815-CL13<br>(Dismissed) |
| ISHA DEEN and KEVIN KHWAJA,<br>Plaintiffs,<br>v.<br>CHODRY DEEN, SANA DEEN, SIDRAH DEEN and Does 3-10, inclusive,<br>Defendants | Adversary No. 19-90151-CL<br>(Dismissed)<br>**PROOF OF SERVICE**<br>**Dept 5**<br>**Honorable Christopher B. Latham** |

I, Vinay Kathuria, am a resident of the State of California, over the age of 18 years, and not party to this action. On February 19, 2021, I served the following documents by United States Mail:

Notice of Dismissal
Notice of Appeal
Notice of Hearing
Motion for Stay/Vacate Order Pending Appeal
ORDER

On February 19, 2021, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing accurate copies in a sealed envelope in the United States Mail via first class, postage prepaid addressed as follows:

| | | |
|---|---|---|
| Chapter 13 Trustee<br>Thomas H Billinglsea Jr<br>402 West Broadway, Suite 1350<br>San Diego, CA 92101 | Sana Deen<br>Sidrah Deen<br>Chodry Deen<br>PO BOX 437<br>Rancho Santa Fe, CA 92067 | United States Trustee<br>Carroll, Tiffany L.<br>880 Front Street 3rd Fl Ste 3230<br>San Diego, CA 92101 |

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on February 19, 2021.

[signature]

VINAY KATHURIA
LAKE FOREST CA 92630

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

---

On Appeal from the Bankruptcy Court for the Southern District of California,
San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

# APPELLEES MOTION TO EXTEND TIME TO FILE RESPONSIVE BRIEF AND SUPPLEMENTAL EXCERPTS

---

**REQUEST FOR EXTENSION OF TIME**

1. Appellees request an extension of 60 days to file the Responsive Brief and any supplemental excerpts.
2. The current due date for the Responsive Brief and any supplemental excerpts is Tuesday January 4, 2022.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be Monday March 7, 2022.
4. This is Appellees third request to extend time, requesting an extension of 60 days. Appellee Mr. Chodry Deen, elderly father of Appellees Sana Deen and Sidrah Deen who was critically ill over the last several months, became further sick requiring another surgery and hospitalization and has unfortunately passed away in late October.
5. During this very difficult time, Appellants have continued their aggressive behavior with violations and harassment of Sana and Sidrah Deen at home, and inundated them with frivolous, extensive, burdensome motions (of hundreds of pages) in the State court in an effort to disregard and reverse the Federal Bankruptcy courts' orders – causing further pain and distress to the already exhausted and grieving Appellees. Appellants also continue to deploy the same heavy-handed approach in the near future and have reserved several more hearings and motion dates in the State court, in an effort to capitalize on Appellees' weak time and cause even more pain.
6. Appellees have been overwhelmed by Appellants' continuous harassment and heavy-handed frivolous litigation motions, all while they are trying to cope with their father's loss, leaving no time to prepare the Response to the Appellants' very technical, complex, lengthy opening brief, or to seek counsel in this highly specialized area of law in the current timeframe, and are unfortunately unable to file the Responsive Brief and excerpts by the current due date. Appellees also need to figure out how to file the Response on behalf of their late father, one of the three Appellees named in Appellants' Appeal

and Opening Brief, as Appellees are currently only self-represented. Appellees request a 60 days extension and relief from the Honorable Court as good cause exists.

Dated: December 28, 2021

Respectfully submitted,

Appellees Sana Deen, Sidrah Deen

**DECLARATION OF SANA DEEN**

I, Sana Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 60 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Tuesday January 4, 2022.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be March 7, 2022.
4. Our father, Mr. Chodry Deen (one of the Appellees) continued to be sick since the last extension and, despite all efforts, unfortunately passed away.
5. During this very difficult time, Appellants have continued their violations and harassment at home, while burdening us with frivolous motions in the State court, causing a lot of work and further distress to us while we are grieving the loss of our beloved father. Overwhelmed with the ongoing aggressive tactics by Appellants, unfortunately my sister and I are unable to file the Responsive Brief and excerpts by the current due date as described in the request for extension.
6. We humbly request a 60 days extension and relief from the Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 28th day of December 2021 at San Diego, CA.

Respectfully submitted,

____________________

Sana Deen, Appellee

# DECLARATION OF SIDRAH DEEN

I, Sidrah Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 60 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Tuesday January 4, 2022.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be March 7, 2022.
4. Our father, Mr. Chodry Deen (one of the Appellees) continued to be sick since the last extension and, despite all efforts, unfortunately passed away.
5. During this very difficult time, Appellants have continued their violations and harassment at home, while burdening us with frivolous motions in the State court, causing a lot of work and further distress to us while we are grieving the loss of our beloved father. Overwhelmed with the ongoing aggressive tactics by Appellants, unfortunately my sister and I are unable to file the Responsive Brief and excerpts by the current due date as described in the request for extension.
6. We humbly request a 60 days extension and relief from the Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 28th day of December 2021 at San Diego, CA.

Respectfully submitted,

Sidrah Deen

Sidrah Deen, Appellee

FILED
ENTERED
LODGED
RECEIVED
NOV - 1 2021
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY CMK DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

In re:

**AMENDMENT OF LOCAL RULES OF THE U. S. BANKRUPTCY COURT**

**BANKRUPTCY GENERAL ORDER NO. 198**

The Court, having considered all public comments submitted to the Court, adopts amendments to Local Bankruptcy Rules 2002-2(d); 2014-1(a) and (b); 6007-4; 7016-9(c); 7026-1; 7041-2; 9013-4(a)(17); 9013-9; 9014-1 (new); and 9014-2 (new). Administrative procedures 3.1(b) and 3.1(c) are revised to accommodate these Local Rules changes.

IT IS ORDERED that effective December 1, 2021, Local Bankruptcy Rules and Administrative Procedures are revised as attached.

DATED: November 1, 2021

CHRISTOPHER B. LATHAM
Chief Judge, U.S. Bankruptcy Court

LOUISE DeCARL ADLER
Judge, U.S. Bankruptcy Court

LAURA S. TAYLOR
Judge, U.S. Bankruptcy Court

MARGARET M. MANN
Judge, U.S. Bankruptcy Court

The Local Bankruptcy Rules are modified as follows:

**2002-2. Notices of Intended Action and Opportunity for Hearing**

(d) Response. Except as provided in LBR 4002-2(d)(5) (requiring a 14-day response time), aAny opposition or response to a notice of intended action must be filed and served not more than 2114 days after service of the notice of intended action, along with a request and notice for hearing substantially conforming to Local Form CSD 1184. If service of the notice of intended action and opportunity for hearing was by mail, FRBP 9006(f) applies.

**2014-1. Employment of Professionals.**

(a) Chapter 11 Debtor; Case Initiation: Chapter 11 debtors within 30 days from the Petition Date must file an application to retain all professionals as of the outset of the case in accordance with FRBP 2014(a) along with a Declaration of disinterestedness and the proposed order. Untimely applications require a noticed motion seeking nunc pro tunc approval as required by applicable case law. Otherwise, a noticed motion is required.

(b) Other Professionals. The application for employment of chapter 11 debtor professionals entering a case at a later date or applications by a trustee, official committee, or other party where Court approval is required, must conform to FRBP 2014(a) and be filed within 30 days from the commencement of employment., or a noticed motion requesting nunc pro tunc approval Otherwise, a noticed motion is required.

**6007-4. Procedure for Expedited Abandonment of Personal Property**. Where a Movant seeks rejection of an unexpired nonresidential real property lease under LBR 9013-9(c), it may combine a Motion for Expedited Abandonment of Personal Property with a related Motion for Expedited Lease Rejection, and the procedures and notice provisions of LBR 9013-9 will apply.

**7016-9. Preparation for Trial.** Unless otherwise ordered or otherwise specified in the assigned Judge's Chamber Guidelines, the parties must complete the following at least 7 days before the start of trial:

(c) Proposed Findings. When ordered,In proceedings tried without jury, and otherwise when so ordered, serve and file proposed findings of fact and conclusions of law;

**7026-1. Applicability of Rule.** All adversary proceedings, and all contested matters under FRBP 9014 to which the adversary rules apply, must comply with FRBP 7026 and follow the procedures set forth in LBR 7016-1. Failure to timely comply will be cause for issuance of a notice of dismissal or denial of the matter. FRCP 26(d)(1) is not applicable to requests under FRBP 7033, 7034, or 7036. However, discovery may not be propounded in connection with a contested matter until after the responding party has filed written opposition to the matter. Discovery in unopposed contested matters may not be undertaken without leave of court. See LBR 9014-2.

**7041-2. Dismissal of Related Title 11 Case.**

(a) Except as provided in the following subsection, Wwhenever a bankruptcy case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered will be closed may be dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 21 days of case dismissal.

(a)(b) If the pending related adversary proceeding was removed from another court, it will be remanded to that court upon dismissal of the underlying bankruptcy case unless a party files a motion seeking continuation of the adversary proceeding in this Court within 21 days of case dismissal.

(c) A party seeking continuation of an adversary proceeding under this rule may move for judgment or dismissal before the adversary proceeding is closed or after entry of an order reopening a closed adversary proceeding.

(b)(d) If the debtor files another Petition for Relief under Title 11 within 90 days following entry of the order dismissing the prior case, any plaintiff whose adversary proceeding was dismissed under this rule may file a motion, subject to objection, and proposed order to have the adversary proceeding reopened and made applicable in the new case, as though the adversary proceeding were originally filed in the new case.

**9013-4. Hearings and Hearing Dates.** Certain motions require a notice of hearing in every instance (LBR 9013-4(a)). Hearings on all other motions and on notices of intended action are set only upon request of the Movant or respondent (LBR 9013-4(b)). In all instances, hearing dates must be requested from the Courtroom Deputy. A judge may, in the judge's discretion, decide a motion without oral argument even if a hearing date was assigned.

(a) Hearing Required (Movant Requests Hearing). This rule governs any motion or application where the Movant requests a hearing date or an actual hearing is

required by the Bankruptcy Code or FRBP including, but not limited to, the following motions and applications:

(17) motion for ~~nunc pro tunc~~ approval of applications to employ counsel or other professionals filed more than 30 days after the petition date or employment date, as relevant;

**9013-9. Emergency Motions.**

(b) General Contents of Motion. The motion must:

(c) Contents of Emergency Motion for Rejection of Unexpired Nonresidential Real Property Lease. In addition to the general requirements of 9013-9(b), the motion must:

(1) Identify the applicable statute, the other party to the lease, the location of the leased premises, and the status of possession as of the motion filing date;

(2) State that the lease is proposed to be rejected effective as of the Notice filing or other date proposed by Movant, subject to determination by the Court; and

(3) State whether Movant will seek abandonment of any personal property located on the leased premises by expedited motion pursuant to LBR 6007-4 or on regular notice pursuant to LBR 6007-2 and detail any arrangements for prompt removal of personal property by the Movant.

~~(c)~~(d) Service of Motion. A party must personally serve Documents supporting the emergency motion on parties or counsel for parties in interest including the U.S. Trustee, lessor, and property manager, or if the parties or counsel are located outside of the Southern District of California or personal service is impracticable, then serve the papers in a manner reasonably calculated to provide prompt notice, including express or overnight delivery or, with consent, by email or facsimile. If the motion seeks to reject a real property lease, service must also be made to the address for notices in the lease.

~~(d)~~(e) Telephonic Notice. The Movant must make reasonable efforts to telephonically or personally notify parties, including the U.S. Trustee, of the emergency relief requested. In addition, the Movant must make a good faith effort to determine whether any party intends to oppose the relief requested.

~~(e)~~(f) Declaration Regarding Notice and Opposition. A Declaration must accompany any emergency motion, indicating what notice was given to parties in interest and whether any noticed party plans to oppose the relief requested.

~~(f)~~(g) Caption of Motion. The word "Emergency" must appear in the caption of all emergency motions and orders related to the emergency motion. Movant must provide the judge's law clerk with telephonic notice of the motion when it is filed.

~~(g)~~(h) Response to Motion and Notification of Law Clerk. Any party in interest who opposes an emergency motion must immediately notify the judge's law clerk by telephone of intent to oppose. Written opposition to the emergency motion is not required to be filed ~~to the emergency motion~~, unless the Court otherwise directs.

~~(h)~~(i) Court's Discretion. The Court reserves discretion to grant or deny an emergency motion without further hearing.

~~(i)~~(j) Sanctions. If sanctions are appropriate based on improper use of the emergency motion procedure, sanctions may be awarded regardless of the ultimate determination of the merits if later heard as a fully noticed matter.

## RULE 9014. DISCOVERY IN CONTESTED MATTERS

**9014-1. Applicability of Rule.** In all contested matters under FRBP 9014 to which the adversary rules apply, the parties must comply with FRBP 7026 and follow the procedures set forth in LBR 7016-1. Failure to timely comply will be cause for denial of the matter.

**9014-2. Timing and Limitations.** Discovery may not be propounded in connection with a contested matter until after the responding party has filed written opposition to the matter. Discovery in unopposed contested matters may not be undertaken without leave of court.

The Administrative Procedures are modified as follows:

**3.1 Filing of Petition, Schedules, Statements, and Other Documents**

**(b) Depending upon your circumstances, the following documents may or may not be needed. If the form is needed, it must be filed at the same time as the Voluntary Petition~~,~~ but filed separately.**

- Application to Pay Filing Fees in Installments (CSD 1006) (for individual debtors only);
- Application for Waiver of Chapter 7 Filing Fee (CSD 1020) (for individual debtors only);

- Statement of Exigent Circumstances and Motion Request to Extend Time (CSD1025).
- Motion for Exemption from Credit Counseling (CSD 1027);
- Disclosure of Compensation of Bankruptcy Petition Preparer (CSD 2800) (only in is cases for unrepresented debtors); or
- Declaration and Signature of Non-Attorney Bankruptcy Petition, Bankruptcy Petition Preparer's Notice, Declaration, and Signature, [See Official Bankruptcy Form 119] (only in cases for unrepresented debtors);
- Motion for Exemption from Credit Counseling (CSD 1027); or
- Statement of Exigent Circumstances and Motion Request to Extend Time (CSD1025).

**(c) The following must be filed with the voluntary petition for individuals or non-individuals or within 14 days after the petition is filed.**

- Chapter 11 Statement of Your Current Monthly Income (122B) (not required in sSubchapter V cases);

RECEIVED
Susan M. Spraul, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

OCT 01 2021

FILED
DOCKETED
DATE INITIAL

**Case No. SC-21-1035**

**UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

In re ISHA DEEN

*Debtor*

KEVIN KHWAJA, ISHA DEEN

*Appellants*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees*

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

**APPELLEES MOTION TO EXTEND TIME TO FILE RESPONSIVE BRIEF AND SUPPLEMENTAL EXCERPTS**

Case: 21-1035, Document: 33, Filed: 10/01/2021 Page 1 of 5

**REQUEST FOR EXTENSION OF TIME**

1. Appellees request an extension of 90 days to file the Responsive Brief and any supplemental excerpts.
2. The current due date for the Responsive Brief and any supplemental excerpts is Monday October 4, 2021.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be January 4, 2022.
4. This is Appellees' second request to extend time, requesting an extension of 90 days. Appellee Chodry Deen, father of Appellees Sana Deen and Sidrah Deen became critically ill and was hospitalized for over a month, mostly in the intensive care unit. He continues to be very sick, requiring 24x7 care by a combination of health care providers and his daughters Sana and Sidrah Deen. During this time, Appellants prepared and filed a very lengthy, extremely burdensome Opening Brief and excerpts of Record extending over 730 pages on a frivolous appeal, with countless false attacks on their critically sick father and younger sisters spending days and nights in the hospital.
5. Appellee Mr. Deen's health is in poor condition, and he is unable to file the Responsive Brief and excerpts by the current due date. Appellees Sana and Sidrah Deen are also fully consumed providing the critically necessary care and support directly themselves and through the health care providers to their father around the clock, 24x7, leaving no time to review or understand the very technical, complex opening brief, or to seek counsel in this highly specialized area of law in the current timeframe. Appellees request a 90 days extension and relief from the Honorable Court as good cause exists.

Dated: September 26, 2021

Respectfully submitted,

[signatures]

Appellees Sana Deen, Sidrah Deen, Chodry Deen

## DECLARATION OF SANA DEEN

I, Sana Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 90 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Monday October 4, 2021.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be January 4, 2022.
4. Our father, Mr. Chodry Deen's (Appellee) health is in poor condition, and he is unable to file the Responsive Brief and excerpts by the current due date.
5. My sister Sidrah Deen and I, also continue to be fully consumed providing the critically necessary care and support directly ourselves and through the health care providers to our father around the clock, 24x7, leaving us no time to review or understand the very technical, complex opening brief, or to seek counsel in this highly specialized area of law in the current timeframe.
6. We humbly request a 90 days extension and relief from the Honorable Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 26th day of September 2021 at San Diego, CA.

Respectfully submitted,

[signature]

Sana Deen, Appellee

**DECLARATION OF SIDRAH DEEN**

I, Sidrah Deen, declare:

1. I am an appellee in this action and request, for good cause, an extension of time of 90 days.
2. The current due date for the Responsive Brief and any supplemental excerpts is Monday October 4, 2021.
3. The new due date for the Appellees Responsive Brief and any supplemental excerpts would be January 4, 2022.
4. Our father, Mr. Chodry Deen's (Appellee) health is in poor condition, and he is unable to file the Responsive Brief and excerpts by the current due date.
5. My sister Sana Deen and I, also continue to be fully consumed providing the critically necessary care and support directly ourselves and through the health care providers to our father around the clock, 24x7, leaving us no time to review or understand the very technical, complex opening brief, or to seek counsel in this highly specialized area of law in the current timeframe.
6. We humbly request a 90 days extension and relief from the Honorable.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 26th day of September 2021 at San Diego, CA.

Respectfully submitted,

Sidrah Deen

Sidrah Deen, Appellee

**UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT**

**CERTIFICATE OF SERVICE**

Bankruptcy Case No. 19-05815-CL13
Adversary Proceeding. No. 19-90151-CL
Appeal No. SC-21-1035

On September 28, 2021, I served the following document(s):

APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE BRIEF; DECLARATION OF SANA DEEN AND SIDRAH DEEN

I served the document(s) to:

TODD DANIEL BELD
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602

[ X ] (MAIL) (C.C.P. § 1013(a)) Pursuant to CCP § 1013(a) said envelope would be deposited with the U.S. Postal Service on the same day with postage thereof fully prepaid at San Diego, California in the ordinary course of business. I placed the envelope for collection and mailing on the date identified above.

[ ] (ELECTRONIC SERVICE) (CCP § 1010.6(a)(4)) I caused such document(s) to be electronically served, via Online Service, served on all interested parties in this action shown by Electronic-Filing. Electronic service is complete at the time of transmission.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 28, 2021, in San Diego, California.

[signature]
Sidrah Deen

**Case No. SC-21-1035**

---

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

---

In re ISHA DEEN

*Debtor*

---

KEVIN KHWAJA, ISHA DEEN

*Appellants*, *Plaintiffs*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees, Defendants*

---

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

---

# APPELLANT'S OPENING BRIEF

---

TODD DANIEL BELD
ATTORNEY AT LAW
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
(949) 474-0994
E-MAIL toddbeld@msn.com
Attorney For Appellant

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .......... 3

**JURISDICTIONAL STATEMENT** .......... 5

**STATEMENT OF ISSUES** .......... 5

**STANDARD OF REVIEW** .......... 6

**STATEMENT OF THE CASE** .......... 7

Factual Background 7

Procedural Background 10

**SUMMARY OF ARGUMENT** .......... 14

**ARGUMENT** .......... 14

THE COURT DID NOT HAVE JURISDICTION TO TAKE ANY ACTION THAT WAS OR COULD HAVE BEEN REQUESTED BY RESPONDENTS AFTER THE ADVERSARY PROCEEDINGS AND THE BANKRUPTCY PROCEEDING HAD BEEN DISMISSED AND ITS ORDER TO THE CONTRARY IS A LEGAL NULLITY .......... 14

The Court Erred In Stating There Was No Final Order On The Adversary Proceeding. Dismissal Under 7041 Is A Final Order .......... 19

RESPONDENTS, WHO WERE DEFENDANTS IN THE ADVERSARY PROCEEDING DISMISSED UNDER RULE 7041-2, DID NOT OBJECT TO THE DISMISSAL OR APPEAL THEREFROM AND DID NOT HAVE A RIGHT BE HEARD ANY FURTHER AT THE BANKRUPTCY COURT .......... 22

THE BANKRUPTCY COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO APPLY THE PROPER PROCEDURE AND ANALYSIS WHEN IT GRANTED A MOTION TO REOPEN AN ADVERSARY PROCEEDING, 10 MONTHS AFTER IT WAS DISMISSED .......... 24

Respondents' Claims are Unmeritorious and Prejudice against Appellant Exists .......... 28

The Court Did Not Uphold Procedure, Did Not Conduct a Proper Analysis of the Implications of Reopening and Performed an Exercise in Futility by Remanding a Case Over Which it Had No Jurisdiction .......... 35

**CONCLUSION** .......... 37

**CERTIFICATION OF INTERESTED PARTIES** .......... 38

**CERTIFICATION REGARDING RELATED CASES** .......... 39

**CERTIFICATE OF COMPLIANCE** .......... 40

**TABLE OF AUTHORITIES**

**CASES**

*Ackermann v. United States*, 340 U.S. 193 (1950) . . . . . . . . . . 26
*Am. Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963) . . . . . . . . . . 21
*Ash v. Cvetcov*, 739 F.2d 493, 496 (9th Cir. 1984)
cert. denied, 470 U.S. 1007 (1985) . . . . . . . . . . 19
*Armel Laminates, Inc. v. Lomas & Nettleton Co.* . . . . . . . . . . 16, 18
*Beneficial Trust Deeds v. Franklin (In re Franklin)*
802 F.2d 324, 326-27 (9th Cir.1986) . . . . . . . . . . 18
*CSU, L.L.C. v. Xerox Corp.,* 202 F.R.D. 275 (D.Kan. 2001) . . . . . . . . . . 25
*Curry v. Advocate Bethany Hospital*, 352 Fed.Appx. 88, 91 (7th Cir.2009) . . . . . . . . . . 26
*De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) . . . . . . . . . . 19
*Gonzalez*, 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008) . . . . . . . . . . 25
*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) . . . . . . . . . . 26
*In re Archer,* 264 B.R. 165, 168 (Bankr. E.D. Va. 2001) . . . . . . . . . . 27
*In re Blendheim* (9th Cir. 2015) 803 F.3d 477, 499–498 . . . . . . . . . . 37
*In Re Enron,* 296 B.R. 505 (C.D. Cal. 2003). . . . . . . . . . . 17
*In Re Garcia,* 115 B.R. at 171 . . . . . . . . . . 27
*In re Income Property Builders, Inc.)*
699 F.2d 963, 964 (9th Cir.1982) . . . . . . . . . . 16, 18
*In re Jogert, Inc.,* 950 F.2d 1498, 1501 (9th Cir. 1991) . . . . . . . . . . 6
*In re Nations First Capital, L.L.C.* (May 14, 2021, No. 20-60037) . . . . . . . . . . 27
*In Re Ray*, 624 F. 3d at 1136 . . . . . . . . . . 24
*In re Valdez Fisheries, 439 F.3d 545 (9th Cir. 2006)* . . . . . . . . . . 24
*Klapprott v. United States*, 335 U.S. 601 (1949) . . . . . . . . . . 26
*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) . . . . . . . . . . 15
*Kvassay v. Kvassay (In re Kvassay),* BAP No. CC-13-1418-KiLaPa
(B.A.P. 9th Cir. May. 30, 2014) . . . . . . . . . . 33
*Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993) . . . . . . . . . . 26
*Matter of Hanks*, 182 B.R. 930 (Bankr. N.D. Ga. 1995) . . . . . . . . . . 20
*Matter of Plunkett,* 82 F.3d 738, 742 (7th Cir.1996) . . . . . . . . . . 33
*McNutt v. GM Acceptance Corp*., 298 U.S. 178, 182-83 (1936) . . . . . . . . . . 6, 21
*Morongo Band of Ind. v. Cal. St. Bd., Equal*
858 F.2d 1376, 1380 (9th Cir. 1988) . . . . . . . . . . 15, 17
*Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992) . . . . . . . . . . 21
*Reid v. Richardson,* 304 F.2d 351, 355 (4th Cir. 1962) . . . . . . . . . . 35
*Schanen v. United States Dept. Of Justice,*762 F.2d 805, 807 (9th Cir. 1985) . . . . . . . . . . 25, 26
*Straw v. Bowen,*866 F.2d 1167, 1172 (9th Cir. 1989) . . . . . . . . . . 25, 27
*Teamsters, Chauffeurs, Warehousemen Helpers Union,*
*Local No. 59 v. Superline Transp. Co.,*953 F.2d 17, 20 (1st Cir. 1992) . . . . . . . . . . 26
*TrafficSchool.com, Inc. v. Edriver Inc*., 653 F.3d 820, 832 (9th Cir. 2011) . . . . . . . . . . 7

*United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 6
*United States v. Hinkson,* 585 F.3d 1247, 1261-62 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . 6, 7
*United States v. Johnson*, 396 F.3d 902, 904 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 33
*United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . 17
*Watson v. Sutro* (1890) 86 Cal. 500, 529 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
*Watts v. Pinckney*, 752 F.2d 406, 409-10 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TREATISES**

*3 Collier On Bankruptcy* ¶ 350.03 (16th ed. rev. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
*15 C. Wright, A. Miller E. Cooper*, *Federal Practice and Procedure*
§ 3844, at 332 (1986) . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . .15

**STATUTES**

11 USC § 350(a), 350(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 24
28 USC § 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 USC § 1452(b) . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 32
FRBP 1447 . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
FRBP 5010, 5010-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 22, 23, 31, 32
FRBP 7041 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19, 20, 21, 22
FRBP 8002 . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
FRBP 9013-4, 9013-4(a), 9013-7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32, 33
FRBP 9027(d), 9027-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33, 35
FRCP 41(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
FRCP 60(b), 60(b)(1-6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 26, 27, 28, 32
LBR 7041−2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 13, 14, 15, 21

## JURISDICTIONAL STATEMENT

Appellants, Isha Deen and Kevin Khwaja ("Appellants"), appeal from the order of the Bankruptcy Court for the Southern District of California ("Bankruptcy Court") which granted relief to Appellees named herein, Chodry Deen, Sana Deen, Sidrah Deen ("Respondents") in their request to reopen a dismissed adversary proceeding over Appellants' objection that the case had already been dismissed. The Appellants timely filed Notice of Appeal on February 19, 2021, within 14 days of the entry of the Order pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") 8002. No party elected to have the appeal heard by the district court, and therefore the United States Bankruptcy Appellate Panel of the Ninth Circuit (`BAP") has jurisdiction under 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under 28 U.S.C. §158(a)(1), an appeal may be taken from "final judgments, orders, and decrees." The order appealed from herein is just such a "final" order under §158(a)(1), as has been confirmed by the BAP in its Order filed March 17, 2021.

## STATEMENT OF ISSUES

1. After two adversary proceedings brought by Appellants and one brought by a respondent were dismissed under Rule 7041-2 and the entire Chapter 13 bankruptcy case likewise was dismissed, does the bankruptcy court that entered the dismissals have any jurisdiction to reopen any of the adversary proceedings.
2. Did Respondents, who were defendants in the adversary proceeding

dismissed under Rule 7041-2 and who did not object to the dismissal or appeal therefrom, have any right to be heard any further at the bankruptcy court.

3. Did the Bankruptcy Court violate Appellant's due process rights by failing to apply proper procedure and analysis when it granted a motion to reopen an adversary proceeding, 10 months after it was dismissed.

## STANDARD OF REVIEW

The existence of subject matter jurisdiction is a question of law reviewed de novo. *In re Jogert, Inc.,* 950 F.2d 1498, 1501 (9th Cir. 1991). The legal conclusions of the bankruptcy courts are subject to de novo review. *In re American Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir. 1984); see also *In re Taylor*, 884 F.2d 478, 480 (9th Cir. 1989). The burden of establishing subject matter jurisdiction rests on the party asserting that the court has jurisdiction. McNutt v. GM Acceptance Corp., 298 U.S. 178, 182-83 (1936).

A bankruptcy court's application of its local rules is reviewed for abuse of discretion. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en

banc)). Abuse of discretion is a two-prong test; first, the appellate court determines de novo whether the bankruptcy court identified the correct legal rule for application [*United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009)]. If the correct legal rule for application was not applied, then the bankruptcy court necessarily abused its discretion. [Id. at 1262]. If the action in question passes this first hurdle, the appellate court reviews whether the bankruptcy court's application of the correct legal rule was clearly erroneous [Id.]

## STATEMENT OF THE CASE

### A. Factual Background

Appellant Isha Deen filed Bankruptcy case 19-05815-CL13 on September 28, 2019. The case had three associated adversary proceedings (APPELLANTS' APPENDIX ("AA") : Page 726)[1]:

1) 19-90151-CL Deen et al v. Deen et al - Quiet title action removed by Appellant from San Diego County Superior Court in which Appellant is Plaintiff. Respondents are defendants.
2) 19-90150-CL Deen et al v. Kreditor et al - Defendants in this action were Appellants' counsel in the previously mentioned Deen v. Deen action. Appellants sought damages for professional negligence.
3) 20-90007-CL Deen et al v. Deen et al - Respondents' adversary proceeding filed in the Bankruptcy court incorporating their cross complaint from the Quiet title action.

Each of these were dismissed without prejudice by the bankruptcy court in April/May of 2020 (AA 710, 719, 723) concurrently with the dismissal of the

[1] References to the Appellants' Excerpts/Appendix will follow this convention: AA-[Page #]:[Line #]. Line numbers are cited as necessary.

underlying bankruptcy case (AA 495). Respondents are Appellant's younger siblings and their father and whom Appellants' raised and supported financially for 2 decades after their mother passed away and have lived in Appellants' homes since 1997 (AA 277:18 - 280:7). After having failed to seek continuation of the adversary proceeding 19-90151 within 7 days of case dismissal, having failed to appeal from the dismissal, and having further failed to bring any motion under Rule 60(b) (which actually could only have been brought in conjunction with an appeal), Respondents nevertheless thereafter made a "request" to the Bankruptcy Court to reopen the adversary proceeding. Over Appellants' objections, the Bankruptcy Court purported to order one adversary proceeding reopened, while the other two adversary proceedings and the underlying bankruptcy case remained dismissed.

The historical background for these matters is as follows: In 2010, Appellant purchased her dream home from Chase Bank, insured by Lawyer's title, (AA 099 - "Recording Requested by: Lawyers Title Company). There was no dispute on title between the family at the time of purchase or for years afterwards. See Declaration of Attorney Alex Llorente who was involved in the purchase of the property (Exhibit 20 of Appellants' Opposition AA 594-599; See also the declaration of Respondent Sana Deen, AA 600). In 2016, Respondents caused a forged deed to be recorded on Plaintiff's home whereby Appellant's father purported to obtain an interest in the home (AA 546-582, AA 512, AA 525-526,

AA 519-526). The Superior Court of California County of San Diego (after concluding initial bifurcated proceedings relative to that deed and the parties respective claims regarding the home) found that Respondents' deed was stolen and forged with:

> "numerous handwritten additions by Chodry, Sana and Sidrah and that Isha never signed a deed transferring the EI Brazo house to Chodry" (AA 190:17-18)
>
> "the court finds that the Grant Deeds were taken by Chodry, Sana and Sidrah and then recorded without Isha' s permission and finds that testimony by Chodry regarding receipt of the Deed on November 5, 2015 to not be credible." (AA 191:7-9)

As to this forged deed, the court granted quiet title in favor of Appellant Isha Deen and expunged the forged deed:

> 1) Isha Deen Khwaja as Trustee of 33 Degree Trusts claim to remove cloud on title is Granted;
> 2) The May 31, 2016 Grant Deed ( Document Number 2016-0263348) is null and void and is cancelled and extinguished in its entirety;
> 3) ... Isha Deen Khwaja as Trustee of 33 Degree Trust is the holder of legal title of the EI Brazo property; (AA 200)

However, the state court, purporting to rely upon Respondents' "Punjabi Culture," found a resulting trust:

> "the reason the property was supposed to be a Deen Family house was based on the Punjabi culture. As explained by Chodry, the Punjabi culture involves the family pooling their funds together to purchase property in the name of the parent or parents, as the case may be ... When the parent dies, the parent then leaves the property to the children."
>
> "The facts of this case clearly support a resulting trust for the benefit of Chodry, Sana and Sidrah. The court finds ... Chodry, Sana and Sidrah's desire to hold the property consistent with their "Punjabi Culture." The court

> further finds that Kashif and lsha never dissuaded Chodry, Sana and Sidrah from pursuing their dream of owning the El Brazo Property consistent with the "Punjabi Culture."" (AA 196:22-27)

The Respondents caused the resulting judgment (not stated as being interlocutory but rather prepared as if it were a final judgment) to be recorded in the official records of San Diego County Recorder's office. Both parties appealed from this judgment, but in 2019 the Fourth District Court of Appeal deemed the Superior Court judgment a non-final, non-appealable and non-enforceable judgment (AA 202). Despite the same, Respondents still allege the judgment is final and "enforced" for 3 years (AA 681:11-12) and claim a dispute over a fraudulent deed which was voided by multiple government agencies, including the County Recorder's Office, the state court and the California Secretary of State who revoked the notarization on Respondents deed (AA 512, AA 519-526). Respondents made the request for relief to the bankruptcy court and the bankruptcy court purported to grant the same, giving rise to this Appeal.

**B. <u>Procedural Background</u>**

In or around December of 2019, Plaintiff's bankruptcy counsel filed notice of removal of Superior Court case 37-2016-22636 to Federal court as Adversary Proceeding 19-90151-CL (AA 001-202). Upon the filing of Notice of Removal, the Superior Court designated the case "Removed to Federal Court" and vacated all dates except one status conference [AA 454, AA 695:20-21].

On December 26, 2019, Appellant's Bankruptcy counsel concurrently

removed the action initiated by Plaintiffs in Orange County Superior Court against Fitzgerald Yap Kreditor ("FYK") for fraud, breach of contract, breach of fiduciary duty and professional negligence to Bankruptcy court as Adversary Proceeding 19-90150-CL [AA 719-722]. FYK alleged no counter claims against Plaintiffs in the Orange County action.

Also in or around December 2019, Respondents filed a proof of claim in the underlying bankruptcy case for $7 million each, totalling $21,000,000.00 (AA 473-481), without providing any substantiation or support.

In January 2020, Respondents filed their own adversary proceeding, 20-90007-CL (AA 723-725), in the bankruptcy court incorporating causes from their cross complaint and lodging the same fraudulent forgeries in violation of Federal law, giving bankruptcy court consent and jurisdiction over their claims. They never filed any answer (AA 727, AA 710), motion for relief from stay or a timely motion to remand the proceeding to the Superior Court. In fact, Respondents didn't even schedule a motion for remand as there is no reference to it anywhere in the docket (AA 710-718).

On or around April 7, 2020, at the onset of the global COVID Pandemic and in light of settlement discussions with Respondents, who were quarantined in the same home with Appellant, Appellant Isha Deen requested dismissal of bankruptcy 19-05815-CL13 which was granted on April 09, 2020 (AA 708-709). On April 10, 2020, the bankruptcy court issued Notice To Parties Pursuant To Local Bankruptcy

Rule 7041–2 (AA 15:1). Respondents were served this notice directly by the bankruptcy court (AA 16:1-2). No party took any action and no party sought to continue Adversary Proceeding 19-90151-CL, or any other related adversary proceeding, within the 7-day interval clearly specified in the notice. Respondents sought not to continue litigation between the family and both parties worked towards an out of court resolution (AA 613:16) with the assistance of extended family during the peaceful interval as all litigation ended.

Accordingly, all three adversary proceedings were dismissed without prejudice on or around April 17, 2020 by the court and a final entry of termination entered into the case docket on May 18, 2020 (AA 712 - ECF #17, 722 ECF #21,725 ECF #15). Appellant called the court clerk and was informed the case was dismissed without prejudice. No further voluntary dismissal notice or action was required. On June 8, 2020 the underlying bankruptcy case, 19-05815, was terminated (AA 708 ECF# 66). After Respondents were served with a lawsuit for legal costs and fees from an expert witness they hired for the state litigation, they backtracked (AA 279:15-23).

Almost 250 days later, on December 10, 2020, Respondents filed a motion to reopen adversary proceeding 19-90151-CL without noticing or serving copies on Appellants (AA 24:1-3). Appellant Isha Deen filed a detailed opposition with a declaration and detailed evidence supporting their opposition to Respondents' improper and improper motion (AA 275-300). Appellant filed a notice of hearing

to oppose the motion to reopen (AA 603). The hearing was held February 10, 2021 (AA 619). Only one Appellant appeared pro se. The scope of the hearing varied greatly from Respondents' filed paperwork. Appellant requested opportunity for additional briefing on the new arguments raised during the hearing. This request was ignored.

In the hearing, the bankruptcy court itself stated it had no jurisdiction, and that the motion to reopen under Federal Bankruptcy Rules of Procedure ("FRBP") 5010 was incorrect, untimely and improperly pled, but nevertheless granted the motion to reopen and further ordered remand of the adversary proceeding to Superior Court, when no motion to remand was noticed or filed. This appeal by Appellant followed, along with notice of dismissal pursuant to Bankruptcy Code Section 41(A)(1)(i) filed by Appellant (AA 714 ECF# 33, AA 716 ECF# 56). The case was transmitted to the Bankruptcy Appellate Panel as Case SC-21-1035.

Certain dates of the adversary proceeding and underlying bankruptcy, are significant and are summarized below for ease of reference.

Timeline for 19-05815-CL13 - Underlying Bankruptcy (AA 701-709)
04/07/2020 - Request for Dismissal of Bankruptcy
04/09/2020 - Debtor Dismissed
04/11/2020 - Vacating automatic stay and injunction
05/07/2020 - Trustee's Final Report and Account
06/08/2020 - Order Approving Account and Date Terminated. Debtor relieved of any further responsibility for keeping the Court and the Trustee advised of a current mailing address.

Timeline for 19-90151-CL - Adversary Proceeding (AA 710-718)
04/10/2020 - Notice to Parties Pursuant to Local Bankruptcy Rule 7041-2

05/18/2020 - Adversary Proceeding Terminated
02/10/2021 - Hearing / Order Granting Reopen and Remand

## SUMMARY OF ARGUMENT

The central issue on appeal is whether the Bankruptcy Court in this case had any jurisdiction to grant any relief whatsoever to Respondents once all matters had been disposed of by dismissals. The fact is that it did not and does not. Even if it had, the fact is that Respondents have not and cannot show the existence of any circumstances, cause or excuses that might justify setting aside or nullifying the dismissals in any way. The dismissals should stand and the order by the Bankruptcy Court purporting to reverse the dismissals must be vacated.

## ARGUMENT

### A. THE COURT DID NOT HAVE JURISDICTION TO TAKE ANY ACTION THAT WAS OR COULD HAVE BEEN REQUESTED BY RESPONDENTS AFTER THE ADVERSARY PROCEEDINGS AND THE BANKRUPTCY PROCEEDING HAD BEEN DISMISSED AND ITS ORDER TO THE CONTRARY IS A LEGAL NULLITY.

The bankruptcy case was dismissed pursuant to the court order entered on April 9, 2020 stating: "Notice is hereby given that the Chapter 13 case for the above−named Debtor Only (Isha Deen) has been dismissed." (AA 701-709, ECF# 61 and 63). On April 10, the court noticed parties to each adversary proceeding of pending dismissal pursuant to Local Bankruptcy Rule ("LBR") 7041-2, as follows:

> (a) Whenever a case is dismissed, any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court, unless a party files a motion seeking continuation of the adversary proceeding within 7 days of

case dismissal.

The 7041-2 Notice to Parties served upon parties by the court clerk stated:

> NOTICE IS HEREBY GIVEN that the Bankruptcy Case No. 19−05815−CL13 has been dismissed and no further proceedings are to be taken in connection therewith. Pursuant to Local Bankruptcy Rule 7041−2(a), this adversary proceeding will likewise be closed unless a party files a motion seeking continuation of the adversary proceedings within seven (7) days of the entry of this notice. (AA 302-303).

No party filed a motion to continue and the adversary proceeding was dismissed. A final termination of the adversary proceeding was entered by the court on May 18, 2020 ending all jurisdiction of the court over the proceedings (AA 712 - ECF #17).

Accordingly, the honorable bankruptcy court itself stated in the February 10, 2021 hearing, since the adversary proceedings which included Respondents' state law claims originally filed in state court had been dismissed and the entire bankruptcy thereafter closed, the court no longer had jurisdiction:

> AND THERE IS NO LONGER A JURISDICTION IN THIS COURT; THAT WHAT CREATED JURISDICTION BEFORE WAS THE BANKRUPTCY ITSELF. THE BANKRUPTCY IS GONE NOW. (AA 683:19-22)

Matters of jurisdiction are black and white. As was stated in *Kokkonen v. Guardian Life Ins. Co. of Am.* , 511 U.S. 375, 377 (1994), jurisdiction cannot be "expanded by judicial decree," and if jurisdiction is lacking at the outset, the district court has "no power to do anything with the case except dismiss." *15 C. Wright, A. Miller E. Cooper*, *Federal Practice and Procedure* § 3844, at 332

(1986) (footnote omitted); accord *Morongo Band of Ind. v. Cal. St. Bd., Equal, 858 F.2d 1376, 1380 (9th Cir. 1988).*

Associated adversary proceedings are "related" to the underlying bankruptcy case because of their nexus to the debtor's bankruptcy case. Here, the nexus was broken as the bankruptcy was dismissed. In this regard, the case of *In Re Income Property Builders, Inc*. (*Armel Laminates, Inc. v. Lomas & Nettleton Co.*), 699 F. 2d 963 (9th Cir. 1982) is instructive. In that case, a creditor (Armel) whose motion to intervene in bankruptcy proceedings to preserve a lien on debtor's property was denied, and which thereafter also failed to file an application for stay of the sale of that property pending appeal and did not object to or attack the subsequent order of the bankruptcy court dismissing the petition, and where no appeal was taken from the dismissal within the time required, it was held that jurisdiction over the creditor's claim for relief or redress in the bankruptcy court became moot, and thus any and all further efforts of the creditor for relief arising out of that bankruptcy are unavailing. The same situation applies here, in that Respondents failed to properly object to or appeal from the dismissal of their claims in the bankruptcy court, thus making any order purporting to resurrect their claims a legal nullity.

Further, reopening the terminated adversary proceeding for Respondents serves no bankruptcy purpose. They, the moving party, bear the burden to establish good cause and basis to reopen. Not only was the motion untimely but it was brought for the inappropriate purpose of fashioning new relief in contravention of

the dismissals in the action in which they sought relief. In this regard, while it should be noted that bankruptcy courts enjoy broad equitable powers, these powers may only be exercised in aid of their jurisdiction and not to "create substantive rights that are otherwise unavailable under applicable law, nor "constitute a roving commission to do equity." See *United States v. Sutton*, 786 F. 2d 1305, 1308 (5th Cir. 1986).

Once again, near the end of the February 2021 hearing, the court stated it lacked subject matter jurisdiction over the adversary proceeding, but shortly thereafter contradicted itself, stating: "The motion is granted. the case is reopened." (AA 699) This conclusion of the court is void and of no force or effect. See *Morongo Band of Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) [vacating judgment rendered by a court that lacked jurisdiction]; see also *Watts v. Pinckney*, 752 F.2d 406, 409-10 (9th Cir. 1985) [upholding a court having, upon direct and timely attack by a party to the action, set aside its own prior judgment because on appeal it was held to have lacked jurisdiction to issue the judgment]. Simply put, the court could not reopen a dismissed proceeding and could not remand it because at the point at which it purported to act it no longer had jurisdiction to deal with the claims of the parties.

The Court relied upon *In Re Enron,* 296 B.R. 505 (C.D. Cal. 2003) (AA 696), but it is distinguishable because the remand at issue in that case was in the context of a bankruptcy case that was then still open. Appellants also point out that

28 U.S.C. 1452 states that when the court has jurisdiction it can exercise discretion. By extension, once final judgment (in this case dismissal) occurs, it is too late to request remand. As the statutory framework and relevant case law demonstrate, a final judgment did occur in this case, and the bankruptcy court was powerless to rule any further on the respective claims of the parties (other than interpreting orders entered prior to the dismissal that granted relief or determined rights of the parties, which is not the case here - see discussion below).

The court also asserted a decision to abstain under *In Re Tucson* (AA 696:15). Again reliance is based on the erroneous assumption that the court somehow retained jurisdiction over the dismissed proceedings whereas, if the court had any jurisdiction at all, it was very narrow and limited:

> "Under the law of this circuit, the bankruptcy court retains subject matter jurisdiction to *interpret* orders entered prior to dismissal of the underlying bankruptcy case, *In re Franklin (Beneficial Trust Deeds v. Franklin),* 802 F.2d 324, 326-27 (9th Cir.1986). [bankruptcy court continuing jurisdiction found because the moving party sought only an interpretation of the bankruptcy court's prior order allowing sale of debtor's property rather than new relief] The bankruptcy court does not have jurisdiction, however, to grant new relief independent of its prior rulings once the underlying action has been dismissed. *See In re Income Property Builders, Inc. (Armel Laminates, Inc. v. Lomas & Nettleton Co.),* 699 F.2d 963, 964 (9th Cir.1982)."

The proceeding was already dismissed. There was nothing to reopen and no case to remand for Respondents who never answered in the bankruptcy court, did not oppose the notice of dismissal and did not file a timely appeal or motion for reconsideration to set aside the dismissal.

**The Court Erred In Stating There Was No Final Order On The Adversary Proceeding. Dismissal Under 7041 Is A Final Order.**

Contrary to the court's assertions at the hearing on the motion in question here, dismissal of a case under 7041 is a legitimate adjudication based on law, and is a final disposition binding on the parties. But in the hearing, the court stated that:

> EVENTUALLY, ISHA DEEN'S BANKRUPTCY WAS DISMISSED AND THAT LEADS TO THE ADVERSARY PROCEEDING BEING CLOSED; NOT RULED UPON, JUST CLOSED AND SHUT DOWN.

Case law holds that:

> "The dismissal of an action, even when it is without prejudice, is a final order. *Ash v. Cvetcov*, 739 F.2d 493, 496 (9th Cir. 1984), cert. denied, 470 U.S. 1007 (1985)." *De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998).

Despite the legitimate dismissal of the case by operation of the court's own written rules, the court asserted that the dismissal "closed" (AA 680, 682, 686, 687, 697), "blocked" (AA 697), "bottled up" (AA 683, 686, 697), the case, "kept [it] from decision" and even equated dismissal with a "procedural snafu" (AA 697).

The notion that the case was "bottled up" as posited by Respondents and the bankruptcy court was therefore erroneous. The adversary proceeding was dismissed according to established rules and became final. If final orders in cases were regularly subject to such challenges such as the one brought by Respondents in the bankruptcy court, there would never be finality or end to litigation. Even if the court had jurisdiction by way of a timely and proper motion prior to the final termination of the bankruptcy and thus had discretion to reopen the case (not the

case here), it would not have been proper to exercise this discretion when "the Court does not have jurisdiction over the business to be conducted in the reopened case." See *Matter of Hanks*, 182 B.R. 930 (Bankr. N.D. Ga. 1995).

Here, not only did Respondents fail to take any action while the case remained open, but even if they had, the court would have been duty bound to decline to exercise discretion to reopen the case because the court lacked any jurisdiction over the underlying claims which Respondents are seeking to vindicate. Respondents confused statutory dismissal (applicable in this case), with the administrative closure process used by file clerks (not the case with the dismissals in question here) and cobbled that into a request for "equitable relief" that was and remains entirely inappropriate under the rules and procedures of the bankruptcy courts. Further in the bankruptcy court, there was considerable confusion between the court and Respondent about the existence of a final order, either in this or the underlying case. Respondent stated to the court: "A JUDGMENT WAS ISSUED ALREADY, WHICH HAS BEEN ENFORCED FOR THREE YEARS NOW." This was an inaccurate and misleading statement in that, as noted previously, the Court of Appeal by that time had already determined that said judgment lacked finality (AA 202) and Appellant also clarified this point in the hearing (AA 694:14-23).

Rule 7041 of the FRBP states in part: "Rule 41 F.R.Civ.P. applies in adversary proceedings." Federal Rule of Bankruptcy Procedure 7041, governs the

voluntary dismissal of adversary proceedings. The language of Rule 7041-2(a) derives from this statute, saying that upon dismissal of a bankruptcy case, "any pending related adversary proceeding within which a final judgment has not been entered may be dismissed without prejudice and without further order of the Court." In this regard, dismissal under 7041 is self-executing.

Further, pursuant to the District and Appellate Courts, there is no bargain, condition or compromise contemplated by any motion, authorization, opposition, objection, or other procedure under the applicable statutes and rules that can resurrect the matter. See *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963) [holding that "[s]o long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk… and there is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play"].

In short, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is no longer any case or controversy "with respect to issues directly involving the reorganization of the estate." See *Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 215 (8th Cir. 1992).

As noted previously, the burden of establishing subject matter jurisdiction rests squarely on Respondents - see *McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 182-83 (1936) - and clearly Respondents did not meet such burden inasmuch as Respondents' moving papers did not address the issue in any way.

**B. RESPONDENTS, WHO WERE DEFENDANTS IN THE ADVERSARY PROCEEDING DISMISSED UNDER RULE 7041-2, DID NOT OBJECT TO THE DISMISSAL OR APPEAL THEREFROM AND DID NOT HAVE A RIGHT BE HEARD ANY FURTHER AT THE BANKRUPTCY COURT.**

Respondents' theory for seeking the relief granted rested on the erroneous assumptions that the Bankruptcy court was the proper court to determine the effect of the dismissals and that the court had somehow retained jurisdiction to address their claims.

Appellants opposed Respondents on their filing under Rule 5010 and the Court agreed, finding that Respondents' motion to reopen under Rule 5010 was not correct:

> 5010 IS NOT THE CORRECT ORDER -- RULE TO OPEN THE CASE... THAT'S FOR REOPENING A BANKRUPTCY CASE, NOT REOPENING AN ADVERSARY PROCEEDING. THEY'RE TWO TOTALLY DIFFERENT THINGS. (AA 687:9-18).

After stating that 5010 was improper, the court stated on the record:

> THE MOTION IS GRANTED. THE CASE IS REOPENED. (AA 699:6)

The court granted both "requests" for Respondents in the same hearing (AA 699:6-7). Appellant was not given notice of any other statute to which to tailor an argument, violating due process rights of Appellants who relied on court rules and procedures. Appellant inquire further about what the court considered proper grounds and requested the opportunity to furnish additional briefing on this topic.

> YOUR HONOR, I DID MY BEST TO RESPOND TO THE MOTION. IF THERE IS ANY OTHER GROUNDS, I WOULD LIKE AN

ADDITIONAL BRIEF ON THIS ISSUE. (AA 688:22-24).

Respondents raised and the court considered numerous new arguments after the lodging of their motion (AA 240) which were not plead in their motion, including issues with the notice of dismissal, hearings allegedly restarted at the state court, right to jury trial, issues with access to the state court during a 2 month closure from approximately March 17 to May 22, 2020[2], remand, allegations by Respondents of administrative errors by the court, and statutes of limitations. The court, in fact, raised arguments in favor of Respondents that Respondents did not themselves raise in their paperwork or in the hearing including involvement of numerous non-debtor parties, abstention, remand and grounds offered for each. Appellant again repeated her request for additional opportunity to brief on the new issues at the end of the hearing:

> NONE OF THESE WERE MENTIONED IN THEIR MOTION. IF THOSE WERE THE REASONS FOR THEM TO REOPEN AND REMAND, I DESERVED A LEGAL NOTICE AND A PROPER DUE PROCESS AND OPPORTUNITY TO RESPOND TO IT RATHER THAN HAVING IT BEING HEARD IN A HEARING LIKE THIS.

The Court ignored the request for further briefing.

FRBP 5010 and §350(b) of the bankruptcy code are inapplicable for reopening an adversary proceeding. FRBP 5010 states: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."

[2] As these issues were not briefed, Appellants did not have an opportunity to respond or provide supporting evidence. See May 22, 2020 "News Release" posted in the "Information Regarding Coronavirus (COVID-19) and Court Operations" section of the State court home page at sdcourt.ca.gov.

However, a case cannot be reopened under 350(b) that was not closed under 350(a). "A case cannot be reopened unless it was closed pursuant to section 350(a) after it has been administered; [t]herefore, a dismissed case [can] not be reopened under section 350(b)." *3 Collier On Bankruptcy* ¶ 350.03 (16th ed. rev. 2011). See also *In re Ray*, 624 F. 3d 1124 (9th Cir. 2010) [holding that the bankruptcy court lacked jurisdiction over state law breach of contract claims] and *In re Valdez Fisheries*, 439 F.3d 545 (9th Cir. 2006) [holding that, where there was no confirmed plan, the bankruptcy court had "no role in the resolution of the creditors' dispute"). In this case, as was found by the United States Court of Appeals in the *In re Ray* case, the bankruptcy court is not the proper court to exercise jurisdiction over such matters (See *In Re Ray*, 624 F. 3d at 1136).

**C. <u>THE BANKRUPTCY COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO APPLY THE PROPER PROCEDURE AND ANALYSIS WHEN IT GRANTED A MOTION TO REOPEN AN ADVERSARY PROCEEDING, 10 MONTHS AFTER IT WAS DISMISSED</u>**

Given that only a motion to reopen was submitted by Respondents, Appellant scheduled a hearing only for opposition to the motion to reopen (AA 603). During a phone call with the department's chamber clerk in December 2020, Appellant in pro se was advised that, if the case is reopened, only then will a date for a motion for remand be set and heard in a separate hearing, whereas in the hearing on February 10, 2021 the court granted a "double-request" for reopening and remanding the dismissed adversary proceeding.

The underlying statute relied on by the court remains unknown. For the sake of argument, even if one considers Rule 60, an examination of Rule 60(b) reveals again the erroneous nature of the assumptions upon which Respondents thought it appropriate to make a motion to reopen, in that again Rule 60(b) assumes that the court has subject matter jurisdiction over the parties involved and cannot be used to create jurisdiction where none exists. Further, it has been held that Rule 60(b)(6) should only be applied in extraordinary circumstances because there exists a compelling interest in the finality of judgments. *Schanen v. United States Dept. Of Justice,*762 F.2d 805, 807 (9th Cir. 1985), *reaff'd as modified,* 798 F.2d 348 (9th Cir. 1986). The moving party must demonstrate extraordinary circumstances. *Straw v. Bowen,* 866 F.2d 1167, 1172 (9th Cir. 1989). Respondents failed on this point.

Respondents' purported motion cited "procedural/administrative error" as the reason for the request. Issues related to judicial error are for appeal and cannot be raised under Rule 60. See *CSU, L.L.C. v. Xerox Corp.,* 202 F.R.D. 275 (D.Kan. 2001) (Claims of judicial mistake, both of law and of fact, cannot be raised in a Rule 60(b)(1) motion unless such motion is filed by the deadline for filing a notice of appeal). The date for appeal expired 14 days after the ruling in April 2020. The Seventh Circuit has held that "Rule 60 is not a vehicle for correcting putative legal errors in an underlying judgment.... The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Curry v. Advocate Bethany Hospital*, 352 Fed.Appx. 88,

91 (7th Cir.2009). Rule 60(b) says:

> Rule 60(b) “provides that a party may seek relief from judgment for certain reasons, including: "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). To prevail on a Rule 60(b) motion, the movant must demonstrate: (1) timeliness, (2) exceptional circumstances justifying relief, and (3) the absence of unfair prejudice to the opposing party. *See Teamsters, Chauffeurs, Warehousemen Helpers Union, Local No. 59 v. Superline Transp. Co.,*953 F.2d 17, 20 (1st Cir. 1992). (*See Gonzalez*, 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008)

Respondents never alleged any of the other subparts of Rule 60. The six subdivisions of Rule 60(b) are mutually exclusive, so relief cannot be sought under 60(b)(6) based upon any of the specific grounds enumerated in Rule 60(b)(1)-(5). “Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder only in “extraordinary circumstances” and only when such action is necessary to accomplish justice.” (*Klapprott v. United States*, 335 U.S. 601 (1949); *Ackermann v. United States*, 340 U.S. 193 (1950)); see also *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); Liljeberg, 486 U.S. at 863 (Rule 60(b)(6) “should only be applied in ‘extraordinary circumstances’”); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)). Case law holds that timing and exceptional circumstances are determinative:

> The Ninth Circuit has specified that since there exists a compelling interest in the finality of judgments, Rule 60(b)(6) motions can be granted only under extraordinary circumstances. *Schanen v. United States Dept. Of Justice,*762 F.2d 805, 807 (9th Cir. 1985), *reaff'd as modified,*798 F.2d 348 (9th Cir. 1986). The moving party must demonstrate extraordinary circumstances . *Straw v. Bowen,*866 F.2d 1167, 1172 (9th Cir. 1989). *(In re Hammer*, 112 B.R. 341, 346 (B.A.P. 9th Cir. 1990))

> "A motion to reopen under Rule 60(b), as made applicable to bankruptcy proceedings through Bankruptcy Rule 9024, was denied because it was not filed within a reasonable time; furthermore, debtor offered no plausible, reasonable explanation or excuse for the three-month delay in filing to vacate the dismissal order." See *In Re Garcia*, 115 B.R. at 171*; (In re Archer*, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001)).

In this case, Respondents' tardiness was unreasonable (AA 697:13), and they provided no explanation but rather sought to place blame on a procedural error of the court without articulating any exceptional circumstances excusing their delay. In fact, Respondents shifted position throughout the duration of this motion. At first Respondents claimed they did not "receive" the notice (AA 248:16) but offered no evidence or declaration to support that. They changed their tune after Appellant's opposition was served on Respondent, proving with evidence (AA 504-505) that they were served on the notice. Subsequently, during the hearing, they claimed they did not "see" the notice of dismissal until later:

> WE WERE -- WE DID NOT SEE THE NOTICE THAT WAS SENT OUT; WE HAD NOT SEEN THAT. AND LATER ON WHEN IT DID -- WE WERE -- DID LEARN ABOUT IT, IT WAS NOT CLEAR THAT IT WOULD BE IMPACTING OUR CAUSES OF ACTION IN THE STATE COURT. (AA 683:6-7)

See *In re Nations First Capital, L.L.C.* (May 14, 2021, No. 20-60037) [nonpub. opn.] [holding Rule 60(b)(1) relief was properly denied where the moving party relied upon counsel's bare assertions that he did not see and doubts that his office received the notice in question].

**<u>Respondents' Claims are Unmeritorious and Prejudice against Appellant Exists</u>**

Respondents have failed to even allege, much less establish, the requisite "extraordinary circumstances" justifying relief and there are no extraordinary circumstances for missing deadlines, especially when the claims of Respondents are non-meritorious and rely on a fraudulent deed and the existence of "Punjabi culture" within the family in question (which the state court has overlooked, thus Respondents' motivation to go back to that court) (AA 288:11-290:10).

There is no valid legal dispute over title between the family as described in the opposition with the declarations attached. Respondents have devised disputes by forging documents for years to vex and harass Appellants. See document examiner Beth Chrismen reports (AA 546-582) and Declaration of Notary Paty Marquez (AA 541-542) in which Sana Deen impersonated Isha Deen and succeeded in getting a Grant Deed to Appellants property notarized to *create a dispute over title*. As stated in Appellants' Opposition (AA 275), "The courts of law are not the right forum for this sibling-rivalry dispute. See Exhibit 20 of attached Declaration of Isha Deen for three declarations regarding this dispute from: Attorney Cliff Schneider, prior attorney on the underlying civil case; Attorney Alex Llorente who has known this family since 2009 prior to this dispute and was involved in the purchase of Appellants' property … and a declaration from Sana Deen herself in support of Appellants prior to this dispute, who in Paragraph 17 of her declaration praises Plaintiffs as follows: "Isha and Kevin are

very likeable, hard working, moral, and exemplary citizens." (AA 295:23-296:4, 595-602). The Bankruptcy court did not take the time to understand that Respondents made the very same claims in 7 different lawsuits before multiple courts who have dismissed their claims with prejudice on the merits. See Attorney Bob Bright letter to the District Attorney (AA 530-544). Respondents are at this time merely forum shopping (AA 291-293) by requesting to remand instead of refiling their claims in a court of appropriate jurisdiction, if they had a legitimate legal dispute.

The dismissal of the adversary proceeding without prejudice causes no prejudice to the parties whereas the court's order reopening the action does cause prejudice to the opposing party, as it is stated on page 11 (AA 285:14-16) as Appellants "have taken irreversible, irrevocable steps and actions in their lives" and rights have vested.

There were numerous issues of prejudice raised by Appellant during the hearing (AA 684:5-25, 688:5-25) and in written opposition filed on January 4, 2021 (AA 285:3-296:19) which were overlooked by the court, including damage claims against Appellants' prior attorney in related adversary proceeding 19-90150, which were also concurrently dismissed in April 2020 and the two adversary proceedings are intertwined. Appellants were gradually reducing debt as there were no more litigation costs. In addition, Appellants have long ago released their counsel who was fully paid. The court responded to only one of them -- the

least consequential of the three, proposing it should not be difficult to retain new counsel.

While the bankruptcy court in this case thus purported to provide respondents with a legal right (by way of purported remand) to proceed in state court with Respondents' dismissed claims, it did not address any of the other parties' rights with respect to the other adversary proceedings in the bankruptcy, which it goes without saying was and is prejudicial to Appellants and the other parties in those adversarial proceedings (who, according to the court's own reasoning, had their claims "bottled up" in bankruptcy court). This cannot stand. As was stated in *Watson v. Sutro* (1890) 86 Cal. 500, 529, "[e]quity will not permit litigation by piecemeal, but will determine the whole controversy, so as to prevent future litigation (citing *Irwin v. Phillips*, 5 Cal. 144). Thus, even if the court somehow had jurisdiction in this case, it perpetuated reversible error by determining only one of the parties' rights and ignoring the others, allowing the Respondents a seemingly exclusive right to continue what can only be described as abuse of the legal process to intimidate and ultimately seek to control their daughter/sister. Appellants acted in good faith to settle a family dispute, end all litigation after 5 years and 11 lawsuits originating from the same dispute in 2016 and relied on court rules and orders for certainty and finality. All litigation must come to an end. In this situation, litigation *has* ended.

In the hearing, the court states "THE COURT HAS TO LOOK TO THE

PREJUDICE TO BOTH SIDES.") (AA 698:2). Again, the court had no jurisdiction to even get to the point of analyzing prejudice and even if it did, the rule under 60(b) states that there must be "an absence of unfair prejudice to the opposing party" <u>not</u> the moving party. Evaluating under this standard, the court established there is certain and known prejudice to Appellant, whereas the court cited *uncertain* prejudice to Respondents (AA 698:16-17), stating: "THE STATUTE OF LIMITATIONS MAY POTENTIALLY HAVE BEEN TOLLED AS WELL; I CAN'T BE CERTAIN." But that just shows how any exercise of jurisdiction by the court at that point in the proceedings was "an exercise in futility" as such matters are issues of state law only. Nevertheless in purporting to grant remand the court did not respond to Appellant's request for further briefing for the preservation of due process (AA 694:4-13, 688:22-25). Further briefing would have addressed prejudice in detail as to Appellants divested interest in assets and transferred ownership. The evidence has also spoiled, deadlines to recover financial documents have expired, a key witness for Appellants (brother of Chodry Deen) untimely passed away last year, claims related to the dismissed action have also been dismissed. These issues cause real prejudice to Appellants, whereas statutes of limitation on a legitimate quiet title dispute causes no prejudice as quiet title has no statute of limitations and the court erred in the application of law and fact-finding.

The court also claimed that it caused confusion with its notice to

Respondents regarding the 5010 motion (AA 687:9-11). The court cannot accept the blame or grant any relief for this as the notice was not related to the dismissal; it was related to events that took place 8 months *after* Respondents missed their deadline to reopen the adversary proceeding. In making that argument, the court again erroneously assumed that it had some form of continuing equitable jurisdiction, which it did not.

On the contrary, what occurred here is that, on December 10, 2020, Respondents filed Form 1489 "Motion to Reopen Case" pursuant to FRBP 5010. Respondents' did not meet any of the preprinted options on the form and provided their reason under "For other purpose as stated below":

> Request for Remand to State Ct (of Cross-Complaint in State case:37-2016-00022636) in Adv# 19-90151-CL (see next Dkt#) for equitable relief§1452(b) & to correct procedural/administrative error. Adversary was closed before Remand could be heard. Remand needed to pursue due process rights in State Ct. Dkt 19(&18) requires correction of error, per clerk case closed&provided 5010to reopen. (sic[3]) (AA 272).

Local Bankruptcy Rule 5010-1 states:

> A motion to reopen a closed bankruptcy case must comply with LBR 9013-7 and be accompanied by Local Form CSD 1182, Proof of Service on all parties affected by the motion to reopen, and the appropriate Fee.

Respondents failed to meet the requirements as there was no service on all affected parties (AA 274) and no fee was paid.

Further, it should be noted that Local Bankruptcy Rule 9013-4 states:

[3] It is emphasized that the text reproduced here is verbatim as provided by Respondents on the form.

"Certain motions require a notice of hearing in every instance (LBR 9013-4(a))" and includes "(19) motion for remand." Rule 9027-3 reads: "A motion for remand under FRBP 9027(d) must be filed with the Clerk." Respondents failed to meet the requirements as no motion to remand was filed with the clerk and no notice or hearing was scheduled.

In their paperwork Respondents complain about alleged anomalies at the hands of both the court and Appellants - even that their planned motions were never heard: It is well established that a party must (1) make its objections known at the earliest possible opportunity, and (2) give the district court a fair opportunity to correct the problem (*United States v. Johnson*, 396 F.3d 902, 904 (7th Cir. 2005) ["The reason for requiring contemporaneous objections is to assure that district judges have the opportunity to correct errors when they occur. Similarly, "[i]nattentiveness to the litigation is not excusable... Missing a filing deadline because of slumber is fatal" *Matter of Plunkett,* 82 F.3d 738, 742 (7th Cir.1996). Mere inattention or failure to prosecute is not a basis to reopen a case that has been dismissed so long ago and which had the effect of eliminating the court's jurisdiction. Deadlines matter. In 2014, an appeal of a case between brothers over a house came before Hon. Judge Christopher Latham, the judge presiding over the instant case, in which he and the appeal panel ruled that even one day beyond a deadline is too late:

"The FAC had to be filed by July 29. It was not filed until July 30…

> Accordingly, the bankruptcy court did not err in striking the FAC as untimely." *Kvassay v. Kvassay (In re Kvassay),* BAP No. CC-13-1418-KiLaPa (B.A.P. 9th Cir. May. 30, 2014)[4]

The court also found the Respondents were late and considered:

> "WHETHER OR NOT THERE WAS AN UNREASONABLE DELAY. HERE, THE DELAY IS RATHER LONG ... WHY DID IT TAKE A YEAR?" (AA 697:11-17).

The court concluded and cited as partial justification, without any evidence or testimony from Respondents, that "The state court resumed hearings in the matter, it appears, which is baffling." Respondent's provided no evidence. Appellant clearly informed the court in opposition and even during the hearing that the state court was not issuing orders, and that the state court had designated the case "Removed to the Federal Court" (AA 695:19-20, AA 278:8-10, AA 454). Respondents' position isn't based on reasoning. If Respondents believed their case had moved back to State court in April 2020, why would their own attorney file a Notice of Termination of Stay in September 2020? The hearing they are alluding to is a status conference that was scheduled before the case was removed and continued during the early months of the pandemic.[5]

The court stated in the February 10, 2021 hearing that the Federal Bankruptcy court never closed during the COVID pandemic (AA 683:5-8) and

[4] This case was marked inappropriate for publication. However, it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1); it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[5] Again, this was not plead in motion and Appellants were not provided an opportunity to brief on this with evidence.

there was no limitation on access to the court. Respondents claim the court made a procedural error when it dismissed the case before hearing their motion to remand, which Respondents claim was scheduled for "May 2020" (AA 682:14-15). There is no entry in the docket of any such hearing (AA 710-718).

Respondents claimed to be unaware of the deadline but did not describe the circumstances or provide a sworn declaration. The court docket clearly shows they were served by the court clerk (AA 214). Respondents are represented by counsel in the now-dismissed state case who purported, in September of 2020, to file a Notice of Termination of Stay that included a copy of the notices of dismissal (AA 498-506) (whereas no party ever sought let alone obtained relief from stay) and who specially appeared in bankruptcy court hearings for Respondents on several occasions, including the 341 trustee meeting on December 6, 2020 and a hearing on January 15, 2021.

**The Court Did Not Uphold Procedure, Did Not Conduct a Proper Analysis of the Implications of Reopening and Performed an Exercise in Futility by Remanding a Case Over Which it Had No Jurisdiction**

The court undertook to reopen the dismissed proceeding for the purpose of remanding it, which is a futile exercise. The proceeding was dismissed without prejudice and there was nothing here to remand except a dismissed action. Even had the proceeding not been dismissed, it still could not be remanded due to the failure to meet deadlines specified in FRBP 9027 and 1447.

> [I]t must be borne in mind that re-opening defeats one of the major purposes of the Bankruptcy Act ... Re-opening removes the element of certainty ... It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause." *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962).

Neither Respondents nor the bankruptcy court showed any compelling cause to reopen that case. The matter was dismissed without prejudice. The considerations relating to the statutes of limitations (including any tolling thereof) on the claims dismissed simply are not cause or justification for reopening a case that was dismissed by the debtor.

It should also be pointed out that Respondents, who were also creditors in the dismissed underlying bankruptcy case, filed a proof of claim giving jurisdiction to the bankruptcy court to resolve their claims against Appellants. They also filed their own adversary proceeding, 20-90007-CL, in which Respondents incorporated all their State Court causes of action (AA 723-725) and this was also dismissed in April 2020. Respondents took no action whatsoever to address the dismissals or appeal from any of them. These dismissals preclude Respondents from bringing these claims again in the bankruptcy court or the previous state court from which it was removed since no remand occurred and the bankruptcy courts no longer have the power to remand back to the state court. All of the dismissals were served by the court and properly noticed (AA 212, 214, 307, 496).

Appellees in this case neither alleged nor can show any defects in the process under the bankruptcy statutes, rules and case law, and therefore even upon

timely and proper motion in the bankruptcy court for relief, they would not be entitled to such relief. Appellees here simply failed to pursue their rights, and the record here shows a failure to assert rights, and not any defect in process. See *In re Blendheim*, 803 F.3d 477 (9th Cir. 2015) [creditor that filed a proof of claim in the Chapter 13 bankruptcy to which the debtor objected and the creditor failed to respond that waited over a year and a half to move to set aside the disallowance order was not entitled to such relief].

Finally, as previously stated, even though the court lacked jurisdiction and could not assume jurisdiction in this case, the bankruptcy court nevertheless sought to apply the rules regarding remand even though the time for any possible action in that regard had long since passed and the bankruptcy proceedings had been fully and finally dismissed. In thus applying the wrong rules to the request made by Respondents, an abuse of discretion occurred which must be corrected by ordering the bankruptcy court to vacate its purported order to reopen and remand.

## CONCLUSION

Appellants request the honorable court reverse the bankruptcy court and direct the trial court to vacate the order entered on February 12, 2021.

Respectfully Submitted,

Dated this 6th day of August, 2021

/s/ Todd Beld .
Attorney for Appellant
California SBN 123005

**CERTIFICATION OF INTERESTED PARTIES**

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

1. Chodry Deen
2. Sana Deen
3. Sidrah Deen
4. Isha Deen
5. Kevin Khwaja

**CERTIFICATION REGARDING RELATED CASES**

BAP DOCKET NUMBER SC-21-1035
Bankruptcy Case No. 19-05815-CL13
[CHAPTER 13]
In re ISHA DEEN

The undersigned certifies that the following are known related cases and appeals:

19-90150-CL
20-90007-CL
BAP Docket Number SC-21-1035
Bankruptcy Case No. 19-05815-CL13

Dated: August 6, 2021

By: /s/ Todd Beld .
Attorney for Appellant
California SBN 123005

## CERTIFICATE OF COMPLIANCE

Federal Rule of Bankruptcy Procedure 8015(a)(7)

Pursuant to Federal Rule of Bankruptcy Procedure 8015(a)(7), the undersigned certifies that the Appellant's Opening Brief complies with the type-volume limitation and that the Appellant's Opening Brief contains 8640 words (excluding the cover page, tables, signature blocks and required certificates) as counted by the computer program used to prepare the Opening Brief.

**Case No. SC-21-1035**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re ISHA DEEN

*Debtor*

KEVIN KHWAJA, ISHA DEEN

*Appellants*, *Plaintiffs*

v.

CHODRY DEEN, SANA DEEN, SIDRAH DEEN

*Appellees, Defendants*

On Appeal from the Bankruptcy Court for the Southern District of California, San Diego, Bankruptcy Case No. 19-05815-CL13

Adversary Proceeding. No. 19-90151-CL

**TABLE OF CONTENTS FOR
APPELLANT'S APPENDIX AND TRANSCRIPT**

TODD DANIEL BELD
ATTORNEY AT LAW
1 LEAGUE, #60804
IRVINE, CALIFORNIA 92602
(949) 474-0994
E-MAIL toddbeld@msn.com
Attorney For Appellant

## TABLE OF CONTENTS


| # | Date | Docket# | Description | Page Number |
|---|---|---|---|---|
| 1 | 12/26/19 | 1 | Notice of Removal of Case from Superior Court | AA 001 - 007 |
| 2 | 12/26/19 | 1-1 | Notice of Removal Exhibits 1 - 6 | AA 008 - 202 |
| 3 | 12/26/19 | 2 | Adversary Proceeding Cover Sheet | AA 203 - 204 |
| 4 | 12/30/19 | 5 | Summons | AA 205 - 206 |
| 5 | 1/29/20 | 7 | Stipulation to Extend Deadline | AA 207 - 208 |
| 6 | 3/30/20 | 10 | Stipulation to Extend Deadline | AA 209 - 210 |
| 7 | 4/10/20 | 15 | Notice to Parties Pursuant to Local Bankruptcy Rule 7041-2 | AA 211 - 211 |
| 8 | 4/10/20 | 15-1 | Notice to Parties LBR 7041-2: Notice Recipients | AA 212 - 212 |
| 9 | 4/10/20 | 16 | Notice To Parties Pursuant To Local Bankruptcy Rule 7041–2 | AA 213 - 214 |
| 10 | 11/16/20 | 18 | Defendants' Request for Remand to State Court and Order For Remand | AA 215 - 235 |
| 11 | 11/17/20 | 19 | Notice to Filer of Errors and/or Deficiencies in Documents | AA 236 - 236 |
| 12 | 11/17/20 | 19-1 | Notice To Filer Of Errors And/Or Deficiencies in Documents - Notice Recipients | AA 237 - 237 |
| 13 | 11/17/20 | 20 | Notice To Filer Of Errors And/Or Deficiencies in Documents BNC Court Certificate of Notice | AA 238 - 239 |
| 14 | 12/10/20 | 21 | Motion to Reopen Case | AA 240 - 240 |
| 15 | 12/10/20 | 22 | Notice of Motion for Reopening Case | AA 241 - 243 |
| 16 | 12/10/20 | 23 | Defendants' Request for Remand to State Court | AA 244 - 271 |
| 17 | 12/10/20 | 24 | Amended Notice of Motion for Reopening Case | AA 272 - 274 |
| 18 | 1/4/21 | 26 | Opposition to Defendants' Motion to Reopen Part 1 of 7 | AA 275 - 315 |
| 19 | 1/4/21 | 26-1 | Opposition to Defendants' Motion to Reopen Part 2 of 7 | AA 316 - 365 |
| 20 | 1/4/21 | 26-2 | Opposition to Defendants' Motion to Reopen Part 3 of 7 | AA 366 - 406 |
| 21 | 1/4/21 | 26-3 | Opposition to Defendants' Motion to Reopen Part 4 of 7 | AA 407 - 446 |
| 22 | 1/4/21 | 26-4 | Opposition to Defendants' Motion to Reopen Part 5 of 7 | AA 447 - 496 |
| 23 | 1/4/21 | 26-6 | Opposition to Defendants' Motion to Reopen Part 6 of 7 | AA 497 - 544 |
| 24 | 1/4/21 | 26-5 | Opposition to Defendants' Motion to Reopen Part 7 of 7 | AA 545 - 602 |
| 25 | 1/4/21 | 27 | Request and Notice of Hearing | AA 603 - 605 |
| 26 | 1/11/21 | 28 | Reply to Plaintiff's Opposition to Motion to Reopen | AA 606 - 616 |
| 27 | 2/9/21 | 29 | Proof of Service filed by Chodry Deen | AA 617 - 618 |
| 28 | 2/10/21 | 30 | Minute Order | AA 619 - 619 |
| 29 | 2/12/21 | 31 | Order Reopening and Remanding Case to the State Court | AA 620 - 621 |
| 30 | 2/12/21 | 31-1 | Notice Recipients | AA 622 - 622 |

| | | | | |
|---|---|---|---|---|
| 31 | 2/12/21 | 32 | Order Reopening Adversary Proceeding | AA 623 - 625 |
| 32 | 2/19/21 | 34 | Motion to Stay/Vacate Order Pending Appeal | AA 626 - 644 |
| 33 | 2/19/21 | 35 | Notice of Hearing and Motion with Certificate of Service | AA 645 - 648 |
| 34 | 2/19/21 | 36 | Notice of Appeal | AA 649 - 652 |
| 35 | 2/21/21 | 44 | Notice of Appeal and Election | AA 653 - 656 |
| 36 | 2/23/21 | 45 | Motion for Leave For Appeal | AA 657 - 676 |
| 37 | 8/2/21 | 72 | Transcript of Hearing | AA 677 - 700 |
| 38 | 8/6/21 | | Docket Report 19-05815-CL13 | AA 701 - 709 |
| 39 | 8/6/21 | | Docket Report 19-90151-CL | AA 710 - 718 |
| 40 | 8/6/21 | | Docket Report 19-90150-CL | AA 719 - 722 |
| 41 | 8/6/21 | | Docket Report 20-90007-CL | AA 723 - 725 |
| 42 | 8/6/21 | | Associated Cases 19-05815-CL13 | AA 726 - 726 |
| 43 | 8/6/21 | | Deadline - Hearings 19-90151-CL | AA 727 - 727 |
| 44 | 8/6/21 | | History 19-90151-CL | AA 728 - 731 |